# EXHIBIT A

## PROPOSED ORDER

WEST\241153109.4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
Orchard Supply Hardware Stores Corporation, : Case No. 13-11565 (_____)
*et al.*,[1] :
: (Jointly Administered)
Debtors. :
: **Re: Dkt. No. ___**
---------------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTORS TO (A) PAY PRE-PETITION CLAIMS OF SHIPPERS, WAREHOUSEMEN AND FOREIGN INSPECTOR AND (B) SATISFY CUSTOM DUTIES IMPOSED ON SHIPMENTS FROM FOREIGN SUPPLIERS**

Upon the motion (the "Motion")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to pay certain pre-petition claims of Shippers, Warehousemen and Foreign Inspector and satisfy obligations related to Customs Duties; and the Court having considered the *Declaration of Chris D. Newman in Support of First Day Pleadings* (the "Newman Declaration"); and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and 1409; and notice of this Motion and opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given, and after due deliberation and sufficient cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on the terms set forth herein.

2. The Debtors are authorized, but not directed, to pay in the ordinary course of business certain pre-petition Shipping, Warehousing and Foreign Inspector charges in an amount not to exceed $700,000 in the aggregate, unless otherwise set forth in a further order, after notice and a hearing.

3. The Debtors are authorized, but not directed, to pay in the ordinary course of business, certain pre-petition Customs Duties, in an amount not to exceed $100,000 in the aggregate, unless otherwise set forth in a further order, after notice and a hearing.

4. In return for payment of the Shipping and Warehousing charges, the Debtors shall seek agreement from the Shippers and Warehousemen to provide services to the Debtors on Customary Trade Terms, or such other terms as may be agreed upon between the Debtors and such Shippers and Warehousemen.

5. Subject to the objection rights described herein, if any Shipper or Warehouseman accepts payment on account of a pre-petition obligation of the Debtors and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, or other trade terms agreed upon by the Debtors, absent an objection as described below, the Debtors reserve all rights to assert that such payments made were avoidable post-petition transfers under section 549 of the Bankruptcy Code and recoverable by the Debtors. In the event that the Debtors recover any such funds pursuant to the foregoing sentence, the claim of the Shipper or Warehouseman, as the case may be, shall be reinstated as a pre-petition claim in the amount so

recovered. The Debtors are hereby authorized, but not directed, to obtain written verification, before issuing payment to a Shipper or Warehouseman, that such Shipper or Warehouseman will, if relevant, continue to provide services to the Debtors on Customary Trade Terms, or other agreed upon trade terms, for the remaining term of the Shippers or Warehouseman's relationship with the Debtors; provided however, that the absence of such written verification will not limit the Debtors' rights hereunder.

6. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtors and any budget in connection therewith.

7. Nothing in this Order shall prohibit the Debtors from seeking Court authority to increase the pre-petition amounts authorized to be paid to the Shippers, Warehousemen and Foreign Inspector and for Customs Duties.

8. The Banks are hereby authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors pursuant to this Order, whether presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable amounts to make such payments.

9. The Banks are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order, without any further inquiry and without liability for following the Debtors' instructions.

WEST\241153109.4

10. Nothing herein shall impair the Debtors' ability to contest, without prejudice, the validity and amounts owing to the Shippers, Warehousemen and Foreign Inspector, or the validity and amount of the Customs Duties.

11. The Debtors and any other party-in-interest do not concede that any liens (contractual, common law, statutory, or otherwise), the obligations of which are paid pursuant to this Order, are valid, and the Debtors expressly reserve the right to contest the extent, validity, perfection, or possible avoidance of all such liens.

12. Nothing herein shall be deemed to constitute the post-petition assumption of any executory contracts between the Debtors and the Shippers, Warehousemen or Foreign Inspector

13. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

15. The requirements of Bankruptcy Rule 6004(a) are waived.

16. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

Dated: _____, 2013
       Wilmington, Delaware

                                                   _____
                                                   UNITED STATES BANKRUPTCY JUDGE