**<u>EXHIBIT C</u>**

**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------------x
                                                              :
In re:                                                        :  Chapter 11
                                                              :
Orchard Supply Hardware Stores Corporation,                   :  Case No. 13-11565 (_____)
et al.,[1]                                                    :
                                                              :  (Jointly Administered)
                Debtors.                                      :
                                                              :  Re: Dkt. No. ___
--------------------------------------------------------------x
```

**ORDER GRANTING MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER (A) APPROVING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM AND (B) EXTENDING THE DEADLINE TO COMPLY WITH THE DEPOSIT AND INVESTMENT REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE**

This matter coming before the Court for an order pursuant to sections 345, 363 and 503(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"):  (i) approving the Debtors' continued use of their current cash management system and the Debtors' existing bank accounts and business forms, (ii) authorizing the Debtors to open and close bank accounts, (iii) and allowing the Debtors a 60 day extension to comply with certain requirements of section 345(b) of the Bankruptcy Code and (iv) authorizing all banks participating in the Debtors' cash management system to honor certain transfers and charge bank fees and certain other amounts (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and the Newman Declaration and having

---

[1]    The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391).  The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to continue to maintain, operate and make transfers under the Cash Management System in the ordinary course of their business in the same manner and on the same basis as the Debtors implemented and maintained the same prior to the commencement of these chapter 11 cases.

3.      The Debtors are authorized to continue to use the Bank Accounts under their existing account numbers without interruption.

4.      The Banks are authorized to charge, and the Debtors are authorized to pay or honor, the Bank Fees related to the Bank Accounts, including any portion of any such fees attributable to the period prior to the Petition Date.  The Banks are also authorized to charge back returned items to the Bank Accounts in the normal course of business, whether such items are dated prior to, on or subsequent to the Petition Date.

- 2 -

5.      The Banks are authorized and directed to continue to service and administer the

Bank Accounts as accounts of the respective Debtor as a debtor-in-possession without

interruption and in the usual and ordinary course, and to receive, process and honor and pay any

and all checks, drafts, wires, or ACH Transfers drawn on the Bank Accounts after the Petition

Date by the holders or makers thereof, as the case may be.  Such Bank Accounts should be

renamed "debtor-in-possession" accounts with the Petition Date included in the account title.

The Banks are also authorized to waive any applicable requirement to establish separate accounts

for cash collateral and/or tax payments.  The Banks will not be liable to any party on account of:

(a) following the Debtors' instructions or representations as to any order of this Court; (b)

honoring any prepetition check or item in a good faith belief that the Court has authorized such

prepetition check or item to be honored; or (c) an innocent mistake made despite implementation

of reasonable item-handling procedures.

6.      Except for those checks, drafts, wires, or ACH Transfers that must be honored

and paid in order to comply with any order(s) of this Court authorizing payment of certain

prepetition claims, no checks, drafts, wires, or ACH Transfers issued on the Bank Accounts prior

to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

7.      The Debtors are authorized to continue to use their existing checks and other

business forms, which checks and business forms shall not be required to include the legend

"Debtor-in-Possession" or a debtor-in-possession case number; provided, however, that, if new

checks and business forms are ordered, such checks and business forms shall be required to

include the legend "Debtor-in-Possession" and a "debtor-in-possession case number."  Third-

party payroll and benefits administrators and providers are also authorized, but not directed, to

prepare and issue checks on behalf of the Debtors, subject to the provisions of this paragraph.

- 3 -

8.      Subject to the terms and conditions in this Order and any requirements imposed on the Debtors under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral, the Debtors may open additional bank accounts and close certain of the Bank Account(s) as they may deem necessary and appropriate, and the Banks are authorized to honor the Debtors' requests to open or close, as the case may be, any such Bank Accounts; provided, however, that the Debtors give notice within 15 days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases; provided, further, that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware; provided further that any new domestic account is established at a bank insured with the FDIC and is organized under the laws of the United States or any State therein and, in the case of accounts that may carry a balance exceeding the insurance limitations set thereby, already be included on the list of authorized bank depositories for the District of Delaware.  Subject to the foregoing, the Banks are authorized and directed to honor the Debtors' requests to open additional bank accounts and close certain of the Bank Account(s).

9.      The Debtors are granted an initial 60-day extension from the Petition Date to:  (a) comply with the requirements of Section 345 of the Bankruptcy Code or Local Rule 4001-3; (b) file a motion seeking authority to deviate from such requirements; or (c) file a motion seeking a further extension.

10.     The Debtors shall maintain accurate and detailed records of all transfers, including intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions and shall

- 4 -

make such records available to the Office of the United States Trustee for the District of Delaware upon request.

11.     For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, within 15 days of the date of entry of this Order the Debtors shall (a) contact each Bank, (b) provide each of the Debtors' employer identification numbers and (c) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a bankruptcy case.

12.     For Banks at which the Debtors hold Bank Accounts that are not a party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall use their good faith efforts to cause the Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within 45 days of the date of this Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

13.     Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtors and any budget in connection therewith.

14.     Bankruptcy Rule 6003(b) has been satisfied.

15.     The requirements of Bankruptcy Rule 6004(a) are hereby waived.

16.     Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order shall be immediately effective and enforceable upon its entry.

17.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

18.     The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.


Dated: _____, 2013
      Wilmington, Delaware

                                         _____
                                         United States Bankruptcy Judge

WEST\240606346.6