IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                                :
In re:                                                          :  Chapter 11
                                                                :
Orchard Supply Hardware Stores Corporation,                     :  Case No. 13-11565 (CSS)
et al.,[1]                                                      :
                                                                :  (Jointly Administered)
         Debtors.                                               :
                                                                :  **Re: Docket No. 5**
                                                                :
---------------------------------------------------------------x

### ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. §156(c) AUTHORIZING THE EMPLOYMENT AND RETENTION OF BMC GROUP, INC. AS CLAIMS AND NOTICING AGENT, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

This matter coming before the Court on the *Debtors' Application for Entry of an Order Pursuant to 28 U.S.C. § 156(c) Authorizing the Employment and Retention of BMC Group, Inc. as Claims and Noticing Agent, Effective Nunc Pro Tunc to the Petition Date* (the "Application"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' cases and (iii) provide such other administrative services, as required by the Debtors, that would fall within the purview of services to be provided by the Clerk's Office; the Court having reviewed the Application and the Feil Declaration and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Application and the Hearing was sufficient under the circumstances; and the Debtors having represented that they estimate that there are hundreds of creditors in these chapter 11 cases, many of which may file proofs of claim; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk's Office; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that BMC has the capability and experience to provide such services and that BMC does not hold an interest adverse to the Debtors or their estates respecting the matters upon which it is to be engaged; and after due deliberation, the Court having determined that the relief requested in the Application is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. Notwithstanding the terms of the Services Agreement attached to the Application, the Application is approved solely as set forth in this Order.

2. The Debtors are authorized to retain BMC effective *nunc pro tunc* to the Petition Date under the terms of the Services Agreement, and BMC is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these cases, and all related tasks, all as described in the Application (the "Claims and Noticing Services").

3. BMC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. BMC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

5. BMC is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate BMC in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by BMC and the rates charged for each, and to reimburse BMC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for BMC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses; provided, however that BMC shall provide the Debtors with a ten percent (10%) discount on all monthly invoices.

7. BMC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of BMC under this Order shall be an administrative expense of the Debtors' estates.

10. BMC may apply its retainer to all pre-petition invoices, which retainer shall be replenished to the original retainer amount, and thereafter, BMC may hold its retainer under the Services Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

11. The Debtors shall indemnify BMC under the terms of the Services Agreement.

12. BMC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court.

13. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify BMC, or provide contribution or reimbursement to BMC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from BMC's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of BMC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which BMC should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order.

14. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these cases, BMC believes that it is entitled to the payment of any amounts by the

Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, BMC must file an application therefore in this Court, and the Debtors may not pay any such amounts to BMC before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BMC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BMC. All parties in interest shall retain the right to object to any demand by BMC for indemnification, contribution or reimbursement.

15. In the event BMC is unable to provide the services set out in this order, BMC will immediately notify the Clerk's Office and counsel to the Debtors and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk's Office and counsel to the Debtors.

16. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by BMC but is not specifically authorized by this Order.

17. The Debtors and BMC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

18. Notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

19. BMC shall not cease providing claims processing services during the case(s) for any reason, including nonpayment, without an order of the Court.

20. In the event of any inconsistency between the Services Agreement, the Application and this Order, this Order shall govern.

Dated: June 18, 2013
      Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge