IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
Orchard Supply Hardware Stores Corporation, :   Case No. 13-11565 (CSS)
et al.,[1]                                   :
                                            :   (Jointly Administered)
            Debtors.                        :
                                            :   **Re:  Docket No. 13**
--------------------------------------------------------------x

## ORDER APPROVING AUCTION PROCEDURES, TIME, DATE
## AND PLACE OF THE AUCTION AND SALE HEARING AND RELATED RELIEF

Upon the *Emergency Motion of the Debtors and Debtors in Possession for Orders Approving Auction Procedures, Agency Agreement, Store Closing Sales and Related Relief* (the "Motion");[2] and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 201; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

---

[1]    The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391).  The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

IT IS HEREBY ORDERED:

1.      The procedural relief requested in the Motion is GRANTED.

2.      The following Auction Procedures are approved and shall govern the submission

and acceptance of competing bids at the Auction:

- The Debtors will cooperate and provide access to potential bidders who seek to conduct diligence (collectively, the "Potential Bidders").

- Within two (2) business days following the entry of the Procedures Order, the Debtors will serve the Auction and Store Closing Sales Notice (as defined below) on:  (i) the Office of the United States Trustee (the "US Trustee"); (ii) counsel to the DIP Lenders; (iii) counsel to any official committee(s) of unsecured creditors appointed by the US Trustee, (iv) those creditors holding the 20 largest unsecured claims against the Debtors' estates; (v) all parties known to be asserting a lien in the Debtors' Liquidation Assets in the Closing Stores; (vi) each of the Debtors' landlords; (vii) the California Attorney General; (viii) various federal and state tax and environmental authorities, including the Internal Revenue Service and the Environmental Protection Agency; (ix) all Potential Bidders; and (x) all entities entitled to notice pursuant to Local Rule 2002.

- Except with respect to the Stalking Horse Liquidator, prior to forming a joint venture between two or more Potential Bidders, the Potential Bidders must obtain prior written approval from the Debtors.

- In the event that a Potential Bidder other than the Stalking Horse Liquidator is selected as the Successful Bidder at the Auction and approved at the Sale Hearing as the Agent, then the Stalking Horse Liquidator shall be paid $300,000 (the "Break-up Fee").  In addition, such Successful Bidder shall be permitted to purchase from the Stalking Horse Liquidator, and the Stalking Horse Liquidator shall offer, signs ordered by the Stalking Horse Liquidator prior to the Auction at the Stalking Horse Liquidator's actual cost. Signage costs recovered by the Stalking Horse Liquidator shall reduce the Break-Up fee by such amount.

- On or before June 25, 2013 at 4:00 p.m. (Eastern) (the "Bid Deadline"), each Potential Bidder must submit a Qualified Bid (as defined below) to the following:  Orchard Supply Hardware Stores Corporation, 6450 Via Del Oro, San Jose, California 95119 (Attn: Michael W. Fox), with copies to their attorneys, counsel to the Debtors, DLA Piper LLP (US), 203 North LaSalle Street, Suite 1900, Chicago, Illinois 60601 (Attn:  Richard A. Chesley, Esq. and Chun I. Jang, Esq.) and 919 North Market Street, 15th Floor, Wilmington, Delaware 19801 (Attn:  Stuart M. Brown, Esq.) (the

"Bid Recipients").[3] The Debtors shall provide copies of the bids to the DIP Lenders.

- Bids must be unconditional and not contingent upon any event, including, without limitation, any additional due diligence investigation, inventory evaluation, or financing. Neither the Debtors, nor any of the other Bid Recipients shall be permitted to share the bids received among the bidders. All Bids are irrevocable until seven days after the Sale Hearing. Bids that meet the foregoing conditions shall be deemed "Qualified Bids," and bidders submitting Qualified Bids shall be deemed "Qualified Bidders."

- All proposed bids shall be based upon the terms and conditions of the Stalking Horse Agreement and shall be, at a minimum an 74% Guaranty Percentage.

- Bids must contain the information specified in the following paragraphs:

  (i)    To be considered by the Debtors as a Qualified Bid, such bid must (unless otherwise determined by the Debtors): (a) provide for consideration payable only in cash; (b) give sufficient indicia that the bidder or its representative is legally empowered, by power of attorney or otherwise, to both bid on behalf of the bidder and also to complete and sign, on behalf of the bidder, a binding and enforceable Agency Agreement; (c) provide written evidence of the bidder's ability to consummate the transaction; and (d) not contain any contingencies materially greater than what is in the Stalking Horse Agreement, including, but not limited to due diligence and financing contingencies.

  (ii)   Potential Bidders shall be required to complete and execute a confidentiality agreement. Upon execution of a confidentiality agreement, Debtors will provide reasonable access to due diligence material before the Auction.

  (iii)  Debtors will, in their discretion, determine whether an offer is a Qualified Bid and whether a Qualified Bid constitutes the most favorable transaction for Debtors' estates. The Debtors may determine, in their business judgment, which Qualified Bids are the highest and best offers for the Liquidation Assets. Further, Debtors may, in their discretion, withdraw some or all of the Liquidation Assets from the Auction or sale at any time before entry of an order approving a sale of a property to a Qualified Bidder. The Debtors may also reject any bid that, in the Debtors'

---

[3]    While bidders may suggest modifications to the proposed Agency Agreement, any such modifications that the Debtors deem to increase their obligations or burdens (such as additional conditions) will be considered by the Debtors in determining whether to accept such Bid.

sole discretion, is (a) inadequate or insufficient; (b) contrary to the best interests of Debtors, their estate and their creditors, or (c) not in conformity with the requirements of the bidding procedures or the Bankruptcy Code.

(iv)   The Bid Recipients and each bidder and all other entities shall keep Qualified Bids confidential, with access restricted to Debtors. Bids may be revealed to any other entity at the option of Debtors. Debtors may request additional information from a bidder to evaluate the bidder's ability to consummate a transaction and to fulfill its obligations in connection therewith, and such bidder shall be obligated to provide such information.

(v)   Each bidder, as a consequence of submitting a bid, shall be deemed to acknowledge: (a) that it is bound by these bidding procedures; (b) that it had an opportunity to inspect and examine the Liquidation Assets and to review all pertinent documents and information with respect to Liquidation Assets before making its offer and that each such bidder relied solely on that review and upon its own investigation and inspection in making its bid; and (c) except as expressly provided for in the Agency Agreement, such bidder is not relying upon any written or oral statements, representations or warranties of the Debtors, their agents or representatives.

(vi)   At the commencement of the Auction, the Debtors will announce the best bid received to date and will open the Auction for other Qualified Bidders to improve upon their bid. Bidding increments will be announced at the outset of the Auction.

- The Auction will be conducted on June 27, 2013 at 10:00 a.m. (Eastern) at the offices of DLA Piper LLP (US), 33 Arch Street 26th Floor, Boston MA, 02110 or such other location as may be selected by the Debtors. If the date or location of the Auction is changed, the Debtors shall file a notice with the Court and post the same on the website of the Debtors' claims and noticing agent fort these cases. Only Qualified Bidders who have complied with the Auction Procedures may improve their Bids at the Auction. Bidding at the Auction will continue until such time as the highest or otherwise best Bid is determined. The Debtors may adopt rules for the bidding process that, in their judgment, will better promote the goals of the bidding process, to the extent not inconsistent with this Order. The Debtors will select the highest or otherwise best Bid(s) at the conclusion of the Auction, subject to Court approval, and the winning bidder will be required to enter into a definitive Agency Agreement (as consensually modified by the parties, if appropriate) before the Auction is deemed closed.

- The Debtors reserve the right to (i) adjourn the Auction with respect to some or all of the Liquidation Assets at or prior to the Auction, (ii) modify the Bidding Procedures at the Procedures Hearing or the Auction and/or (iii) remove any assets from the Store Closing Sales if the Debtors determine that such action will maximize value to their estates.

- The Debtors will consult with the DIP Lenders as to important terms, including but not limited to, the determinations of Qualified Bidders and Qualified Bids, acceptable modifications to the Agency Agreements, the adjustment of the Auction Procedures, and the determination of the highest or otherwise best Bid(s) at the conclusion of the Auction.

- ANY BIDDER FAILING TO COMPLY WITH THESE REQUIREMENTS MAY NOT BE CONSIDERED A QUALIFIED BIDDER.

3.    The Break-up Fee is approved in accordance with the procedures outlined above.

4.    The Sale Hearing will be held on **June 28, 2013 at 1:00 p.m. (Eastern)**.

5.    The Sale Hearing may be adjourned, from time to time, without further notice to parties in interest other than by announcement of the adjournment in open Court.

6.    All objections to the Motion ~~(other than with respect to the relief granted~~ herein, *may be raised at the hearing. No written objection is required.* ~~and the Approval Order must be filed by June ___, 2013 at 4:00 p.m. (Eastern) with this Court~~ ~~and served upon counsel to the Debtors and counsel to the DIP Lenders.~~

7.    The Debtors shall file a list of the Closing Stores with the Court no later than three (3) business days prior to the Sale Hearing.

8.    The service of the Auction and Store Closing Sales Notice ("Auction Notice"), substantially in form attached to the Motion as Exhibit C shall be deemed good and sufficient notice of the Motion and the relief requested therein.

9.    The Debtors are hereby authorized to take such steps and incur such expenses as may be reasonably necessary or appropriate to effectuate the terms of the this Order.

10.     This Court shall retain jurisdiction over the terms of this Order.

Dated: June 18, 2013

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE