IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
Orchard Supply Hardware Stores Corporation, : Case No. 13-11565 (CSS)
et al.,[1] :
: (Jointly Administered)
Debtors. :
: Re: Docket No. 12
------------------------------------------------------------x

### INTERIM ORDER GRANTING MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF INTERIM AND FINAL ORDERS ESTABLISHING ADEQUATE ASSURANCE PROCEDURES WITH RESPECT TO THEIR UTILITY PROVIDERS PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession for Interim and Final Orders Establishing Adequate Assurance Procedures with Respect to their Utility Providers Pursuant to Section 366 of the Bankruptcy Code (the "Motion")[2] filed by the above captioned debtors and debtors in possession (the "Debtors"), the Court having reviewed the Motion and the Newman Declaration and having scheduled a hearing before the Court (the "Hearing"), the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances, after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Subject to the procedures described below, no Utility Company may (a) alter, refuse, terminate or discontinue utility services to, or discriminate against, the Debtors on the basis of the commencement of these chapter 11 cases or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Adequate Assurance Deposit, as a condition to the Debtors receiving such utility services.

3. The Debtors shall deposit, as adequate assurance for the Utility Companies, approximately $426,000 in the aggregate (the "Adequate Assurance Deposit") into a newly created, segregated, non-interest bearing account within 20 days of the Petition Date.

4. Subject to the entry of the Final Order and the Adequate Assurance Procedures set forth below, the Adequate Assurance Deposit, constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code (the "Proposed Adequate Assurance").

5. The following Adequate Assurance Procedures are approved in all respects:

    (a) Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtors at the following addresses: (i) Orchard Supply Hardware, 6450 Via Del Oro, San Jose, California 95119, Fax No. (408) 365-2799 (Attn: Michael Fox) (ii) DLA Piper LLP (US), 203 North LaSalle Street, Suite 1900, Chicago,

Illinois, 60601, Fax No. (312) 236-7516 (Attn: Daniel M. Simon) and (iii) DLA Piper LLP (US), 919 North Market Street, 15th Floor, Wilmington, Delaware 19801, Fax No. (302) 778-7913 (Attn: Stuart M. Brown).

(b) Any Additional Assurance Request must: (i) be made in writing, (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company, (iii) set forth the location(s) for which utility services are provided and the relevant account number(s), (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company and (v) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance as future payment.

(c) Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have 30 days from the date of receipt of such request (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Debtors and the applicable Utility Company also may agree to extend the Resolution Period.

(d) The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors believe such additional assurance is reasonable. The Debtors may reduce the amount of the Adequate Assurance Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

(e) If the Debtors determine that an Additional Assurance Request is not reasonable or are not able to resolve such request during the Resolution Period, the Debtors, during or promptly after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

(f) Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services, the commencement of these chapter 11 cases, or any objections to the Proposed Adequate

> Assurance, or requiring the Debtors to furnish any additional deposit or other security for the continued provision of services.

> (g) The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make an Additional Assurance Request.

6. The Debtors are authorized, as necessary, to provide a copy of this Order, and any final order approving the relief requested in the Motion (when and if entered) (such order, the "Final Order") to any Utility Company not listed on the Utility Service List (each, an "Additional Utility Company" and collectively, the "Additional Utility Companies"), as such Utility Companies are identified. Promptly upon their discovery of an Additional Utility Company, the Debtors shall increase the Adequate Assurance Deposit by an amount equal to approximately two weeks of the Debtors' estimated aggregate utility expense for each Additional Utility Company. The Additional Utility Companies shall be subject to the terms of this Order and the Final Order, including the Adequate Assurance Procedures.

7. A Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agree to an alternative assurance of payment with the Utility Company or (b) this Court enters an order on any Determination Hearing requiring that additional adequate assurance of payment be provided to the Utility Company.

8. If any Utility Account becomes a Closed Account during the course of the Bankruptcy Cases, the Debtors shall be authorized to decrease the amount of the Adequate Assurance Deposit by withdrawing from the segregated account the amount deposited with respect to such Closed Account.

9. The Debtors may amend the Utility Service List to delete a Utility Company only if they have provided two weeks advance notice to such Utility Company, and have not received

any objection from such Utility Company. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree.

10. A final hearing on the relief sought in the Motion shall be conducted on _July 15_, 2013 at _1:00_ p.m., Eastern Time. The deadline by which objections to the Motion and the proposed Final Order must be filed is _July 8_, 2013 at _4:00_ p.m., Eastern Time. If no objections are filed to the Motion, this Court may enter the Final Order without further notice or a hearing.

11. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

12. This Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any obligations relating to the Utility Companies on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

13. The Debtors shall serve a copy of this Order and the Motion, including the proposed Final Order, on each Utility Company listed on the Utility Service List within two business days of the date this Order is entered.

14. The terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June 18, 2013
       Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge