**Exhibit A**

**(Settlement Agreement)**

WEST\241485422.3

ℒ685552-1

1  CATHERINE A. CONWAY, SBN 98366
   KATHERINE V.A. SMITH, SBN 247866
2  **GIBSON, DUNN & CRUTCHER LLP**
   333 South Grand Avenue
3  Los Angeles, California 90071-3197
   Telephone:  213.229.7000
4  Facsimile:  213.229.7520

5  Attorneys for Defendant

6  DAVID R. MARKHAM (SBN 071814)
   R. CRAIG CLARK (SBN 129219)
7  JAMES M. TREGLIO (SBN 228077)
   LAURA M. COTTER (SBN 259445)
8  **CLARK & MARKHAM LLP**
   600 B Street, Suite 2130
9  San Diego, CA 92101
   Telephone: (619) 239-1321
10 Facsimile: (619) 239-5888

11 Attorneys for Plaintiffs

**E-FILED**

Dec 19, 2012 5:00 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-10-CV-164041 Filing #G-49712
By M. Huerta, Deputy

12 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| 14  GINA RONDONE, et al., | Case No. 110 CV 164041 |
| 15        Plaintiff, | **JOINT STIPULATION OF CLASS ACTION** |
| | **SETTLEMENT; SETTLEMENT** |
| 16     v. | **AGREEMENT AND RELEASE** |
| 17  ORCHARD SUPPLY HARDWARE STORES | Date:     January 18, 2013 |
|      CORPORATION, | Time:     9:00 A.M. |
| 18        Defendant. | Dept.:    1 |
| | Judge:  Hon. James P. Kleinberg |

19

20     Plaintiffs Gina Rondone and Nicholas Benitez III, individually and on behalf of all similarly

21 situated current and former employees (collectively "Plaintiffs"), and Defendant Orchard Supply

22 Hardware Stores Corporation ("Defendant" or "Orchard Supply"), subject to the terms and

23 conditions hereof and final approval by the Court, hereby enter into this Joint Stipulation of

24 Class Action Settlement, Settlement Agreement and Release ("Settlement Agreement"). This

25 Settlement Agreement is intended to fully, finally, and forever compromise, release, resolve,

26 discharge, and settle the released claims subject to the terms and conditions set forth in this

27 settlement.

28

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

## RECITALS

1.      Class Counsel (defined below) have conducted extensive investigation into the facts of the Class Action, including formal discovery, informal disclosures between the Parties, and other investigation undertaken by Class Counsel. Furthermore, the Parties engaged in extensive negotiations and exchange of data, documents, and information. Based on their investigation and evaluation of this case, Class Counsel have concluded that the settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement, is fair, reasonable, and adequate and is in the best interest of the class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and numerous potential appellate issues.

2.      Defendant denies each and all of the claims alleged by Plaintiffs in the Class Action. Defendant expressly denies any and all charges of wrongdoing or liability arising out of any of the acts, omissions, facts, matters, transactions, or occurrences alleged, or that could have been alleged, in the Class Action. Defendant contends that, in compliance with applicable state and federal laws, its non-exempt hourly employees have been paid all wages due, have been afforded appropriate meal periods, have been timely paid all wages owed upon termination, and have been provided with proper wage statements. Because Defendant has complied with its obligations under federal and California state law, Defendant contends that Plaintiffs' claims for failure to provide meal and rest periods; failure to furnish timely and accurate wage statements arising from the failure to provide meal and rest periods; failure to pay all wages due for the failure to provide meal and rest periods on the date of separation from employment; all claims in connection with meal and rest periods arising under the California Labor Code, California Industrial Welfare Commission Wage Order 1-2001, California's Unfair Competition Law and California's Business & Professions Code; all claims for attorneys' fees and costs arising from the prosecution of meal and rest period claims; and all claims for restitution, disgorgement, and injunctive relief will fail. Nevertheless, Defendant has taken into account the uncertainty and risks inherent in any litigation and has also concluded that further conduct of the instant action would be protracted and expensive. Defendant, therefore, has determined that it is

Case No. 110CV164041                                2

JOINT STIPULATION OF CLASS ACTION SETTLEMENT; SETTLEMENT AGREEMENT AND RELEASE

Gibson, Dunn &
Crutcher LLP

desirable and beneficial that the instant action be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.  Neither this Settlement Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Settlement Agreement, is, may be construed as, or may be used as an admission, concession, or indication by or against Defendant of any fault, wrongdoing or liability whatsoever.

## DEFINITIONS

In addition to other terms defined in this Settlement Agreement, the terms below have the following meaning in this Settlement Agreement:

3.    "Administrative Costs" shall mean the estimated cost for administering the settlement and claims process, including providing the Settlement Notice and Claims Form, various efforts to locate Settlement Class Members, and coordinating the payment of claims on behalf of the Settlement Class.

4.    "Attorneys' Fees and Costs" shall mean the amount to be paid to Class Counsel under the terms of this Settlement Agreement.

5.    "Claims Administrator" shall mean Rust Consulting, Inc., which is the entity that has been selected to provide notice of this proposed class action settlement to the Settlement Class and to perform other related functions to administer the settlement contemplated by this Settlement Agreement as described herein.

6.    "Claims Form" means the form that a participating Class Member must timely submit to claim his or her Settlement Share, in the form evidenced by Exhibit B to this Settlement Agreement and incorporated by reference into this Settlement Agreement.

7.    "Class Action" shall mean the civil action entitled *Gina Rondone, an individual, Nicholas Benitez III, an individual, on behalf of themselves, and all persons similarly situated v. Orchard Supply Hardware Stores Corporation,* Case No. 110 CV 164041.

8.    "Class Counsel" shall mean the attorneys representing Plaintiffs in the Class Action: David R. Markham, R. Craig Clark, James M. Treglio, and Laura M. Cotter of Clark & Markham LLP, H. Tim Hoffman and Arthur W. Lazear of Hoffman & Lazear, and Walter Haines of United

Case No. 110CV164041                          3

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

Employees Law Group.

9.    "Class Period" shall mean February 19, 2006 to the date of Preliminary Approval of the Settlement.

10.    "Claims Released" shall mean those claims related to the payment or non-payment of wages based on the facts alleged in the Complaint and First Amended Complaint filed in the Class Action (and claims derivative thereof) from February 19, 2006, through the date of final approval of the settlement by the Court, including but not limited to failure to provide meal and rest periods; failure to furnish timely and accurate wage statements arising from the failure to provide meal and rest periods; failure to pay all wages due for the failure to provide meal and rest periods on the date of separation from employment; all claims in connection with meal and rest periods arising under the California Labor Code, California Industrial Welfare Commission Wage Order 1-2001, California's Unfair Competition Law; and California's Business & Professions Code; all claims for attorneys' fees and costs arising from the prosecution of meal period claims; all claims for restitution, disgorgement, and injunctive relief; and all other claims as fully described in greater detail at Section IV.  Claims Released also include any unknown claims that members of the Settlement Class do not know or suspect to exist in their favor, which if known by them, might have affected this Settlement Agreement with Defendant and release of Released Parties.

11.    "Defense Counsel" shall mean the attorneys representing Defendant in the Class Action:  Catherine A. Conway of the law firm Gibson, Dunn & Crutcher LLP.

12.    The "Effective Date" of this Settlement Agreement shall mean seven (7) days after *all* of the following conditions have been satisfied:

    a.    Execution of this Settlement Agreement by all Parties, Class Counsel and counsel for Defendant;

    b.    Submission of this Settlement Agreement to the Court, along with appropriate motions and request for approval of this Settlement Agreement by the Court;

    c.    Preliminary approval of the settlement by the Court;

    d.    Mailing of the Settlement Notice to the Settlement Class Members in

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

accordance with the Court's Order of Preliminary Approval;

e.   Expiration of the opt-out date as defined in the Settlement Notice;

f.   Five percent (5%) or fewer of the Settlement Class Members submit timely and valid requests to opt-out of the Settlement Class (or if more than five percent (5%) opt-out, Defendant does not exercise its right to rescind and void the Settlement Agreement);

g.   A formal fairness hearing, final approval of the settlement by the Court, and entry of a final order by the Court approving this Settlement Agreement and entering final judgment with respect to the Class Action.  Except that, in the event there are written objections made prior to the formal fairness hearing, or an appeal of the Court's approval of the settlement taken, then the Effective Date shall be the later of the following events: when the period for filing any appeal, writ or other appellate proceeding opposing the settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief.  The occurrence of the Effective Date is a prerequisite to any distributions from the Settlement Fund;

h.   This Settlement Agreement is not modified in any material way by Order of the Court.  In the event that the Court does not execute and file a Judgment and Order of Final Approval; that any such Judgment and Order of Final Approval does not become final for any reason, or is modified in any material respect, that the Effective Date does not occur; or that any of the conditions set forth above do not occur, this Settlement Agreement shall be deemed null and void and shall be of no force or effect whatsoever, and shall not be referred to or

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

utilized for any purpose whatsoever; and

    i.    Named Plaintiffs' execution of General Releases referenced below.

13.    "Enhancement Award" shall mean a sum to be paid to the Named Plaintiffs.

14.    "Named Plaintiffs" shall mean Gina Rondone and Nicholas Benitez III.

15.    "Preliminary Approval" of the Settlement means the Superior Court's preliminary approval of the Settlement without material change.

16.    "Released Parties" shall mean Defendant Orchard Supply Hardware Stores Corporation, including each of its current or former officers, directors, shareholders, agents, managers, advisors, insurers, attorneys, representatives, trustees, administrators, and each of their current or former parents, subsidiaries, affiliates, joint venturers, partners, and other related or affiliated entities, and the current or former predecessors or successors and heirs and executors of each of these persons or entities.

17.    "Settlement" means the disposition of the Class Action and all related claims effectuated by this Settlement Agreement.

18.    "Settlement Administrator" means the administrator proposed by the Parties, Rust Consulting, Inc.

19.    "Settlement Class" or "Settlement Class Members" shall mean:  (1) all current and former California-based store-level Merchandise Managers of Orchard Supply from February 19, 2006 through the date of Preliminary Approval; (2) all current and former California-based store-level Assistant Store Managers of Orchard Supply from February 19, 2006 through the date of Preliminary Approval; and (3) all current and former California-based store-level Assistant Managers of Orchard Supply from February 16, 2006 through the date of Preliminary Approval.

20.    "Settlement Fund" refers to $800,000.00, which is the total and maximum amount Defendant will be required to pay under this settlement.  The Settlement Fund will include the following elements: (i) payments to Settlement Class Members as described herein; (ii) Enhancement Awards to Named Plaintiffs as described herein; (iii) Class Counsel's Attorneys' Fees and Costs as described herein; (iv) Administrative Costs, as described herein; and (v) Defendant's share of any

Gibson, Dunn & Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

payroll taxes (FICA and FUDA).

21.    "Settlement Notice" refers to the official notice of settlement of class action, attached hereto as Exhibit A.

22.    "Work Weeks" means the total number of days a Settlement Class Member was employed by Orchard Supply as California-based store level Merchandise Manager, Assistant Store Manager, and/or Assistant Manager, divided by seven (7) days and rounded to the nearest integer.

## TERMS OF SETTLEMENT AGREEMENT

23.    IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves and the Settlement Class) and Defendant, by and through their respective attorneys, that, subject to the approval of the Court, the Class Action will be finally and fully compromised, released, resolved, discharged, and settled, and will be dismissed with prejudice as to Defendant, subject to the terms and conditions of this Settlement Agreement, as follows:

### I.    DISTRIBUTION OF THE SETTLEMENT FUND

24.    In consideration for settlement of the Class Action and the release of all claims of the Settlement Class, Defendant agrees to pay the sum of **$800,000** (the "Settlement Fund").  Any Administrative Costs, Attorney's Fees, Costs, and Enhancement Awards for the Named Plaintiffs shall be deducted from the Settlement Fund.  The Settlement Fund is the maximum total amount Defendant is required to pay for any and all purposes under this Settlement Agreement.

25.    Ten (10) business days after the Effective Date, Defendant will wire the Settlement Fund of $800,000 to the Claims Administrator.  The Parties have agreed to the appointment of Rust Consulting to serve as the Claims Administrator for the purpose of administering the settlement and claims process.

### A.    Enhancement Award

26.    Pursuant to the request of Class Counsel, Defendant agrees not to oppose an Enhancement Award of $5,000 to each of the Named Plaintiffs in addition to their share of the settlement as a class member.  The Plaintiffs request an enhancement for the Named Plaintiffs' roles in prosecuting the Class Action, taking the risks of serving as the named representatives, providing

Gibson, Dunn &
Crutcher LLP

factual information and documentation necessary to the prosecution of the Class Action, providing a General Release of all claims, maintaining contact with Class Counsel, and other participation necessary to the successful prosecution of the Class Action. But for this request by Class Counsel, Defendant would treat all class members equally. In advance of the final fairness hearing, Class Counsel will request that the Court approve such Enhancement Award of $5,000 to each Named Plaintiff ($10,000.00 total). Defendant agrees not to oppose such request. In exchange for this Enhancement Award, the Named Plaintiffs agree not to publicize the settlement beyond what is required or expressly approved by the Court; agree to respond to any inquiry regarding the settlement only by referring the inquiry to Class Counsel and saying nothing further; and agree to execute a General Release as to any and all claims they might have against Defendant and the Released Parties, whether such claim is known or unknown, in the form attached hereto as Exhibit B, such form to be executed after final approval of settlement by the Court in order to obtain approval of the settlement. Named Plaintiffs may, however, discuss the settlement with Class Members prior to the Effective Date in order to obtain approval of the settlement. Notwithstanding the above, the Named Plaintiffs shall receive payment of Enhancement Awards only after executing and delivering to Defendant this Settlement Agreement and a separate General Release of all known and unknown claims against Defendant, and the Effective Date has passed.

**B.** **Attorneys' Fees and Costs**

27. In consideration for settling this matter and in exchange for the Claims Released by the Settlement Class, Defendant shall not object to Class Counsel's request for receipt of payment up to one-third of the Settlement Fund (**$264,000.00**), to compensate for all Attorney's Fees associated with the prosecution and administration of this action, as well as costs of litigation—not to exceed **$35,000.00** (collectively, **$299,000.00** in Attorneys' Fees and Costs). Class Counsel will submit an application for Attorneys' Fees and Costs to the Court for approval prior to the date of the final fairness hearing. Defendant agrees not to contest this application. Within 14 days after the Effective Date, the Claims Administrator shall make payment to Class Counsel from the Settlement Fund the Attorneys' Fees and Costs consisting of the total Court-approved attorneys' fees, not to exceed

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

$264,000, as well as the total Court-approved litigation costs accrued as of the date of the Final Approval Hearing, not to exceed $35,000.00  ($299,000.00 total).  The Parties agree that, over and above the lesser of (a) the total amount of Court-approved Attorneys' Fees and Costs award in this lawsuit; or (b) the sum of $299,000.00, each of the Parties, including all persons eligible to be members of the Settlement Class, shall bear their own fees and costs relative to the investigation, filing, prosecution or settlement of the Lawsuit; the negotiation, execution, or implementation of this Settlement Agreement; and/or the process of obtaining, administering or challenging a Certification Order and/or Final Approval.

**C.    Administrative Costs**

28.    The Administrative Costs associated with administering the settlement and claims process shall be deducted from the Settlement Fund.

**D.    No Effect on Benefits for Settlement Class Members**

29.    Orchard Supply will not use the settlement payments for determination of eligibility for, or calculation of, any employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the Settlement Class Members, and Orchard Supply will not modify the Settlement Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Orchard Supply, unless otherwise required by law.

**E.    Allocation**

30.    The "Net Settlement Proceeds" shall equal the Settlement fund minus the total of (i) Court-approved Attorneys' Fees and Costs; (ii) Court-approved enhancement award to Plaintiffs; (iii) and all fees, costs, and expenses of the Administrator in connection with the settlement and claims administration including, without limitation, those connected with providing notice to the members of the Settlement Class and making settlement distributions to members of the Settlement Class; and (iv) the employer's share of any payroll taxes on all claims that are accepted and paid by the Claims Administrator.

31.    The Net Settlement Proceeds shall be distributed by the Claims Administrator to each Settlement Class Member who submits a valid and timely Claims Form based on the number of Work

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

Weeks that Settlement Class Member (1) worked as an Assistant Manager between February 19, 2006 and the date of Preliminary Approval; (2) worked as an Assistant Store Manager between February 19, 2006 and the date of Preliminary Approval; and/or (3) worked as a Merchandise Manager between October 2, 2007 and the date of Preliminary Approval. Work Weeks will be calculated by taking the number of calendar days the Settlement Class Member held the position, as reflected in Defendant's documents, and dividing by seven (7) days. For example, if a Settlement Class Member was employed as an Assistant Manager in California from January 1, 2007 to April 16, 2007, that Class Member's Work Weeks would be 15 (105 days ÷ 7 = 15.) Notwithstanding the foregoing, in no event shall a Settlement Class Member's Work Weeks be less than 1. The total amount payable to the Settlement Class will be divided by the aggregate number of Work Weeks to get a per-Work Week payout amount.

a.      Subject to the terms and conditions of this Settlement Agreement, the Settlement Administrator will pay a "Settlement Share" from the Net Settlement Proceeds to each Settlement Class Member who submits a valid and timely Claims Form. Each Settlement Class Member who submits a valid and timely Claims Form will receive a Settlement Share equal to the per-Work Week payout amount multiplied by his or her Work Weeks, less the employee's share of taxes and withholding. For example, if a Settlement Class Member was employed for 50 Work Weeks and the per-Work Week payout amount is $100, he or she would receive (50 x $100 = $5,000), less the employee's share of taxes and withholding.

32.      The Parties recognize and agree that the formula for allocating the Net Settlement Proceeds to the Settlement Class provided herein is reasonable and that the payments provided herein are designed to provide a fair settlement to the persons within the definition of the Settlement Class.

33.      Each Settlement Class Member's Settlement Share will be allocated as follows: one half (50%) to unpaid wages which will be reported to the IRS on Form W-2; and one half (50%) to alleged penalties, which will be reported to the IRS on Form 1099.

34.      Tax Liability and Net Payment. Each Party and Settlement Class Member will be responsible for his, her, or its own tax obligations. The payment by Defendant pursuant to this

Gibson, Dunn &
Crutcher LLP

JOINT STIPULATION OF CLASS ACTION SETTLEMENT; SETTLEMENT AGREEMENT AND RELEASE

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

Agreement is for alleged failure to pay compensation due, interest on the compensation sum, penalties and premiums regarding the compensation sum, and all other claims as set forth in the Complaint. In accordance with both State and Federal tax laws, the Administrator shall withhold such sums from each Settlement Class Member's Settlement Share as is required in order to comply with the same. Portions of any Settlement Class Member's Settlement Share not subject to withholding will be issued with a 1099 form. After appropriate tax withholding from settlement payments, the net payment to be received by each Settlement Class Member as required by law via a W-2 form, shall immediately pay over all such withheld funds to the appropriate state and Federal taxing authorities. The Administrator shall provide each Settlement Class Member with appropriate documentation setting forth the amount of any tax or other payment withheld, and employer contribution made, in accordance with State and Federal tax requirements.

35.    The Claims Administrator will notify Defendant of the amount of the employer share of FICA and FUDA due and owing as to each class member which will be paid from the total Settlement Fund.

36.    A Settlement Class Member will receive no Settlement Share if he or she fails to submit a valid and timely Claims Form. His or her Settlement Share instead will be distributed to the responsible tax authorities for payment of the employer's share of payroll taxes on Settlement Shares paid to participating class members, and/or distributed as set forth in paragraph 37.

37.    Any portion of the Settlement Fund that remains in the possession of the Claims Administrator as of 210 days following the Effective Date (including any uncashed or returned settlement payments) shall be paid to public school garden programs in the State of California, and/or any 501(c)(3) nonprofit community garden programs or organizations. Defendant shall provide the Claims Administrator with the names, contact information, and mailing addresses necessary to effectuate any payments made pursuant to this paragraph. In addition, Defendant will be responsible for reasonable administrative costs incurred by the Claims Administrator in connection with any payments made pursuant to this paragraph. Such administrative costs shall not be paid with any portion of the Settlement Fund, and instead shall be borne by Defendant separate and apart from the

Case No. 110CV164041                    11
JOINT STIPULATION OF CLASS ACTION SETTLEMENT; SETTLEMENT AGREEMENT AND RELEASE

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

Settlement Fund.

## II.    CLAIMS RELEASED BY SETTLEMENT AGREEMENT

38.    In exchange for the payments by Defendant as described herein, upon the final

approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be

created by this Settlement Agreement, the Settlement Class and each member of that class, including

the Named Plaintiffs (who shall not opt-out), jointly, severally, shall, and hereby do fully release and

discharge Defendant and Released Parties from any and all claims, judgments, liens, losses, debts,

liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages,

indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or

otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or

accrued,  occurring up to the execution of this Settlement Agreement and arising out of the dispute

which is the subject of the Class Action or which could have been asserted in the Class Action based

on the facts alleged, whether in contract, violation of any state or federal statute, rule or regulation,

arising out of,  concerning or in connection with any act or omission alleged in the Class Action

Complaint by or on the part of Released Parties, including, without limitation, those relating to the

payment of wages, overtime, minimum wage, liquidated damages, penalties, uncompensated off-the-

clock work, methods of pay, wage statements, final pay penalties, expenses, deductions, or other

alleged wage and hour violations and related record-keeping requirements, including without

limitation, claims for violation of the Fair Labor Standards Act, California Labor Code sections 201,

203, 212, 213, 218.5, 221, 223, 225.5, 226, 226.3, 226.7, 227.3, 450, 510, 512, 1194, 1198, the

Private Attorneys General Act of 2004 ("PAGA"), California Labor Code Section 2698 *et seq.*, 2699,

2802, California Business & Professions Code section 17200, California Code of Civil Procedure

section 1021.5, any and all California Industrial Welfare Commission Orders, or any other California

or federal laws relating to the payment or non-payment of wages based on the facts alleged in the

Complaint or the First Amended Complaint from February 19, 2006, through the date of final

approval of the settlement by the Court ("Claims Released").

39.    Claims Released include any unknown claims that members of the Settlement Class

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

do not know or suspect to exist in their favor, which if known by them, might have been asserted by them in this lawsuit and might have affected this Settlement Agreement with Defendant and release of Released Parties. The Claims Released do not include any workers' compensation claims, claims for physical bodily harm, discrimination claims, or any other claims not directly related to the Claims Released.

40.    The Parties intend that this Settlement Agreement shall be binding on all non-opt-out members of the Settlement Class, whether or not they actually receive a payment pursuant to this Settlement Agreement. This Settlement Agreement shall constitute, and may be pleaded as, a complete and total defense to any Released Claims if raised in the future.

41.    Settlement Class Members waive any right they may have to missed meal or rest periods, overtime related to missed meal or rest periods, waiting time penalties related to missed meal or rest periods, wage statement penalties related to missed meal or rest periods, termination pay related to missed meal or rest periods, other claims alleged in the Complaint, or any other matter alleged in or related to the allegations in the Complaint, including claims arising from or based upon other unpaid wages, penalties, or attorneys' fees in any way relating to the matters raised in the Complaint, except as provided for in this Settlement Agreement.

42.    Upon the Effective Date, to the extent allowed by California Law, members of the Settlement Class, including Named Plaintiffs waive all rights and benefits afforded by Section 1542 of the State of California as to any claims, damages, or causes of action arising out of the dispute which is the subject of this litigation, including without limitation any and all claims for overtime. Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

43.    The Named Plaintiffs and the Settlement Class may hereafter discover facts in addition to or different from those they may now know or believe to be true with respect to the subject matter of the Claims Released, but, upon the Effective Date, they shall be deemed to have, and by operation of the order granting final approval of the settlement in the Class Action shall have

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

fully, finally, and forever settled and released any and all of the Claims Released, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is intentional, negligent, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

## III. SCHEDULE FOR FINALIZING SETTLEMENT AGREEMENT

44.    Plaintiffs and Defendant stipulate and agree to the following schedule and procedures for obtaining the Court's approval of the settlement, including seeking certification of the Settlement Class, notifying the Settlement Class, and processing all benefits provided under this Settlement Agreement:

### A. Seeking Preliminary Approval of Settlement Agreement

45.    Upon Preliminary Approval of this Settlement Agreement, Defendant agrees to provide to the Claims Administrator a "class list" and the following information for each Class Member: (a) name, (b) last-known address, (c) last-known home telephone number; (d) employee identification number, (e) the dates that Class Member was employed as a Merchandise Manager, Assistant Manager, and/or Assistant Store Manager in California during the Class Period, (f) total number of Work Weeks for that Class Member. The Claims Administrator will then have an opportunity to review the data provided by Defendant and to calculate the Class Member's projected individual payment. If numerous and/or substantial inconsistencies or inaccuracies are discovered at any point, the Parties agree to jointly apply to the Court for an extension of the schedule provided herein to allow the Parties to resolve the inconsistencies or inaccuracies. The above-described information will be provided to the Claims Administrator on a confidential basis. The Claims Administrator agrees to keep this information confidential and shall use the information only for the purposes of administering the settlement of the Class Action, and agrees not to disclose the information to any third party. Notwithstanding the foregoing, the Claims Administrator may disclose to Class Counsel the data regarding Settlement Class Members.

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

a.     "Work Weeks" shall mean (1) the total number of days a class member was employed as a California-based Assistant Manager, and/or Assistant Store Manager between February 19, 2006 and the date of Preliminary Approval, divided by seven (7) and rounded to the nearest integer; and/or (2) the total number of days a class member was employed as a Merchandise Manager between October 2, 2007 and the date of Preliminary Approval, divided by seven (7) and rounded to the nearest integer.

46.     Upon the execution of this Settlement Agreement, Defendant will move the Court for (a) Preliminary Approval of the terms of this Settlement Agreement, (b) approval of a settlement notice (the "Settlement Notice"), settlement procedure, and Claims Administrator, and (c) the scheduling of a settlement fairness hearing on the question of whether the terms of this Settlement Agreement should be finally approved as fair, reasonable, and adequate as to the Named Plaintiffs and the Settlement Class.  As a part of this motion, the Defendant will submit (and attach copies of) this Settlement Agreement.

47.     Class Counsel shall not oppose the motion filed by Defendant pursuant to this Settlement Agreement, so long as the motion and supporting papers are consistent with the terms of this Settlement Agreement.  Defendant shall provide Plaintiffs with a reasonable opportunity to review, and provide comments to, the motion described in the preceding paragraphs, before the motion and supporting papers are filed with the Court.

**B.     Settlement Notice**

48.     If the Court grants preliminary approval of the settlement terms described in this Settlement Agreement, a Settlement Notice shall be provided to the Settlement Class as follows:

a.     Fourteen (14) days after Defendant provides to the Claims Administrator the class list referenced in paragraph 45, the Claims Administrator shall send a Settlement Notice and Claims Form to all members of the Settlement Class by regular U.S. Mail, postage prepaid.  In order to provide the best notice practicable, any Settlement Notice returned as undelivered shall be sent to the

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

forwarding address affixed thereto, if any. If no forwarding address is provided for a Settlement Notice that is returned as undelivered, the Claims Administrator will use a reliable computer search method to locate a current address. If no current address is located, the Settlement Notice for that individual will be deemed undeliverable. If the procedures herein are followed, Defendant, Class Counsel, and the Claims Administrator shall be deemed to have satisfied their obligation to provide the Settlement Notice to the Settlement Class. A copy of the proposed Settlement Notice is attached hereto as Exhibit A.

b.   The Claims Administrator shall create and maintain a password protected website, which will include links to the Settlement Notice, Motion for Final Approval and Motion for Attorney's Fees as they become available, until the Effective Date. The website shall also include links to any other documents or information the Claims Administrator deems necessary to perform its duties.

c.   At least twenty-one (21) days before the final fairness hearing, the Claims Administrator shall prepare a declaration of due diligence and proof of mailing with regard to the mailing of the Settlement Notice, and any attempts by the Claims Administrator to locate the members of the Settlement Class ("Due Diligence Declaration"), to Class Counsel and Defense Counsel for presentation to the Court. The Claims Administrator will attach to the Due Diligence Declaration a report showing the name of each individual who submitted a timely and valid opt-out. Class Counsel shall be responsible for filing the Due Diligence Declaration with the Court.

d.   If a member of the Settlement Class disagrees with the number of Work Weeks, and/or the estimated settlement payment amount listed in his or her Settlement Notice, the member must complete and send a dispute form (included with the Settlement Notice) to the Claims Administrator, together

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

with any supporting written documentation. Such documentation may consist of official records, pay stubs, weekly schedules, or personal logs. To be considered, the dispute form and supporting written documentation must be received by the Claims Administrator no later than 30 days after the postmark date of the Settlement Notice.

e.   The Claims Administrator shall immediately notify both Class Counsel and Defense Counsel of any disputes submitted by Settlement Class Members. The Claims Administrator shall share with both Class Counsel and Defense Counsel the dispute form and any documentation submitted by a Settlement Class Member in support of his or her dispute. Class Counsel and Defense Counsel shall make the final, binding determination regarding any disputes, which may include requesting additional information from the Settlement Class Member or the Claims Administrator, adjusting the number of Work Weeks, requesting that the Claims Administrator make the final determination regarding the dispute based on the written documentation submitted by the Settlement Class Member and any materials submitted by counsel, or denying the request altogether, within 10 days of receipt by the Claims Administrator of the dispute form and supporting written documentation, or no later than 40 days after the postmark date of the Settlement Notice. The Claims Administrator shall inform each Settlement Class Member of the final determination by a telephone call, followed by an e-mail or regular U.S. Mail if no email for that Settlement Class Member is available.

f.   If at any point the Claims Administrator determines that it needs additional time, the Claims Administrator shall inform the Parties regarding the situation, and the Parties will seek from the Court a modification of the schedules contained in this Settlement Agreement or any Court order, to be consistent with the recommendations and requests of the Claims Administrator.

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

However, the Claims Administrator shall not make a request for a time modification if the need for additional time is a result of any Party failing to provide information as required in this Settlement Agreement on a timely basis.  If a Party fails to provide required information according to this schedule, any other Party reserves the right to seek the Court's intervention to ensure compliance with the agreed terms of this Settlement Agreement.

g.    The Settlement Notice shall inform Settlement Class Members of their right to opt out of the Settlement Class and be excluded from receiving any benefits under the Settlement Agreement by completing and mailing a written opt-out request to the Claims Administrator no later than thirty (30) days after the postmark date of the Settlement Notice.  Any member of the Settlement Class who submits a timely and valid request for exclusion will receive no settlement payment and will not be bound by the terms of the Settlement Agreement nor have any right to object, appeal, or comment thereon.  Late-submitted opt-out requests will not be accepted by the Claims Administrator and shall not be effective.  The Claims Administrator will certify jointly to Class Counsel and Defense Counsel which requests for exclusion were valid and timely submitted.  Any decision to opt out of the settlement shall not affect the application of the On-Duty Meal Settlement Agreement.

**C.    Objections to Settlement Agreement after Preliminary Approval**

49.    Any Settlement Class Member who intends to object to final approval of the settlement or this Settlement Agreement must file a written objection, along with any supporting documents, with the Court, with copies to Class Counsel and Defense Counsel, no later than thirty (30) days after the postmark date of the Settlement Notice.  The written objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.

50.    Members of the Settlement Class who fail to make objections in the manner specified in paragraph 48 shall be deemed to have waived any and all objections and shall be foreclosed from

Case No. 110CV164041                              18

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

making any objection, whether by appeal or otherwise, to the settlement or this Settlement Agreement.

51.    No member of the Settlement Class shall be entitled to be heard at the final fairness hearing (whether in person or through counsel) or to object to the settlement or this Settlement Agreement, and no written objections or briefs submitted by any member of the Settlement Class shall be received or considered by the Court at the final fairness hearing, unless the Settlement Class Member files with the Court and serves upon Defense Counsel and Class Counsel a written notice of intention to appear at the fairness hearing ("Notice of Intention to Appear"). The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the final fairness hearing.

52.    The filing of an objection allows Class Counsel or Defense Counsel, upon reasonable notice, to take the deposition of the objecting Settlement Class Member, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by the Settlement Class Member to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking the Settlement Class Member's objection and otherwise denying him or her the opportunity to make an objection or be further heard.

**D.    Duties of the Parties in Connection with Final Court Approval**

53.    In connection with final approval by the Court of this Settlement Agreement, Class Counsel and Defense Counsel will submit a proposed Judgment and a proposed Order granting final approval of the class action settlement:

a.    approving the settlement, adjudicating the terms thereof to be fair, reasonable, and adequate, and directing consummation of all terms and provisions as provided in this Settlement Agreement.

**E.    Timing and Manner of Payments**

54.    Each Settlement Class Member who is entitled to a payment under this Settlement Agreement will receive a single check for the total of his or her settlement payment (less applicable payroll deductions required by federal and state law for the wage portion of the payment, as described

Case No. 110CV164041                    19

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

below). Ten (10) business days after the Effective Date, Defendant will wire the Settlement Fund of $800,000 to the Claims Administrator. The Claims Administrator will send individual checks by regular U.S. Mail to the address provided to the Claims Administrator for mailing of the Settlement Notice. Checks sent to Settlement Class Members under this Settlement Agreement shall remain valid and negotiable for six months from the date of their mailing, and thereafter may be automatically canceled if not cashed by the payee within that time. The amount of any settlement checks that are not cashed by Settlement Class Members shall be paid to public school garden programs in the State of California, and/or any 501(c)(3) nonprofit community garden programs or organizations, as described in paragraph 37. No person shall have any claim against Defendant, Defense Counsel, Named Plaintiffs, any member of the Settlement Class, Class Counsel, or the Claims Administrator based on distributions and payments made in accordance with this Settlement Agreement.

55. The Named Plaintiffs shall not receive any additional payments or enhancements other than those expressly provided under this Settlement Agreement.

**F. Payroll Deductions and Taxes**

56. For each Settlement Class Member who is entitled to payment under this Settlement Agreement, Defendant will issue: (a) a Form W-2 on which the wage portion of the settlement payment shall be reported and from which all required payroll deductions required by state and federal law shall be taken; and (b) a Form 1099 on which the interest of the settlement payment shall be reported and from which no deductions will be taken.

57. The Parties agree and understand that Defendant has not made any representations regarding the tax obligations or consequences, if any, related to this Settlement Agreement. The Parties agree that Defendant and each Settlement Class Member are solely responsible for determining the tax consequences of payments made pursuant to this Settlement Agreement and for paying taxes, if any, which are determined to be owed by each of them on such payments (including penalties and interest related thereto) by any taxing authority, whether state, local, or federal.

58. The Parties agree that Settlement Class Members, on the one hand, and Defendant and

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

Released Parties, on the other hand, will each be responsible for certain payments and contributions to government agencies as a result of the payments made pursuant to this Settlement Agreement. If any taxing authority or government agency collects from Defendant or Released Parties any payment or contribution owed by any Settlement Class Member to a government agency, nothing herein will prevent Defendant from seeking reimbursement of those payments or contributions from such Settlement Class Member. However, Defendant and Released Parties may not seek reimbursement from any Settlement Class Member or Class Counsel for any other payments to any taxing authority or government agency (such as penalties).

## IV.   OTHER PROVISIONS

### A.   Voiding the Settlement Agreement

59.    A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the terms of the settlement shall render the entire Settlement Agreement voidable and unenforceable as to Plaintiffs and Defendant, at the option of either Party. Each Party may exercise its option to void this Settlement Agreement as provided above by giving notice, in writing, to the other and to the Court at any time prior to final approval of this Settlement Agreement by the Court.

60.    If more than five percent (5%) of the Settlement Class submits timely and valid requests for exclusion pursuant to the terms and procedures of the Settlement Notice, this entire Settlement Agreement shall become voidable and unenforceable as to Plaintiffs and Defendant, at Defendant's sole discretion. Defendant may exercise such option by giving notice, in writing, to Class Counsel and to the Court at any time prior to final approval of this Settlement Agreement by the Court.

### B.   Mutual and Full Cooperation

61.    Plaintiffs, Defendant, Class Counsel, and Defense Counsel agree to fully cooperate with each other to accomplish the approval by the Court of the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms herein. The Parties agree to use their best efforts,

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

including all efforts contemplated by this Settlement Agreement, and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement.

62.    Class Counsel and the Named Plaintiffs agree that they will not attempt to encourage any members of the Settlement Class to object to the proposed settlement, or to opt out, and will make every reasonable effort to accurately explain the benefits of this Settlement Agreement in response to any questions from any member of the Settlement Class.

**C.    Binding Nature of Settlement Agreement**

63.    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties.  Plaintiffs, the Named Plaintiffs, and the Settlement Class represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, or encumbered any claim, demand, action, cause of action, or rights released in the Claims Released in this Settlement Agreement.

64.    This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and the Named Plaintiffs, as well as Defense Counsel and Defendant.  No rights under this Settlement Agreement may be waived except in writing.

65.    This Settlement Agreement and any attached exhibits constitute the entire Settlement Agreement between the Named Plaintiffs, Settlement Class, and Defendant relating to the terms contained herein.  All prior or contemporaneous Settlement Agreements, understandings, and statements, whether oral or written, whether express or implied, and whether by a Party or its counsel, are merged herein.  No oral or written representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

66.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is intended to be contractual and not merely a recital.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT; SETTLEMENT AGREEMENT AND RELEASE

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

**D.    Dispute Resolution**

67.    Except as authorized herein, all disputes concerning the interpretation, implementation, calculation, or payment of the Settlement Fund or other disputes regarding compliance with this Settlement Agreement will be resolved by the Court.

**E.    Restriction on Publicity**

68.    Class Counsel and Plaintiffs agree that they will not issue any press release or press statement, initiate media coverage, or otherwise publicize regarding Defendant, the Released Parties, or this Settlement Agreement, nor post any notice on any website related to the Settlement Agreement, nor otherwise publicize the settlement, except as otherwise provided for in this Agreement.

**F.    Governing Law and Joint Drafting of Settlement Documents**

69.    All terms of this Settlement Agreement and related documents shall be governed by and interpreted according to the laws of the State of California, without respect to choice of law provisions of any state.

70.    Class Counsel and Defense Counsel have arrived at this Settlement Agreement as a result of a series of arms-length negotiations, taking into account all relevant factors, present and potential.

71.    This Settlement Agreement has been drafted jointly by Class Counsel and Defense Counsel and, therefore, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

72.    The Named Plaintiffs, Settlement Class, and Class Counsel agree that none of the documents provided to them by Defendant shall be used for any purpose other than the prosecution and settlement of the Class Action. Specifically, none of the documents provided shall be used to pursue any subsequent claims or litigation against Defendant or the Released Parties.

**G.    Execution of Settlement Agreement**

73.    This Settlement Agreement may be executed in one or more counterparts and by facsimile. All executed copies of this Settlement Agreement and photocopies thereof shall have the

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

same force and effect and shall be as legally binding and enforceable as the original.

**H.    Parties' Authority**

74.    The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and are fully authorized to bind the Named Plaintiffs, Settlement Class, and Defendant to all terms stated herein.

**I.    Execution by Parties and Counsel**

The parties and their counsel hereby execute this Settlement Agreement.

Dated: December ___, 2012        GINA RONDONE

Dated: December ___, 2012        NICHOLAS BENITEZ III

Dated: December ___, 2012        LAURA M. COTTER
                                 DAVID MARKHAM
                                 R. CRAIG CLARK
                                 CLARK & MARKHAM LLP
                                 ATTORNEYS FOR PLAINTIFFS

                                 By: _____
                                         Laura M. Cotter

Dated: December ___, 2012        ORCHARD SUPPLY HARDWARE STORES, CORP.

                                 By: _____

Case No. 110CV164041                        24
JOINT STIPULATION OF CLASS ACTION SETTLEMENT; SETTLEMENT AGREEMENT AND RELEASE

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

1  same force and effect and shall be as legally binding and enforceable as the original.

2  **H.    Parties' Authority**

3  74.    The signatories hereto represent that they are fully authorized to enter into this

4  Settlement Agreement and are fully authorized to bind the Named Plaintiffs, Settlement Class, and

5  Defendant to all terms stated herein.

6  **I.    Execution by Parties and Counsel**

7  The parties and their counsel hereby execute this Settlement Agreement.

8

9    Dated: December ___, 2012          GINA RONDONE

10

11

12    Dated: December _/.__, 2012          NICHOLAS BENITEZ III

13

14

15

16    Dated: December ___, 2012          LAURA M. COTTER
                                         DAVID MARKHAM
17                                       R. CRAIG CLARK
                                         CLARK & MARKHAM LLP
18                                       ATTORNEYS FOR PLAINTIFFS

19

20    By: _____
                                            Laura M. Cotter
21

22    Dated: December ___, 2012          ORCHARD SUPPLY HARDWARE STORES, CORP.

23

24    By: _____

25

26

27

28    Case No. 110CV164041                        24

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

same force and effect and shall be as legally binding and enforceable as the original.

**H.    Parties' Authority**

74.    The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and are fully authorized to bind the Named Plaintiffs, Settlement Class, and Defendant to all terms stated herein.

**I.    Execution by Parties and Counsel**

The parties and their counsel hereby execute this Settlement Agreement.

Dated: December ___, 2012    GINA RONDONE

_____

Dated: December ___, 2012    NICHOLAS BENITEZ III

_____

Dated: December ___, 2012    LAURA M. COTTER
DAVID MARKHAM
R. CRAIG CLARK
CLARK & MARKHAM LLP
ATTORNEYS FOR PLAINTIFFS

By: _____
Laura M. Cotter

Dated: December 14, 2012    ORCHARD SUPPLY HARDWARE STORES CORP.

By: _____
Michael W. Fox

Case No. 110CV164041                    24
JOINT STIPULATION OF CLASS ACTION SETTLEMENT; SETTLEMENT AGREEMENT AND RELEASE

Gibson, Dunn &
Crutcher LLP

E-FILED: Dec 19, 2012 5:00 PM, Superior Court of CA, County of Santa Clara, Case #1-10-CV-164041 Filing #G-49712

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: December 19, 2012         CATHERINE A. CONWAY
                                 KATHERINE V.A. SMITH
                                 GIBSON, DUNN & CRUTCHER LLP
                                 ATTORNEYS FOR DEFENDANT

                                 By: _____
                                         Catherine A. Conway

JOINT STIPULATION OF CLASS ACTION SETTLEMENT; SETTLEMENT AGREEMENT AND RELEASE

Gibson, Dunn &
Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service

I, Iris Newman, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071, in said County and State.  On December 19, 2012, I served the attached

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT, SETTLEMENT AGREEMENT AND RELEASE**

on the parties stated below, by the following means of service:

David R. Markham
R. Craig Clark
James M. Treglio
Laura M. Cotter
Clark & Markham LLP
600 B Street, Suite 2130
San Diego, California  92101

Telephone:    619-239-1321
Facsimile:    619-239-5888

☒  **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am employed in the office of Katherine V.A. Smith, a member of the bar of this court, and the foregoing document(s) was printed on recycled paper.

☒  **STATE**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 19, 2012, at Los Angeles, California.

_____
Iris Newman

Gibson, Dunn &
Crutcher LLP