# Exhibit B

### (State Court Order)

**E-FILED**
Jun 14, 2013 2:53 PM
David H. Yamasaki
Chief Executive Officer/Clerk
Superior Court of CA, County of Santa Clara
Case #1-10-CV-164041 Filing #G-54841
By R. Walker, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| GINA RONDONE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ORCHARD SUPPLY HARDWARE STORES CORPORATION,<br><br>Defendant. | No. 110 CV 164041<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT<br><br>Date: June 14, 2013<br>Time: 9:00 A.M.<br>Dept.: 01<br>Judge: Hon. James P. Kleinberg |

Case No. 110CV164041

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

On April 1, 2013, this Court entered an order granting preliminary approval to the settlement and proposed class notice program ("Preliminary Approval Order"), and on April 9, 2013, this Court entered an amended order granting preliminary approval to the settlement and proposed notice program ("Amended Preliminary Approval Order"). On June 14, 2013, this Court conducted a final approval hearing to evaluate further the settlement, which fully and completely resolves all claims against all parties in this action. Plaintiffs Gina Rondone and Nicholas Benitez III and the Settlement Class (as defined in the Amended Preliminary Approval Order) and Defendant Orchard Supply Hardware Stores Corp. (collectively, the "Parties") appeared through their counsel of record.

After full consideration of the papers submitted, the complete record in this action, and oral argument by counsel, **the Court HEREBY ORDERS as follows:**

1. **Definitions**. This Order incorporates by reference the definitions in the Settlement Agreement (which is attached as Exhibit 1 to the Parties' Motion for Preliminary Approval, filed on December 19, 2012). All terms defined in the Settlement Agreement shall have the same meaning in this Final Approval Order as set forth in the Settlement Agreement.

2. **Final Approval of Settlement**. The Court grants final approval of the settlement, as set forth in the Settlement Agreement.

   a. The settlement is in all respects fair, reasonable, adequate, in good faith, and in the best interests of the Settlement Class. The Court directs the Parties to effectuate the settlement according to the terms set forth in the Settlement Agreement. The Settlement shall be binding upon all members of the Settlement Class.

   b. In evaluating the propriety of the settlement, this Court notes the risk, expense, complexity and likely duration of further litigation; the existence of disputed issues concerning liability, damages, and class certification; the risk regarding class certification and maintaining class status through trial; the fact that the settlement will avoid additional substantial costs, uncertainty, risk, and delay from further litigation; the experience and views of counsel for both parties; the participation rate by Settlement Class in the claims process, and the lack of requests for exclusions and objections to the settlement It appears that the Parties exchanged sufficient information for both sides to reasonably evaluate their

respective positions and that the proposed settlement was reached as a result of serious and non-collusive arms-length negotiations.

3. **Settlement Class**. The Court finds that the Settlement Class is properly certified for settlement purposes only.

4. **Class Notice**. The notice given to the Settlement Class constituted the best notice practicable under the circumstances. The notice procedure provided due and adequate notice of the settlement and these proceedings to the Settlement Class and fairly and fully satisfied the requirements of due process and applicable law. The Court further finds that the Claims Administrator, Rust Consulting, Inc., appears to have properly administered the class notice and claims procedure in accordance with the Preliminary Approval Order and the Settlement Agreement.

5. **Class Counsel**. Settlement Class Counsel (David R. Markham, R. Craig Clark, James M. Treglio, and Laura M. Cotter of Clark & Markham LLP, H. Tim Hoffman and Arthur W. Lazear of Hoffman & Lazear, and Walter Haines of United Employees Law Group) is adequate and qualified and capably represented the Settlement Class. The Court finds that Settlement Class Counsel's request for attorneys' fees in the amount of $264,000 (which is thirty-three percent (33%) of the total settlement fund) and costs in the amount of $35,000 is fair and reasonable and approves that request.

6. **Named Plaintiffs**. The Court finds that Gina Rondone and Nicholas Benitez III were adequate class representatives and approves their request for $5,000 each ($10,000 total) as an Enhancement Award as fair and reasonable.

7. **Claims Administrator's Report**. The Court adopts the report and findings set forth in the Claims Administrator's declaration (the Declaration of Stacy Roe and Attached Exhibit). The Claims Administrator's determinations and proposed payments appear to be fair and reasonable and in accordance with the terms and conditions set forth in the Settlement Agreement.

   a. Of the 427 Settlement Class Members, 230 submitted timely, valid claim forms and will receive a payment from the Settlement Fund.

b. Four of the Settlement Class Members, identified on Attachment A to the Declaration of Stacy Roe and as Attachment A to this Order, submitted timely, valid requests to be excluded from ("opt out" of) the settlement. Accordingly, said persons are excluded from the Settlement Class and not bound by the terms of the Settlement Agreement approved by the Court.

c. None of the Settlement Class Members submitted a timely, valid objection to the Settlement.

8. **Settlement Fund Distribution**. Ten (10) business days after the Effective Date, as defined in Paragraph 12 of the Settlement Agreement, Defendant shall wire the Settlement Fund of $800,000 to the Claims Administrator. In accordance with the Settlement Agreement, the Claims Administrator shall distribute the Settlement Fund as set forth below no later than five (5) business days after receipt of the Settlement Fund by Defendant. Defendant shall have no further liability for costs, expenses, interest, attorneys' fees, or any other charge, expense, or liability.

a. <u>Settlement Class</u> – The Claims Administrator is directed to make the payments to the Settlement Class Members as set forth in the Settlement Agreement and in the Declaration of Stacy Roe. The Claims Administrator is also directed to set aside for employer taxes on the payments to the Settlement Class the sum of $26,849.00, which is the amount the Claims Administrator estimates will be required for employer taxes. The Claims Administrator is directed to file all legally-required tax forms and pay the employer taxes on the payments to the settlement tax in accordance with the deadlines and procedures required by law.

b. <u>Named Plaintiffs Enhancement Award</u> – The Claims Administrator is directed to deliver Enhancement Awards in the amount of $5,000 each to Nicholas Benitez III and Gina Rondone ($10,000 total).

c. <u>Class Counsel Fees and Costs</u> – The Claims Administrator is directed to deliver to Settlement Class Counsel payment for attorneys' and costs in the total amount of $299,000.00.

d. <u>Claims Administrator Costs</u> – The Claims Administrator is directed to deliver payment to Rust Consulting, Inc. in the amount of $25,653.11 for claims administration

costs and fees incurred through June 14, 2013. The Claims Administrator is directed to set aside $11,515.70 to cover any additions claims administration costs and fees incurred through the end of the settlement process. No later than five (5) business days after the total amount of the remaining claims administration costs and fees becomes certain and ascertainable, the Claims Administrator is directed to deliver one payment to Rust Consulting, Inc., for the amount of the additional claims administration costs and fees incurred and one payment to Defendant in the amount of the difference between the $11,515.70 set aside for claims administration costs and fees and the total amount of the claims administration costs and fees incurred.

e. <u>Unclaimed Amounts</u> – Any portion of the Settlement Fund that remains in the possession of the Claims Administrator as of 210 days following the Effective Date (including any uncashed or returned settlement payments) shall be paid to public school garden programs in the State of California, and/or any 501(c)(3) nonprofit community garden programs or organizations, as set forth in the Settlement Agreement. Within 21 days of the Effective Date, as defined in the Settlement Agreement, Defendant will provide the Claims Administrator with the names, contact information, and mailing addresses necessary to effectuate any payments made pursuant to this sub-paragraph. The Claims Administrator is directed to deliver payments to those programs or organizations within 225 days following the Effective Date, as defined in the Settlement Agreement. Defendant will be responsible for reasonable administrative costs incurred by the Claims Administrator in connection with any payments made pursuant to this sub-paragraph. Such administrative costs shall not be paid with any portion of the Settlement Fund, and instead shall be borne by Defendant separate and apart from the Settlement Fund.

9. **Release**. The Named Plaintiffs and each and every Settlement Class Member shall forever release and discharge Defendant and the Released Parties from all Released Claims (as those terms are defined in the Settlement Agreement), in accordance with the terms set forth in the Settlement Agreement. All Settlement Class members, and all successors in interest, are forever banned and permanently enjoined from prosecuting all Released Claims against the Released

Parties, as more fully set forth in the Settlement Agreement. Thus, subject to and in accordance with the Settlement Agreement, even if the Settlement Class Members may later discover facts in addition to or different from those which they now know or believe to be true, the Settlement Class members are deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released all claims raised in this action and any other Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist.

10. **No Admission of Wrongdoing.** Neither the Settlement Agreement, the other settlement-related documents, any of their terms or provisions, nor any of the negotiations or proceedings connected with the settlement shall be construed as a concession or admission by the Defendant or any Released Party as to the truth of the allegations in this action, or of any liability, fault or wrongdoing of any kind.

11. **Inadmissibility.** The Settlement Agreement and all other documents relating to the settlement, the fact of the settlement, and the negotiations and proceedings connected with the settlement are all settlement documents and information and shall, pursuant to Evidence Code § 1152, be inadmissible as evidence in any proceeding, except an action or proceeding to approve, interpret or enforce the settlement.

12. **Effective Date.** The "Effective Settlement Date" shall be the date of this Order.

13. **Dismissal.** The entire action is dismissed with prejudice as to all parties and all causes of action.

14. **Judgment.** The Court hereby orders entry of this Order as the judgment in this action, as defined in California Code of Civil Procedure Section 577.

15. **Jurisdiction.** The Court reserves continuing and exclusive jurisdiction over the settlement to administer, supervise, construe, and enforce the settlement in accordance with the terms and conditions of the Settlement Agreement.

//
//
//
//

Case No. 110CV164041                                          5
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

1  Respectfully submitted by:

2  CLARK & MARKHAM LLP
   DAVID R. MARKHAM (SBN 071814)
3  R. CRAIG CLARK (SBN 129219)
   JAMES M. TREGLIO (SBN 228077)
4  LAURA M. COTTER (SBN 259445)

5

6  By: /s/

7       Laura M. Cotter

8  Attorneys for Plaintiffs
   Gina Rondone and Nicholas Benitez III
9

10  101527636.1

11  Date: June 19, 2013

12                                              /s/
                                         Hon. James P. Kleinberg
                                         Judge of the Superior Court
13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[Exhibit A – list of opt-out names]**

Case No. 110CV164041                    7
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

# Rondone v Orchard Supply Hardware

## Exhibit "A"

| RustID | ReceivedDate | PostmarkDate | FirstName | LastName |
|---|---|---|---|---|
| 00007726 | 4/24/2013 | | ANTHONY | SAMPSON |
| 00004893 | 4/26/2013 | 4/24/2013 | RICK | MOFFAT |
| 00006644 | 5/21/2013 | 5/17/2013 | ROBERT | LIEST |
| 00009164 | 5/24/2013 | | MARIO | GUTIERREZ |