IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re:                                                         : Chapter 11
                                                               :
Orchard Supply Hardware Stores Corporation,                    : Case No. 13-11565 (CSS)
et al.,[1]                                                     :
                                                               : (Jointly Administered)
          Debtors.                                             :
                                                               : Re: Dkt. Nos. 8 & 48
                                                               :
---------------------------------------------------------------x

**FINAL ORDER GRANTING MOTION OF DEBTORS AND DEBTORS
IN POSSESSION FOR ENTRY OF INTERIM AND FINAL ORDERS (I)
AUTHORIZING THEM TO PAY CERTAIN EMPLOYEE OBLIGATIONS AND
MAINTAIN AND CONTINUE EMPLOYEE BENEFITS AND PROGRAMS AND
(II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND
TRANSFERS RELATED TO SUCH OBLIGATIONS, AND
<u>SCHEDULING A FINAL HEARING ON THE MOTION</u>**

This matter coming before the Court on the Motion of Debtors and Debtors in Possession for Entry of Interim and Final Orders (I) Authorizing Them to Pay Certain Employee Obligations and Maintain and Continue Employee Benefits and Programs and (II) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Obligations, and Scheduling a Final Hearing on the Motion (the "<u>Motion</u>"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"); the Court having reviewed the Motion and *Declaration of Chris D. Newman in Support of First Day Pleadings* and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

"Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is (i) in the best interests of the Debtors, their estates and their creditors and (ii) necessary to prevent immediate and irreparable harm to the Debtors, their estates and their Employees; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis, as set forth herein.

2. The Debtors are authorized, but not directed, in the Debtors' sole discretion, to pay the Prepetition Compensation, PTO Payments, Prepetition Business Expenses, Allowances, Director Obligations, Severance Payments, Payroll Taxes, Benefits Deductions and Prepetition Processing Costs (collectively, the "Prepetition Employee Amounts") that have accrued but remain unpaid (including those amounts that remain unpaid as a result of dishonoring of checks due to the filing of these chapter 11 cases) as of the Petition Date to or for the benefit of their Employees.

3. The Debtors are authorized, but not directed, to make cash PTO Payments to the Employees on account of their PTO if such employees are terminated by the Debtors postpetition.

4. The Banks are hereby authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the

Debtors pursuant to this Order, whether presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable amounts to make such payments.

5. The Banks are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order, without any further inquiry and without liability for following the Debtors' instructions.

6. Subject to the terms of this Order, the Debtors are authorized, but not directed, to continue to administer their Policies and Benefits, including the Store Bonus Plan, in the ordinary course of the Debtors' business, in the same manner and on the same basis as the Debtors implemented and maintained the same prior to the commencement of these chapter 11 cases.

7. The Debtors are authorized to pay, in their sole discretion, compensation owed to their Independent Contractors through the Agencies.

8. Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity, priority or amount of any claim against the Debtors or their estates; (b) a waiver of the rights of the Debtors and their estates to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a claim for Prepetition Compensation, Prepetition Business Expenses, Payroll Taxes, Benefits Deductions or Prepetition Processing Costs; (e) an approval or assumption of any contract or agreement pursuant to section 365 of the Bankruptcy Code; (f) the waiver of any cause of action of the Debtors and their estates; or (g) impairing, prejudicing, waiving or otherwise affecting any rights of the Debtors and their estates on account of any amounts owed or paid on account of Prepetition Compensation, Prepetition Business Expenses, Payroll Taxes, Benefits Deductions or Prepetition Processing Costs.

9. Nothing herein shall be deemed (i) to authorize the payments of any amounts in satisfaction of any bonus or severance obligations which are subject to section 503(c) of the Bankruptcy Code or (ii) to authorize the Debtors to cash out unpaid vacation/PTO time upon termination of an Employee, unless applicable state law requires such payment.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

11. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

Dated: July 11, 2013
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge