IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re:                                                        : Chapter 11
:
Orchard Supply Hardware Stores Corporation,                   : Case No. 13-11565 (CSS)
et al.,[1]                                                    :
                                                              : (Jointly Administered)
        Debtors.                                              :
                                                              : Re: Dkt. Nos. 11 & 53
---------------------------------------------------------------x

**FINAL ORDER GRANTING MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THEM TO CONTINUE THE DEBTORS' INSURANCE POLICIES AND PAY OBLIGATIONS IN RESPECT THEREOF, AND (II) TO AUTHORIZE FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH INSURANCE OBLIGATIONS**

This matter coming before the Court on the Motion of the Debtors and Debtors in Possession for Entry of Interim and Final Orders (I) Authorizing Them to Continue the Debtors' Insurance Policies and Pay Obligations in Respect Thereof, and (II) to Authorize Financial Institutions to Honor and Process Checks and Transfers Related to Such Insurance Obligations. (the "Motion"), filed by the above captioned debtors (collectively, the "Debtors"); the Court having reviewed the Motion and the Newman Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

Court for the District of Delaware dated as of February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion was sufficient under the circumstances and (v) there is good cause to waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; after due deliberation the Court having determined that the relief requested in the Motion is necessary to prevent immediate and irreparable harm to the Debtors and their estates; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis, as set forth herein.

2. The Debtors are authorized, but not required, to pay, in their sole discretion, all Insurance Obligations, including those Insurance Obligations that were due and payable or are related to the period prior to the Petition Date up to an aggregate amount of $7,000,000 (the "Insurance Cap"); provided, however, that the Debtors may request that the amount of the Insurance Cap be increased.

3. The Debtors are authorized and empowered to maintain their Insurance Policies without interruption on the same basis and to the extent consistent with the practices and procedures that were in effect prior to the Petition Date.

4. The Debtors are authorized, in the ordinary course of business and subject to the written consent of and any other conditions required by the applicable insurer, to (a) renew or revise their Insurance Policies or obtain replacement coverage, as needed (b) renew or revise their Letters of Credit or obtain replacement letters of credit, as needed, and (c) renew or revise their PFAs or enter into post-petition PFAs related to the Insurance Policies and new insurance,

as needed, to the extent consistent with the practices and procedures that were in effect prior to the Petition Date.

5. Consistent with the foregoing, the Debtors are authorized, but not directed, to maintain and administer their Workers' Compensation Programs in the ordinary course of business and consistent with past practice and honor and pay all claims and other costs and expenses related thereto (including, but not limited to, those due to the Debtors' insurers and/or third party administrators under any workers' compensation policies and/or agreements related thereto) whether arising prior to or subsequent to the Petition Date.

6. To the extent prosecution by the Debtors' employees of their valid workers' compensation claims is barred by the automatic stay provision of section 362 of the Bankruptcy Code, the stay shall be lifted without further order of this Court solely to permit (i) such employees to liquidate their workers' compensation claims in the appropriate judicial or administrative forum and (ii) the Debtors' applicable insurers and/or third party administrators to handle, administer, defend, settle and/or pay such claims.

7. The Banks are hereby authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors pursuant to this Order, whether presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make such payments.

8. Subject to the Insurance Cap, the Debtors are authorized to replace any prepetition checks or electronic transfers relating to the Insurance Obligations that may be dishonored or rejected.

9. The Banks are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order, without any further inquiry and without liability for following the Debtors' instructions.

10. This Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any Insurance Obligations on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

11. To the extent that any Insurance Program or any related contract or agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the postpetition assumption of any such Insurance Program or any related contract or agreement pursuant to section 365 of the Bankruptcy Code.

12. The requirements of Bankruptcy Rule 6003(b) are satisfied.

13. The requirements of Bankruptcy Rule 6004(a) are waived.

14. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: July 11, 2013
Wilmington, Delaware

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge