GENERAL NOTES PERTAINING TO SCHEDULES AND SOFAs

On June 17, 2013 (the "*Commencement Date*"), Orchard Supply Hardware Stores Corporation, Orchard Supply Hardware LLC and OSH Properties LLC, as debtors and debtors in possession (the "*Debtors*"), filed voluntary petitions for relief under chapter 11 of the title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"), Case Nos. 13-11565 (CSS), 13-11566 (CSS), and 13-11567 (CSS). With the assistance of their Bankruptcy Court-appointed advisors, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "*Schedules*") and the Statements of Financial Affairs (the "*SOFAs*" and together with the Schedules, the "*Schedules and SOFAs*") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), and they are they not intended to be fully reconciled to the financial statements.

Although the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate. These general notes regarding the Debtors' Schedules and SOFAs (the "*General Notes*") comprise an integral part of the Schedules and SOFAs filed by the Debtors and should be referenced in connection with any review of the Schedules and SOFAs. Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these chapter 11 cases.

1. Amendments. The Debtors reserve the right to amend or supplement the Schedules and SOFAs as necessary or appropriate.

2. Asset Presentation. Each asset and liability of the Debtors is shown on the basis of the book value of the asset or liability in the Debtors' books and records, as of June 17, 2013, and not on the basis of current market values of such interest in property or liabilities. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

3. Liabilities. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

4. Causes of Action. Despite reasonable efforts, the Debtors might not have identified or set forth all of their causes of action against third parties as assets in their Schedules and SOFAs. The Debtors reserve any and all of their rights with respect to any causes of

1

action they may have, and neither these General Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

5. <u>Claims Description</u>. Any failure to designate a claim on the Debtors' Schedules or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment. The Debtors reserve the right to amend their Schedules or SOFAs as necessary or appropriate.

6. <u>Property and Equipment</u>. Owned property and equipment are listed at net book value. Additionally, all information set forth on the Schedules and SOFAs regarding owned equipment, merchandise and other physical assets of the Debtors is based upon the information set forth in the Debtors' books and records. Included in net real property are purchase accounting assets from the Debtor's previous ownerships. All purchase accounting assets are presented on a net basis with other acquired assets. The Debtors have not completed a physical inventory of any of their owned equipment, merchandise or other physical assets and any information set forth in the Schedules and SOFAs may be over or understated. Further, nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is or shall be construed as an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all their rights with respect to such issues.

7. <u>Insiders</u>. In the circumstances where the Bankruptcy Schedules require information regarding insiders or officers and directors, included herein are each Debtor's (a) directors (or persons in similar positions) and (b) officers. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

8. <u>Schedule D—Creditors Holding Secured Claims</u>. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security

deposits have not been listed on Schedule D.  The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights.  While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule D.

9.  <u>Schedule E—Creditors Holding Unsecured Priority Claims</u>.  The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis. While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule E.  Additionally, the Debtors have not included employee related priority claims that existed as of the Commencement Date to the extent that such claims have been or are approved for payment pursuant to orders entered by the Bankruptcy Court.

10.  <u>Schedule F—Creditors Holding Unsecured Nonpriority Claims</u>.  The liabilities identified in Schedule F are derived from the Debtors' books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations.  Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs.  Parties in interest should consult their own professionals or advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of these chapter 11 cases.

The claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors may not listed a date for each claim listed on Schedule F.

11.  <u>Schedule G—Executory Contracts</u>.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Commencement Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or

supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtors may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement.  Out of an abundance of caution, the Debtors have listed such agreements on Schedule G.  The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is _not_ an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

12. <u>Specific Notes</u>.  These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs.  Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

13. <u>Totals</u>.  All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.

14. <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

15. <u>General Reservation of Rights</u>.  The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFAs as and to the extent necessary as they deem appropriate.

4

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**

In re: **Orchard Supply Hardware Stores Corporation**,                    Case No. **13-11565**
                      Debtor                                                              (if known)

**STATEMENT OF FINANCIAL AFFAIRS**

       This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

       Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

       "*In business*" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

       "*Insider*." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None 
    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

    SOURCE                           AMOUNT

**2. Income other than from employment or operation of business**

None 
    State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. if a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7)(04/13) 2

| PERIOD | SOURCE | AMOUNT |
|---|---|---|

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*


None

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than MOO. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|


None

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| See Exhibit 3C | | | N/A |

### 4. Suits and administrative proceedings, executions, garnishments and attachments


None

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT | NATURE OF | COURT OR AGENCY | STATUS OR |
|---|---|---|---|

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment*

B7 (Official Form 7)(04/13) 3

| AND CASE NUMBER | PROCEEDING | AND LOCATION | DISPOSITION |



None

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | DATE OF | DESCRIPTION |
| OF PERSON FOR WHOSE | SEIZURE | AND VALUE OF PROPERTY |
| BENEFIT PROPERTY WAS SEIZED | | |

### 5. Repossessions, foreclosures and returns



None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | DATE OF REPOSSESSION, | DESCRIPTION |
| OF CREDITOR OR SELLER | FORECLOSURE SALE, | AND VALUE |
| | TRANSFER OR RETURN | OF PROPERTY |

### 6. Assignments and receiverships

None

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | DATE OF ASSIGNMENT | TERMS OF |
| OF ASSIGNEE | | ASSIGNMENT |
| | | OR SETTLEMENT |

None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | NAME AND LOCATION | DATE OF | DESCRIPTION |
| OF CUSTODIAN | OF COURT | ORDER | AND VALUE |
| | CASE TITLE & NUMBER | | OF PROPERTY |

### 7. Gifts



None

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7)(04/13) 4

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**


None

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR 1N PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**


None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**


None

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|


None

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**


None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts

B7 (Official Form 7)(04/13)                                                                                                              5

held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

 None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

 None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

 None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

 None

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

B7 (Official Form 7)(04/13)    6

**16. Spouses and Former Spouses**


None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.


None

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|


None

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|


None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

**18. Nature, location and name of business**

None ☐ a. *If the debtor* is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Orchard Hardware Stores Corporation (This is on our tax return) | 95-4214109 | 6450 Via Del Oro San Jose, CA 95119 | Retail Business | 3/31/1989 to Present |
| Orchard Supply Hardware LLC | 42-1683395 | 6450 Via Del Oro San Jose, CA 95119 | A wholly-owned Limited Liability Company of Orchard Supply Hardware Stores Corporation (the "Company"), which the Company conducts all operations through. | 3/31/1989 to Present |
| OSH Properties LLC | 42-1683391 | 6450 Via Del Oro San Jose, CA 95119 | The purpose of OSH Properties LLC is to acquire, own, develop, improve, hold, sell, lease, transfer, exchange, assign, dispose of, operate, manage, finance, refinance or otherwise deal with the Properties of the Company. | 10/24/2005 to Present |
| OSH Finance Corporation | 20-3764379 | 6450 Via Del Oro San Jose, CA 95119 | Unknown | 10/26/2005 to 12/30/2011 |

None ☒ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a

B7 (Official Form 7)(04/13) 8

partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐

a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Bill Robertson - Senior Vice President, Chief Financial Officer and Treasurer<br>6450 Via Del Oro<br>San Jose, CA 95119 | 3/5/2007 to 11/7/2011 |
| Chris D. Newman - Executive Vice President, Chief Financial Officer, Treasurer and Principal Accounting Officer<br>6450 Via Del Oro<br>San Jose, CA 95119 | 11/7/2011 to Present |
| Greg Golovko - Vice President, Corporate Controller<br>6450 Via Del Oro<br>San Jose, CA 95119 | 5/7/2012 to Present |

None ☐

b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Deloitte & Touche LLP | 555 Mission St.<br>San Francisco, CA 94105 | Deloitte audits the books and records of the Debtor each year; annual audit and quarterly reviews. |

None ☐

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Chris D. Newman, Executive Vice President, Chief Financial Officer, Treasurer and Principal Accounting Officer | 6450 Via Del Oro<br>San Jose, CA 95119 |

None ☐

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| None | None issued directly. The Debtor is an SEC filer. |

B7 (Official Form 7)(04/13) 9

### 20. Inventories

None ☒ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis ☐f each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ☒ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21. Current Partners, Officers, Directors and Shareholders

None ☒ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| See exhibit 21B | | |

### 22. Former partners, officers, directors and shareholders

None ☒ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☐ b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

B7 (Official Form 7)(04/13) 10

| NAME | ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| Bryant Scott | Floor & Decor Outlets of America 2233 Lake Park Drive, Suite 400 Smyrna, GA 30080 | Director | 5/2/2013 |
| William Crowley | 146 Central Park West, #10-E New York, NY 10023 | Director | 6/4/2013 |
| Matthew Cwiertnia | Ares Management LLC 2000 Avenue of the Stars, 12th Floor Los Angeles, CA 90067 | Director | 5/2/2013 |
| Ravi Sarin | Ares Management LLC 2000 Avenue of the Stars, 12th Floor Los Angeles, CA 90067 | Director | 5/2/2013 |

**23. Withdrawals from a partnership or distributions by a corporation**


None

if the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** if the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| Orchard Hardware Stores Corporation - Is the Parent Company | 95-4214109 |

**25. Pension Funds.**


None

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * *

*[If completed by an individual or individual and spouse]*

### DECLARATION UDNER PENALTY OF PERJURY ON BEHLAF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    August 6, 2013              Signature _____

Print Name and Title: Chris D. Newman; Executive Vice President, CFO, Treasurer and Principal Accounting Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_2_ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both, 18 U.S.C. §§ 152 and 3571*

In Re: Orchard Supply Hardware Stores Corporation
13-11565

Exhibit 3C

| NAME | RELATIONSHIP TO DEBTOR | ADDRESS | DATE OF PAYMENT / PURPOSE OF WITHDRAWL | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|---|
| Acof Operating Manager | Director | 2000 Avenue of the Stars, 12th Floor Los Angeles, CA 90067 | For Director Services of Ravi Sarin & Matthew D. Cwiertnia | $150,000 | N/A |
| Crowley, William | Director | 6450 Via Del Oro San Jose, CA 95119 | 9/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $16,265 | N/A |
| Crowley, William | Director | 6450 Via Del Oro San Jose, CA 95119 | 9/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $10,015 | N/A |
| Crowley, William | Director | 6450 Via Del Oro San Jose, CA 95119 | 12/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $11,529 | N/A |
| Crowley, William | Director | 6450 Via Del Oro San Jose, CA 95119 | 12/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $5,279 | N/A |
| Crowley, William | Director | 6450 Via Del Oro San Jose, CA 95119 | 3/21/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $9,190 | N/A |
| Crowley, William | Director | 6450 Via Del Oro San Jose, CA 95119 | 3/21/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $2,940 | N/A |
| Crowley, William | Director | 6450 Via Del Oro San Jose, CA 95119 | 6/5/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $6,250 | N/A |
| Czinger, Kevin | Director | 6450 Via Del Oro San Jose, CA 95119 | 6/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $22,648 | N/A |
| Czinger, Kevin | Director | 6450 Via Del Oro San Jose, CA 95119 | 9/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $25,015 | N/A |
| Czinger, Kevin | Director | 6450 Via Del Oro San Jose, CA 95119 | 12/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $20,279 | N/A |
| Czinger, Kevin | Director | 6450 Via Del Oro San Jose, CA 95119 | 3/21/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $17,940 | N/A |
| Czinger, Kevin | Director | 6450 Via Del Oro San Jose, CA 95119 | 5/7/2013 - Spec Committee Payment | $16,000 | N/A |
| Czinger, Kevin | Director | 6450 Via Del Oro San Jose, CA 95119 | 6/5/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $15,000 | N/A |
| Healy, Susan | Director | 6450 Via Del Oro San Jose, CA 95119 | 6/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $24,523 | N/A |
| Healy, Susan | Director | 6450 Via Del Oro San Jose, CA 95119 | 9/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $26,265 | N/A |
| Healy, Susan | Director | 6450 Via Del Oro San Jose, CA 95119 | 12/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $21,529 | N/A |
| Healy, Susan | Director | 6450 Via Del Oro San Jose, CA 95119 | 3/21/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $19,190 | N/A |
| Healy, Susan | Director | 6450 Via Del Oro San Jose, CA 95119 | 5/7/2013 - Spec Committee Payment | $16,000 | N/A |
| Healy, Susan | Director | 6450 Via Del Oro San Jose, CA 95119 | 6/5/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $16,250 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 6/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $22,023 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 9/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $16,265 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 9/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $5,014 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 12/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $11,529 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 12/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $2,640 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 3/21/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $9,190 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 3/21/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $1,470 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 5/7/2013 - Spec Committee Payment | $16,000 | N/A |
| Rose, Karen | Director | 6450 Via Del Oro San Jose, CA 95119 | 6/5/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $6,250 | N/A |
| Scott, Bryant | Director | 6450 Via Del Oro San Jose, CA 95119 | 6/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $22,648 | N/A |
| Scott, Bryant | Director | 6450 Via Del Oro San Jose, CA 95119 | 9/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $24,077 | N/A |
| Scott, Bryant | Director | 6450 Via Del Oro San Jose, CA 95119 | 12/21/2012 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $19,342 | N/A |
| Scott, Bryant | Director | 6450 Via Del Oro San Jose, CA 95119 | 3/21/2013 - Quarterly Restricted Stock Award Distribution & Quarterly Director Retainer Cash Payment | $17,003 | N/A |

In Re: Orchard Supply Hardware Stores Corporation
13-11565

Exhibit 21B

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Directors:** | | |
| Mark R. Baker<br>6450 Via Del Oro<br>San Jose, CA 95119 | President, Chief Executive Officer and Director | Less than 5% |
| David I. Bogage<br>6450 Via Del Oro<br>San Jose, CA 95119 | Senior Vice President, Human Resources and Director | Less than 5% |
| Kevin R. Czinger<br>6450 Via Del Oro<br>San Jose, CA 95119 | Director | Less than 5% |
| Susan L. Healy<br>6450 Via Del Oro<br>San Jose, CA 95119 | Director | Less than 5% |
| Steven L. Mahurin<br>6450 Via Del Oro<br>San Jose, CA 95119 | Executive Vice President, Merchandising and Director | Less than 5% |
| Karen M. Rose<br>6450 Via Del Oro<br>San Jose, CA 95119 | Director | Less than 5% |
| | | |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Officers:** | | |
| Mark R. Baker<br>6450 Via Del Oro<br>San Jose, CA 95119 | President, Chief Executive Officer and Director | Less than 5% |
| Chris D. Newman<br>6450 Via Del Oro<br>San Jose, CA 95119 | Executive Vice President, Chief Financial Officer, Treasurer and Principal Accounting Officer | Less than 5% |
| Steven L. Mahurin<br>6450 Via Del Oro<br>San Jose, CA 95119 | Executive Vice President, Merchandising and Director | Less than 5% |
| David I. Bogage<br>6450 Via Del Oro<br>San Jose, CA 95119 | Senior Vice President, Human Resources and Director | Less than 5% |
| Michael W. Fox<br>6450 Via Del Oro<br>San Jose, CA 95119 | Senior Vice President, General Counsel and Secretary | Less than 5% |
| | | |
| **Stockholders Greater than 5%:** | | |
| ESL Investments, Inc. and related persons as a group<br>200 Greenwich Ave.<br>Greenwich, CT 06830 | | 8.60% |
| ACOF I LLC<br>2000 Avenue of the Stars, 12th Floor<br>Los Angeles, CA 90067 | | 19.80% |