GENERAL NOTES PERTAINING TO SCHEDULES AND SOFAs

On June 17, 2013 (the "*Commencement Date*"), Orchard Supply Hardware Stores Corporation, Orchard Supply Hardware LLC and OSH Properties LLC, as debtors and debtors in possession (the "*Debtors*"), filed voluntary petitions for relief under chapter 11 of the title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"), Case Nos. 13-11565 (CSS), 13-11566 (CSS), and 13-11567 (CSS). With the assistance of their Bankruptcy Court-appointed advisors, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "*Schedules*") and the Statements of Financial Affairs (the "*SOFAs*" and together with the Schedules, the "*Schedules and SOFAs*") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), and they are they not intended to be fully reconciled to the financial statements.

Although the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, and inadvertent errors or omissions may have occurred. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate. These general notes regarding the Debtors' Schedules and SOFAs (the "*General Notes*") comprise an integral part of the Schedules and SOFAs filed by the Debtors and should be referenced in connection with any review of the Schedules and SOFAs. Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of these chapter 11 cases.

1. Amendments. The Debtors reserve the right to amend or supplement the Schedules and SOFAs as necessary or appropriate.

2. Asset Presentation. Each asset and liability of the Debtors is shown on the basis of the book value of the asset or liability in the Debtors' books and records, as of June 17, 2013, and not on the basis of current market values of such interest in property or liabilities. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

3. Liabilities. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

4. Causes of Action. Despite reasonable efforts, the Debtors might not have identified or set forth all of their causes of action against third parties as assets in their Schedules and SOFAs. The Debtors reserve any and all of their rights with respect to any causes of

1

action they may have, and neither these General Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

5. Claims Description. Any failure to designate a claim on the Debtors' Schedules or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment. The Debtors reserve the right to amend their Schedules or SOFAs as necessary or appropriate.

6. Property and Equipment. Owned property and equipment are listed at net book value. Additionally, all information set forth on the Schedules and SOFAs regarding owned equipment, merchandise and other physical assets of the Debtors is based upon the information set forth in the Debtors' books and records. Included in net real property are purchase accounting assets from the Debtor's previous ownerships. All purchase accounting assets are presented on a net basis with other acquired assets. The Debtors have not completed a physical inventory of any of their owned equipment, merchandise or other physical assets and any information set forth in the Schedules and SOFAs may be over or understated. Further, nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is or shall be construed as an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all their rights with respect to such issues.

7. Insiders. In the circumstances where the Bankruptcy Schedules require information regarding insiders or officers and directors, included herein are each Debtor's (a) directors (or persons in similar positions) and (b) officers. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

8. Schedule D—Creditors Holding Secured Claims. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security

deposits have not been listed on Schedule D. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, or inchoate statutory lien rights. While reasonable efforts have been made, determination of the date upon which each claim in Schedule D was incurred or arose would be unduly and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule D.

9. <u>Schedule E—Creditors Holding Unsecured Priority Claims</u>. The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis. While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors may not list a date for each claim listed on Schedule E. Additionally, the Debtors have not included employee related priority claims that existed as of the Commencement Date to the extent that such claims have been or are approved for payment pursuant to orders entered by the Bankruptcy Court.

10. <u>Schedule F—Creditors Holding Unsecured Nonpriority Claims</u>. The liabilities identified in Schedule F are derived from the Debtors' books and records, which may or may not, in fact, be completely accurate, but they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations. Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals or advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of these chapter 11 cases.

The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors may not listed a date for each claim listed on Schedule F.

11. <u>Schedule G—Executory Contracts</u>. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Commencement Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or

supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtors may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement. Out of an abundance of caution, the Debtors have listed such agreements on Schedule G. The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is <u>not</u> an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

12. <u>Specific Notes</u>. These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

13. <u>Totals</u>. All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.

14. <u>Unliquidated Claim Amounts</u>. Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated" or "unknown."

15. <u>General Reservation of Rights</u>. The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFAs as and to the extent necessary as they deem appropriate.

**UNITED STATES BANKRUPTCY COURT**
**DELAWARE DISTRICT OF DELAWARE**

Draft 8/6/2013

In re **Orchard Supply Hardware Stores Corporation**,
Debtor

Case No. **13-11565**
Chapter **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | No | | N/A | | |
| B - Personal Property | Yes | 6 | $0.00 | | |
| C - Property Claimed As Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $236,697,641.00 | |
| E - Creditors Holding Unsecured Priority Claims | No | | | | |
| F - Creditors Holding Unsecured Nonpriority Claims | No | | | | |
| G - Executory Contracts and Unexpired Leases | No | | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| Total Number of Sheets In ALL Schedules | | 9 | | | |
| | | Total Assets | $0.00 | | |
| | | | Total Liabilities | $236,697,641.00 | |

In Re: Orchard Supply Hardware Stores Corporation
13-11565

**SCHEDULE B - PERSONAL PROPERTY**

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1. Cash on hand. | X | | |
| 2. Checking, saving or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6. Wearing apparel. | X | | |
| 7. Furs and jewelry. | X | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | |

In Re: Orchard Supply Hardware Stores Corporation
13-11565

**SCHEDULE B - PERSONAL PROPERTY**

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize | X | | |
| 10. Annuities. Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | Orchard Supply Hardware LLC (100%) | Undetermined |
| 15. Government and corporate bonds and other negotiable instruments. | X | | |
| 16. Accounts Receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | |

In Re: Orchard Supply Hardware Stores Corporation
13-11565

**SCHEDULE B - PERSONAL PROPERTY**

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefits plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | |

In Re: Orchard Supply Hardware Stores Corporation
13-11565

**SCHEDULE B - PERSONAL PROPERTY**

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farms supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |
| | | **Total** | **$0** |

**Draft 8/6/2013**

In re **Orchard Supply Hardware Stores Corporation**        Case No. **13-11565**
                Debtor                                                                                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", including the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Vendor No: s9510<br>GLEACHER PRODUCTS CORP / JPMORGAN CHASE BANK, N.A<br>1290 AVENUE OF THE AMERICAS, 5TH FL<br>NEW YORK, NY 10104 | X | | MONEY LOANED<br>SENIOR SECURED TERM LOAN - EXTENDING TRANCH - SECOND PRIORITY AR AND INVENTORY<br>Value: Unknown | | | | $74,343,000.00 | |
| Vendor No: s9511<br>GLEACHER PRODUCTS CORP / JPMORGAN CHASE BANK, N.A<br>1290 AVENUE OF THE AMERICAS, 5TH FL<br>NEW YORK, NY 10104 | X | | MONEY LOANED<br>SENIOR SECURED TERM LOAN - NON-EXTENDING TRANCH - SECOND PRIORITY AR AND INVENTORY<br>Value: Unknown | | | | $54,688,000.00 | |
| Vendor No: s9507<br>WELLS FARGO BANK, NA<br>ONE INTERNATIONAL PLACE<br>BOSTON, MA 02110 | X | | MONEY LOANED<br>ABL REVOLVER LOAN - FIRST PRIORITY AR AND INVENTORY<br>Value: Unknown | | | | $83,333,454.00 | |

Sheet no. 1 of 2 sheets attached to Schedule of
Creditors Holding Secured Claims

**Draft 8/6/2013**

In re **Orchard Supply Hardware Stores Corporation**
　　　　　　Debtor

Case No. **13-11565**
(If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Vendor No: s9508<br>WELLS FARGO BANK, NA<br>ONE INTERNATIONAL PLACE<br>BOSTON, MA 02110 | X | | MONEY LOANED<br>FILO TERM LOAN<br>Value: Unknown | | | | $7,125,000.00 | |
| Vendor No: s9509<br>WELLS FARGO BANK, NA<br>ONE INTERNATIONAL PLACE<br>BOSTON, MA 02110 | X | | MONEY LOANED<br>SUPPLEMENTAL TERM LOAN<br>Value: Unknown | | | | $17,208,187.00 | |

Sheet no. 2 of 2 sheets attached to Schedule of
Creditors Holding Secured Claims

Total Unsecured

Total Secured    $236,697,641.00
(Use only on the last page of the completed Schedule D)

(Report total also on Summary of Schedules)

**Draft 8/6/2013**

In re **Orchard Supply Hardware Stores Corporation**     Case No. **13-11565**
                   Debtor                                                                         (If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ORCHARD SUPPLY HARDWARE LLC<br>6450 VIA DEL ORO<br>SAN JOSE, CA  95119 | GLEACHER PRODUCTS CORP / JPMORGAN CHASE BANK, N.A<br>1290 AVENUE OF THE AMERICAS, 5TH FL<br>NEW YORK, NY  10104 |
| ORCHARD SUPPLY HARDWARE LLC<br>6450 VIA DEL ORO<br>SAN JOSE, CA  95119 | GLEACHER PRODUCTS CORP / JPMORGAN CHASE BANK, N.A<br>1290 AVENUE OF THE AMERICAS, 5TH FL<br>NEW YORK, NY  10104 |
| ORCHARD SUPPLY HARDWARE LLC<br>6450 VIA DEL ORO<br>SAN JOSE, CA  95119 | WELLS FARGO BANK, NA<br>ONE INTERNATIONAL PLACE<br>BOSTON, MA  02110 |
| ORCHARD SUPPLY HARDWARE LLC<br>6450 VIA DEL ORO<br>SAN JOSE, CA  95119 | WELLS FARGO BANK, NA<br>ONE INTERNATIONAL PLACE<br>BOSTON, MA  02110 |
| ORCHARD SUPPLY HARDWARE LLC<br>6450 VIA DEL ORO<br>SAN JOSE, CA  95119 | WELLS FARGO BANK, NA<br>ONE INTERNATIONAL PLACE<br>BOSTON, MA  02110 |

In re **Orchard Supply Hardware Stores Corporation**          ,          Case No. **13-11565**
             Debtor

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION

I, Chris D. Newman, the Executive Vice President, CFO, Treasurer and Principal Accounting Officer of Orchard Supply Hardware Stores Corporation, named as the debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 12 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

*(Total shown on summary page plus 1.)*

Date    August 6, 2013        Signature    _____

Chris D. Newman
(print name of individual signing on behalf of debtor)

Executive Vice President, CFO, Treasurer and Principal Accounting Officer
(indicate position or relationship to debtor)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. sec. 152 and 3571.