**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
: 
In re: : Chapter 11
:
Orchard Supply Hardware Stores Corporation, : Case No. 13-11565 (CSS)
*et al.*,[1] :
: (Jointly Administered)
Debtors. :
: **Re: Dkt. No. 15 & 155**
:
---------------------------------------------------------------x

**NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS
AND UNEXPIRED LEASES OF THE SALE DEBTORS
THAT MAY BE ASSUMED AND ASSIGNED**

**PLEASE TAKE NOTICE** that, on June 17, 2013, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Motion of the Debtors and Debtors in Possession Pursuant to Section 105(a), 363 and 365 of the Bankruptcy Code for an Order (i)(a) Approving Procedures in Connection With the Sale of Substantially All of the Debtors' Assets; (b) Approving the Stalking Horse Protections; (c) Approving the Sale Support Agreement; (d) Scheduling Related Auction and Hearing to Consider Approval of Sale; (e) Approving Procedures Related to the Assumption of Certain of the Debtors' Executory Contracts and Unexpired Leases; (f) Approving the Form and Manner of Notice Thereof; and (g) Granting Related Relief; and (ii)(a) Authorizing the Sale of Substantially All of the Debtors' Assets Pursuant to the Successful Bidder's Asset Purchase Agreement Free and Clear of Liens, Claims, Encumbrances, and Other Interests (b) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (c) Granting Related Relief* (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, on July 8, 2013, the Court entered an Order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion, which Bidding Procedures Order governs (i) the bidding process for the sale of certain tangible and intangible assets related to the business (the "Purchased Assets") of the Debtors that own Purchased Assets and (ii) procedures for the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases.

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

EAST\57403988.2

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures Order, on July 12, 2013, the Debtors served the *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors That May Be Assumed and Assigned* which set forth those executory contracts which set forth those executory contracts or unexpired leases which the Debtors may seek to assume, along with the "Cure Amount", if any, based upon the Debtors' books and records, which the Debtors assert is owed to cure any defaults existing under the executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code (the "Assumed Executory Contracts") pursuant to the sale (the "Sale") of the Purchased Assets to the Successful Bidder, free and clear of all liens, claims, interests and encumbrances pursuant to section 363 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, on August 12, 2013, the Debtors filed the *Notice of Successful Bidder and Cancellation of Auction* [Dkt. No. 418] which, among other things, identified the Stalking Horse Purchaser, Orchard Supply Company, LLC as the Successful Bidder.

**PLEASE TAKE FURTHER NOTICE** that certain objections were timely filed to the assumption of the Assumed Executory Contracts, and the Debtors will seek to resolve all objections prior to the Sale Hearing. Those Assumed Executory Contracts subject to a pending objection (either formal or informal) are denoted by a " † " In the event that an objection was not timely filed, or the Debtors had not previously extended the objection deadline in writing to an Assumed Executory Contract counterparty, such counterparty is deemed to have consented to such cure amount.

**PLEASE TAKE FURTHER NOTICE** that an evidentiary hearing (the "Sale Hearing") to approve the Sale and authorize the assumption and assignment of the Assumed Executory Contracts will be held on August 20, 2013 at 3:00 p.m. (prevailing Eastern Time), before the Honorable Christopher S. Sontchi, United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, 5th Floor, Courtroom #6. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Bidding Procedures Order, the Debtors may seek to assume an executory contract or unexpired lease as described on the revised Exhibit 1 attached to this Notice.[3] The amount shown on the revised Exhibit 1 hereto as the "Cure Amount" is the amount, if any, based upon the Debtors' books and records, which the Debtors assert is owed to cure any defaults existing under the Assumed Executory Contracts.

**PLEASE TAKE FURTHER NOTICE** that the buyer shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under sections 365(b) and (f) of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in connection with the proposed assignment of any Assumed Executory Contract. The Court shall make its

---

[3] The "Assumed Executory Contracts" include any amendments, modifications, or supplements to the contracts and leases listed on Exhibit 1.

determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to 11 U.S.C. §§ 365(b) and (f) at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, in the event that the Debtors and the non-debtor party cannot resolve any Cure Amount Objection, the Debtors and/or the Purchaser may segregate any disputed Cure Amounts ("Disputed Cure Amounts") pending the resolution of any such disputes by the Court or mutual agreement of the parties. Cure Amount Objections may be resolved by the Court at the Sale Hearing, or at a separate hearing either before or after the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that nothing contained herein shall obligate the Debtors to assume any Assumed Executory Contracts or to pay any Cure Amount.[4]

Dated: August 13, 2013
Wilmington, Delaware

Respectfully submitted,

/s/ Stuart M. Brown
Stuart M. Brown (DE 4050)
DLA PIPER LLP (US)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com

-and-

Richard A. Chesley (IL 6240877)
Chun I. Jang (DE 4790)
Daniel M. Simon (IL 6297629)
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
Email: richard.chesley@dlapiper.com
  chun.jang@dlapiper.com
  daniel.simon@dlapiper.com

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

---

[4] "Assumed Executory Contracts" are those contracts and leases that the Debtors believe may be assumed and assigned as part of the orderly transfer of the Purchased Assets; however, the Successful Bidder may choose to exclude certain of the Debtors' contracts or leases from the list of Assumed Executory Contracts as part of their Qualifying Bid, causing such contracts and leases not to be assumed by the Debtors.

EAST\57403988.2