## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x
                                               :

In re:                                     :   Chapter 11
                                               :

Orchard Supply Hardware Stores Corporation,   :   Case No. 13-11565 (CSS)
*et al.*,[1]                                    :
                                             :   (Jointly Administered)

                Debtors.              :
                                           :   **Hearing Date: 9/24/2013 at 1:00 p.m. (EDT)**
                                           :   **Obj. Deadline: 9/11/2013 at 4:00 p.m. (EDT)**
-------------------------------------------------------------x

### DEBTORS' FIRST OMNIBUS MOTION TO REJECT CERTAIN
### UNEXPIRED LEASES *NUNC PRO TUNC* TO AUGUST 31, 2013

***Non-debtor parties to the Leases receiving this Motion should locate the Lease Locations subject to this Motion on Exhibit 1 to the Proposed Order attached hereto as Exhibit A***

       The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Orchard"), by and through their undersigned counsel,  hereby move this Court (the "Motion") for entry of an order authorizing the Debtors to reject certain unexpired real property leases *nunc pro tunc* to August 31, 2013 (the "Rejection Date"). In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION

       1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core

---

[1]     The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391).  The mailing address of each of the Debtors, solely for purposes of notices and communications, is 6450 Via Del Oro, San Jose, California 95119.

proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.      On June 17, 2013 (the  "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code.  The Debtors are continuing to operate their businesses as debtors in possession.  On June 26, 2013, the Office of the United States Trustee for the District of Delaware (the "US Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

4.      Originally  founded  in  San  Jose,  California  in  1931,  Orchard  operates neighborhood hardware and garden stores.  As of the Petition Date, the Company operated 89 stores in California and two stores in Oregon.

5.      Prior to the filing of these cases, the Debtors determined that the interests of the Company's stakeholders would be best served by a going-concern sale of substantially all of the Debtors' assets pursuant to an auction process in accordance with section 363 of the Bankruptcy Code.  The Debtors undertook a focused marketing process with certain potential purchasers.  As a result of the Debtors' efforts, the Debtors filed a motion to, among other things, approve certain bid procedures related to a sale pursuant to section 363 of the Bankruptcy Code to sell substantially all of the Debtors' assets to an affiliate or affiliates of Lowe's Companies, Inc. as the stalking horse purchaser (the "Purchaser").

6.      On August 20, 2013, the Court approved the sale of substantially all of the Debtors' assets to the Purchaser (the "Sale").  The Sale to the Purchaser, however, only includes 72 of the Debtors' store locations.  As a result, the Debtors have commenced store closing sales at the remaining locations, eight of which will be completed on August 31, 2013.

7.      The Debtors have reviewed and analyzed their contractual obligations and determined that the unexpired leases, as the same may have been amended, modified, extended or restated from time to time, and all ancillary executory contracts and unexpired leases, if any, relating thereto (collectively, the "Leases"), for the locations listed on **Exhibit 1** attached to the proposed form of order (collectively, the "Lease Locations"), will no longer serve any business purpose and will become burdensome to the Debtors' estates after the conclusion of the store closing sales at the Lease Locations.

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order authorizing them to reject the Leases *nunc pro tunc* to the Rejection Date.

## REJECTION OF LEASES

9.      Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease."  11 U.S.C. § 365(a).  Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment.  See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (holding that the standard applied by courts in authorizing the rejection of an executory contract is that of "business judgment"); In re Armstrong World Indus., Inc., 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to

determine whether the rejection of an executory contract or unexpired lease by the debtor is appropriate under section 365(a) of the Bankruptcy Code."); In re Fleming Cos., 308 B.R. 689, 691 (Bankr. D. Del. 2004) ("The decision to reject an executory contract is a matter within the sound business judgment of the debtor.").  Courts generally do not second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease.  See Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.), 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987) (holding that "the court should not interfere with or second-guess the debtor's sound business judgment" to reject the contract).

10.    In the instant case, the Debtors have determined that it is in the best interests of their estates to reject the Leases effective August 31, 2013 as the Lease will not provide any value to the Debtors' estates after that date.  After the store closing sales have ended, the Leases will not provide any value to the Debtors' bankruptcy estates, but instead, the rent due pursuant to the Leases will become a burden on the estates' resources.  In addition, the Debtors consulted with their real estate advisor, A&G Realty Partners, which has also determined that the Leases will not provide any value to the Debtors' estates and advised the Debtors of this opinion. Therefore, rejecting the Leases as of the Rejection Date is an informed and reasonable exercise of the Debtors' business judgment.

11.    The Debtors also respectfully submit that it is appropriate for the Court to authorize the rejection of the Leases *nunc pro tunc* to the Rejection Date.  While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, many courts have held that bankruptcy courts may authorize rejection retroactive to a date prior to entry of the order authorizing rejection.  See Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re DBSI, Inc.), 409 B.R. 720, 734 (Bankr. D. Del. 2009)

(providing that a bankruptcy court may enter a lease rejection order with an effective date earlier than the date the order is entered); In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in a particular case). Further, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12.    Here, the balance of equities favors authorizing the Debtors to reject the Leases *nunc pro tunc* to the Rejection Date. Any postponement of the effective date of rejection of the Leases may potentially cause the Debtors to incur unnecessary administrative expenses under the Leases without providing accompanying benefits to the Debtors' estates. Further, allowing the Debtors to reject the Leases will not unduly prejudice the counterparties to these agreements because such counterparties will receive notice of the Motion and, therefore, will have sufficient opportunity to object if they so choose. Finally, the Debtors will tender possession of the underlying premises on the Rejection Date in broom-clean condition and this Motion shall serve as an unequivocal statement of the Debtors' relinquishment of any interest in the property subject to the Leases after the Rejection Date.[2]

## ABANDONMENT OF PERSONAL PROPERTY

13.    To the extent the Debtors currently hold any *de minimis* personal property in the Lease Locations, including, but not limited to, personal property, furniture, fixtures and/or

---

[2] To the extent a counterparty to a Lease believes that it may have a claim on account of the rejection of the Lease, the Debtors propose that such counterparty file a proof of claim within the time period prescribed by, and in a manner consistent with, any order entered on the *Motion of the Debtors and Debtors in Possession for an Order Establishing Deadlines for Filing Proofs of Claim and Section 503(b)(9) Claim Requests and Approving the Form and Manner of Notice Thereof* [Docket No. 470].

equipment (collectively, "Personal Property"), the Debtors request that such Personal Property be deemed abandoned pursuant to section 554 of the Bankruptcy Code.

14.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

15.     The Debtors submit that any Personal Property remaining at the Lease Locations will be of inconsequential value or burdensome to the Debtors' estates to remove.  The Debtors believe the cost of retrieving, marketing and reselling the abandoned Personal Property far outweighs any recovery the Debtors could hope to attain for the Personal Property.  Accordingly, the Debtors have determined that the abandonment of any such Personal Property is in the best interests of the Debtors, their estates and creditors.

16.     Based upon the foregoing facts and circumstances, the Debtors submit that the abandonment of the Personal Property, in the manner set forth above, is supported by sound business judgment, and is necessary, prudent and in the best interests of the Debtors, their estates, creditors and parties in interest.

## WAIVER OF BANKRUPTCY RULES 6004(A) AND (H)

17.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) to the extent applicable.

## RESERVATION OF RIGHTS

18.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any

claim. The Debtors expressly reserve their right to contest any invoice or claim related to the relief requested herein in accordance with applicable law.

### NOTICE

19.     Notice of this Motion shall be provided to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee; (c) the counterparties to the Leases (via overnight mail); and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

*[remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as __Exhibit A__: (a) authorizing the Debtors to reject the Leases effective August 31, 2013 and (b) granting to the Debtors such other and further relief as the Court may deem proper.

Dated: August 28, 2013          Respectfully submitted,
      Wilmington, Delaware

/s/ Stuart M. Brown
Stuart M. Brown (DE 4050)
DLA PIPER LLP (US)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone:  (302) 468-5700
Facsimile:  (302) 394-2341
Email:  stuart.brown@dlapiper.com

-and-

Richard A. Chesley (IL 6240877)
Chun I. Jang (DE 4790)
Daniel M. Simon (IL 6297629)
DLA PIPER LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone:  (312) 368-4000
Facsimile:  (312) 236-7516
Email: richard.chesley@dlapiper.com
       chun.jang@dlapiper.com
       daniel.simon@dlapiper.com

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION