IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re: : Chapter 11
:
OSH 1 Liquidating Corporation (f/k/a In re: : Case No. 13-11565 (CSS)
Orchard Supply Hardware Stores Corporation), :
*et al.*,[1] : (Jointly Administered)
:
Debtors. : Hearing Date: Oct. 21, 2013 @ 11:00 a.m. EDT
: Obj. Deadline: Oct. 14, 2013 @ 4:00 p.m. EDT
:
------------------------------------------------------------x

**APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 330(a)
OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL
BANKRUPTCY RULE 2014-1 FOR AN ORDER EXPANDING THE SCOPE
OF THE RETENTION AND EMPLOYMENT OF BMC GROUP, INC.
TO INCLUDE CERTAIN ADMINISTRATIVE SERVICES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for the entry of an order pursuant to sections 327(a) and 330(a) of title of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), expanding the scope of the retention and employment of BMC Group, Inc. ("BMC") to include certain administrative services. In support of this application (the "Expansion Application"), the Debtors respectfully state as follows:

---

[1] The Debtors are the following three entities: OSH 1 Liquidating Corporation, OSH 2 Liquidating LLC, and OSH 3 Liquidating LLC f/k/a Orchard Supply Hardware Stores Corporation. The mailing address of each of the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., One Front Street, Suite 1600, San Francisco, CA 94111 (Attn: Andrew J. Hinkelman).

EAST\59823719.1

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**Background**

*General Background*

2. On June 17, 2013 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code. The Debtors are continuing to operate their businesses as debtors in possession. On June 26, 2013, the Office of the United States Trustee for the District of Delaware (the "US Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee").

3. Originally founded in San Jose, California in 1931, Orchard Supply Hardware Stores Corporation and its affiliates (collectively, "Orchard"), operated neighborhood hardware and garden stores. As of the Petition Date, the Company operated 89 stores in California and two stores in Oregon.

4. Upon commencing these chapter 11 cases, the Debtors pursued a bankruptcy auction process with an affiliate of Lowe's Home Improvement Stores as their stalking horse purchaser in a sale of substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code (the "Sale"). On August 20, 2013, the Bankruptcy Court entered the *Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests, Except as Provided in the Successful Bidder's Asset Purchase Agreement; (B) Authorizing and Approving Purchase Agreement Thereto; (C) Approving the Assumption and Assignment of Certain of the Debtors' Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [Docket. No. 489] (the "Sale Order"). The Sale Order, among other things,

approved the assumption and assignment of the vast majority of unexpired nonresidential real property leases, including those associated with 72 Orchard stores. The Sale closed on August 30, 2013.

*Specific Background*

5.  On the Petition Date, the Debtors filed the *Debtors' Application for Entry of an Order Pursuant to 28 U.S.C. § 156(c) Authorizing the Employment and Retention of BMC Group, Inc. as Claims and Noticing Agent, Effective Nunc Pro Tunc to the Petition Date* (the "Retention Application") [Docket No. 5], as well as the Declaration of Tinamarie Feil in support of the Retention Application (the "Feil Declaration"). The Court approved the Retention Application on June 18, 2013 (the "Retention Order") [Docket No. 47].

6.  The Debtors are currently drafting and finalizing a plan of liquidation that will be filed with the Court and will wind-down the Debtors' estates and effectuate distributions to the Debtors' creditors. The distributions to creditors will derive from, among other things, the proceeds of the Sale as well as the proceeds of certain GOB sales currently taking place at nine of the Debtors' locations in accordance with the *Order Approving Liquidation Agreement, Store Closing Sales, and Related Relief* [Dkt. No. 113]. Pursuant to the terms of the Retention Application and Retention Order, the Debtors retained and employed BMC to provide, among other things, claims and noticing services, but not tabulation and other administrative services related to a chapter 11 plan.[2]

**Relief Requested**

7.  By this Supplemental Application, the Debtors respectfully request entry of an order, pursuant to sections 327(a) and 330(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local

---

[2] The Retention Order provides, however, that "[t]he Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by BMC but is not specifically authorized by this [Retention Order]."

Rule 2014-1, expanding the scope of the retention and employment of BMC to include the Administrative Services (as defined below).

## BMC's Qualifications

8.  BMC has been employed and retained to provide administrative services, including solicitation and balloting, in numerous matters comparable in size and complexity to this matter both inside and outside this District. *See*, *e.g.*, *In re Atari, Inc.*, No. 13-10176 (JMP); *In re Coach AM Group Holdings Corp.*, No. 12-10010 (KG); *In re Graceway Pharmeceuticals, LLC*, No. 11-13036 (MFW); *In re Regen Biologics, Inc.*, No. 11-11083 (PJW); *In re Urban Brands, Inc.*, No. 10-13005; *In re Ultimate Escapes Holdings, Inc.*, No 10-12915 (BLS); *In re W.R. Grace & Co.*, No. 01-01139 (JKF); *In re Jennifer Convertibles, Inc.*, No. 10-13779 (ALG).

9.  BMC has extensive experience, as demonstrated above, and has an excellent reputation for providing such services. Additionally, BMC is currently engaged to provide other services to the Debtors under the Services Agreement (as defined in the Retention Application) and is familiar with the Debtors, the Debtors' schedules and statements, and the proofs of claim filed against the Debtors. As a result, BMC is best positioned to provide the necessary services in a cost effective and efficient manner. Therefore, the Debtors determined to expand the scope of BMC's retention to include the Balloting Services (as defined below).

## The Balloting Services

10. The Debtors seek to retain BMC to provide, among other things, the following bankruptcy administrative services (the "Administrative Services"), if and to the extent the Debtors request:

    (a)    assisting with, among other things, solicitation, balloting and tabulation and calculation of votes for purposes of plan voting;

    (b)    preparing any appropriate reports, exhibits and schedules of information;

  (c)  generating, providing and assisting with claims objections, exhibits, claims reconciliation and related matters;

  (d)  facilitating any distributions pursuant to a confirmed plan of reorganization; and

  (e)  providing such other claims processing, noticing, solicitation, balloting and administrative services described in the Services Agreement, but not previously approved by the Retention Order, as may be requested from time to time by the Debtors.

**Compensation and Representation of Disinterestedness**

11. The fees BMC will charge in connection with the Administrative Services to the Debtors are set forth in the Services Agreement.  BMC's rates are competitive and comparable to the rates BMC's competitors charge for similar services, and are reasonable given the quality of BMC's services and BMC's bankruptcy expertise.  Additionally, BMC will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Services Agreement.

12. BMC intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the services it provides pursuant to this Application, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the US Trustee and orders of this Court.

13. The Feil Declaration represents that, to the best of Tinamarie Feil's knowledge, BMC is not connected with the Debtors, their creditors, the US Trustee or any person employed by the Office of the US Trustee, and that, to the best of BMC's knowledge, after due inquiry, BMC does not by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which it is to be engaged.  Based upon the Feil Declaration, BMC is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.  Should BMC discover any relevant facts or relationships bearing on the matters

described herein, BMC will use reasonable efforts to promptly file a supplemental declaration with the Court.

## Basis for Relief

14. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

15. To help manage administrative tasks with respect to the large number of creditors, equity security holders, and other parties in interest involved in the Debtors' chapter 11 cases, the Debtors submit that expansion of BMC's employment is both necessary and in the best interests of the Debtors and their estates. Accordingly, the Debtors submit that Court approval of BMC to provide the Administrative Services is warranted.

## Notice

16. Notice of this Expansion Application shall be provided to: (a) BMC, (b) the US Trustee, (c) counsel to the Committee, (d) the United States Attorney's Office for the District of Delaware, (e) the Securities and Exchange Commission and (f) those parties requesting notice pursuant to Bankruptcy Rule 2002.

*[remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) granting relief requested herein; and (b) granting to the Debtors such other and further relief as the Court may deem just and proper.

Dated: September 30, 2013  
   Wilmington, Delaware

Respectfully submitted,

 /s/ Stuart M. Brown  
Stuart M. Brown (DE 4050)  
DLA PIPER LLP (US)  
1201 North Market Street, Suite 2100  
Wilmington, Delaware 19801  
Telephone: (302) 468-5700  
Facsimile: (302) 394-2341  
Email: stuart.brown@dlapiper.com

  -and-

Richard A. Chesley (IL 6240877)  
Chun I. Jang (DE 4790)  
Daniel M. Simon (IL 6297629)  
DLA PIPER LLP (US)  
203 N. LaSalle Street, Suite 1900  
Chicago, Illinois 60601  
Telephone: (312) 368-4000  
Facsimile: (312) 236-7516  
Email: richard.chesley@dlapiper.com  
    chun.jang@dlapiper.com  
    daniel.simon@dlapiper.com

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION