IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| OSH 1 Liquidating Corporation (f/k/a In re : | |
| Orchard Supply Hardware Stores Corporation), : | Case No. 13-11565 (CSS) |
| *et al.*, : | (Jointly Administered) |
| : | |
| Debtors.[1] : | **Re: Docket No(s). 625** |

## ORDER GRANTING SEAN GORDON, ANDREA GORDON AND ALEXIS HANNAN-JOHNSON (A MINOR) LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the motion of Sean Gordon, Andrea Gordon and Alexis Hannan-Johnson (a minor) (the "Gordons" or the "Movants") for relief from the automatic stay (the "Motion"); and it appearing that due and adequate notice was provided under the circumstances; and after counsel to the Gordons represented to this Court on the record that, at the Debtors' request, the Gordons will not take any affirmative action to advance the prosecution of the State Court Action prior to December 31, 2013 (provided, however, that the Gordons may defend their interests in the event another party in the State Court Action (including the Debtors) files or makes an affirmative request for relief prior to December 31, 2013); and after due consideration of the Motion and any responses thereto;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as provided herein.

2. The automatic stay of 11 U.S.C. § 362(a) is hereby modified and lifted to permit the Gordons to pursue the State Court Action, said relief being limited to allowing the Gordons

---

[1] The Debtors are the following three entities: OSH 1 Liquidating Corporation, OSH 2 Liquidating LLC, and OSH 3 Liquidating LLC f/k/a Orchard Supply Hardware Stores Corporation. The mailing address of each of the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., One Front Street, Suite 1600, San Francisco, CA 94111 (Attn: Andrew J. Hinkelman).

to liquidate and collect on their claims via a negotiated resolution or judgment in an amount not to exceed the Debtors' applicable insurance coverage.[2]

3. Nothing herein (i) alters or amends the terms and conditions of any insurance policies issued to the Debtors by ACE American Insurance Company or any of its affiliates (collectively, "ACE") or of any related agreements; (ii) relieves the Debtors of their obligations under the aforementioned policies to pay any retentions or to pay (or reimburse ACE for) any deductibles; (iii) relieves the Debtors or ACE of any of their other obligations under the insurance policies and related agreements; (iv) creates a direct right of action by the Movants against ACE or by ACE against the Movants; or (v) precludes or limits, in any way, the rights of ACE to contest and/or litigate the existence, primacy and/or scope of available coverage under any alleged applicable policy; provided, however, that each of the foregoing clauses in romanettes (i – v) does not waive and/or modify the provisions of the Bankruptcy Code (including the automatic stay of 11 U.S.C. § 362) to the extent applicable, except that ACE has relief from the automatic stay of 11 U.S.C. § 362 (to the extent applicable) to administer, defend, settle and/or pay the movants' claim subject to the terms of any applicable insurance policy (including, but not limited to, draw upon any collateral and/or security including any letters of credit in relation thereto).

4. This Order shall not be stayed; the Order shall be effective immediately.

Dated: November 22, 2013
Wilmington, Delaware

*(signed)*
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

---

[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Motion.