IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OSH 1 Liquidating Corporation (f/k/a In re: Orchard Supply Hardware Stores Corporation), et al., | ) ) ) | Case No. 13-11565 (CSS) |
| | ) | Jointly Administered |
| | ) | |
| Debtors.[1] | ) | |

**Objection Deadline: February 5, 2014 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

## THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD FROM SEPTEMBER 1, 2013 THROUGH SEPTEMBER 30, 2013

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Effective nunc pro tunc to June 26, 2013 by order signed on or about August 2, 2013 |
| Period for which Compensation and Reimbursement is Sought: | September 1, 2013 through September 30, 2013[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $35,162.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 1,002.70 |

This is a:      x monthly      interim      final application.

The total time expended for fee application preparation is approximately 4.0 hours

and the corresponding compensation requested is approximately $1,600.00.

---

[1] The Debtors are the following three entities: OSH 1 Liquidating Corporation, OSH 2 Liquidating LLC, and OSH 3 Liquidating LLC f/k/a Orchard Supply Hardware Stores Corporation. The mailing address of each of the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., One Front Street, Suite 1600, San Francisco, CA 94111 (Attn: Andrew Hinkelman).
[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 09/26/13 | 06/26/13 – 07/31/13 | $554,201.50 | $24,860.42 | $554,201.50 | $22,576.37[3] |
| 11/21/13 | 08/01/13 – 08/31/13 | $ 72,415.00 | $17,630.53 | $ 70,165.00[4] | $15,867.71[5] |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bruce Grohsgal | Partner 2003; Member of PA Bar since 1984; Member of DE Bar since 1997 | $750.00 | 1.20 | $    900.00 |
| Bradford J. Sandler | Partner 2010; Member of PA and NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $750.00 | 21.60 | $16,200.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $745.00 | 0.20 | $    149.00 |
| James E. O'Neill | Partner 2005; Member of PA Bar since 1985; Member of DE Bar since 2001 | $695.00 | 2.10 | $ 1,459.50 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $695.00 | 5.60 | $ 3,892.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $595.00 | 9.30 | $ 5,533.50 |
| Peter J. Keane | Associate 2010; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $425.00 | 5.20 | $ 2,210.00 |
| Karina K. Yee | Paralegal 2000 | $295.00 | 13.00 | $ 3,835.00 |
| Cheryl A. Knotts | Paralegal 2000 | $290.00 | 0.50 | $    145.00 |

---

[3]  This amount reflects a reduction of $2,284.05 to the expenses in the First Monthly Fee Application.
[4]  This amount reflects a reduction of $2,250.00 to the fees in the Second Monthly Fee Application
[5]  This amount reflects a reduction of $1,762.82 to the expenses in the Second Monthly Fee Application

| of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $195.00 | 3.30 | $ 643.50 |
| Karen S. Neil | Case Management Assistant 2001 | $195.00 | 1.00 | $ 195.00 |

**Grand Total:** $  35,162.50
**Total Hours:**      63.00
**Blended Rate:** $      558.13

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 7.80 | $ 5,759.00 |
| Bankruptcy Litigation | 3.90 | $ 2,093.00 |
| Case Administration | 12.30 | $ 3,250.50 |
| Claims Admin./Objections | 1.80 | $ 1,063.00 |
| Compensation of Professional | 10.50 | $ 5,885.00 |
| Compensation of Prof./Others | 4.80 | $ 2,217.00 |
| Executory Contracts | 2.00 | $ 1,370.00 |
| Financial Filings | 0.40 | $ 235.00 |
| Financing | 1.20 | $ 718.00 |
| General Creditors Comm. | 2.40 | $ 1,117.50 |
| Plan & Disclosure Statement | 15.30 | $11,102.00 |
| Stay Litigation | 0.60 | $ 352.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Delivery/Courier Service | Digital Legal | $269.09 |
| Court Research | Pacer | $191.30 |
| Postage | US Mail | $ 31.61 |
| Reproduction Expense | | $471.00 |
| Reproduction Scan/Copy | | $ 39.70 |

---

[6] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OSH 1 Liquidating Corporation (f/k/a In | ) | Case No. 13-11565 (CSS) |
| re: Orchard Supply Hardware Stores | ) | |
| Corporation), et al., | ) | Jointly Administered |
| | ) | |
| Debtors.[1] | ) | |

**Objection Deadline: February 5, 2014 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

## THIRD MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD FROM SEPTEMBER 1, 2013 THROUGH SEPTEMBER 30, 2013

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's "Order Granting Motion of the Debtors and Debtors in

Possession for an Administrative Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals," signed on or about July 11, 2013 (the

"Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel

to the Official Committee of Unsecured Creditors, hereby submits its Third Monthly Application

for Compensation and for Reimbursement of Expenses for the Period from September 1, 2013

through September 30, 2013 (the "Application").

---

[1] The Debtors are the following three entities: OSH 1 Liquidating Corporation, OSH 2 Liquidating LLC, and OSH 3 Liquidating LLC f/k/a Orchard Supply Hardware Stores Corporation. The mailing address of each of the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., One Front Street, Suite 1600, San Francisco, CA 94111 (Attn: Andrew Hinkelman).

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $35,162.50 and actual and necessary expenses in the amount of $1,002.70 for a total allowance of $36,165.20 and payment of $28,130.00 (80% of the allowed fees) and reimbursement of $1,002.70 (100% of the allowed expenses) for a total payment of $29,132.70 for the period September 1, 2013 through September 30, 2013 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1.      On June 17, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 26, 2013, an official committee of unsecured creditors (the "Committee") was appointed in these cases. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about July 11, 2013, the Court signed the Administrative Order, authorizing certain professionals and members of the Committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty (20) days after service of the monthly fee application the Debtors are authorized to pay the

Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending August 31, 2013, and at three-month intervals thereafter, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4.       The retention of PSZ&J, as counsel to the Committee, was approved effective as of June 26, 2013 by this Court's "Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to June 26, 2013", signed on or about August 2, 2013 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5.       All services for which PSZ&J requests compensation were performed for or on behalf of the Committee.

6.       PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received no retainer in this matter.

**Fee Statements**

7.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order.  PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Committee for the receipt of faxes in these cases.

10.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

12.      The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.    PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

14.    The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Disposition

15.    This category relates to the sale or other disposition of assets. During the Interim Period, the Firm, among other things: (1) attended to issues regarding the Lowes matter; (2) reviewed and analyzed sale objections; (3) attended to issues regarding accounts receivable;

(4) performed work regarding a designation rights agreement; and (5) conferred and corresponded regarding asset disposition matters.

Fees: $5,759.00;      Hours: 7.80

**B.      Bankruptcy Litigation**

16.      The category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) performed work regarding Agenda Notices and Hearing Binders; (2) prepared for and attended a settlement hearing on September 4, 2013; and (3) conferred and corresponded regarding bankruptcy litigation matters.

Fees: $2,093.00;      Hours: 3.90

**C.      Case Administration**

17.      This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained service lists; (3) performed work regarding Hearing Binders; and (4) maintained document control.

Fees: $3,250.50;      Hours: 12.30

**D.      Claims Administration and Objections**

18.      This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) attended to issues regarding a bar date motion and order; (2) attended to issues regarding claims and claim objections; and (3) corresponded and conferred regarding claim issues.

Fees: $1,063.00;      Hours: 1.80

**E.        Compensation of Professionals**

19.        This category relates to work regarding the compensation of the Firm. During the Interim Period, the Firm, among other things, performed work regarding the Firm's June, July and August 2013 monthly fee applications, and monitored the status and timing of fee applications.

Fees:  $5,885.00;        Hours:  10.50

**F.        Compensation of Professionals--Others**

20.        This category relates to work regarding the compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) attended to issues regarding the A&M matter; (2) reviewed and analyzed fee applications; and (3) performed wok regarding Committee member expenses.

Fees:  $2,217.00;        Hours:  4.80

**G.        Executory Contracts**

21.        The category relates to issues regarding executory contracts and unexpired leases.  During the Interim Period, the Firm, among other things, reviewed and analyzed a rejection motion and order, and corresponded regarding lease issues.

Fees:  $1,370.00;        Hours:  2.00

**H.        Financial Filings**

22.        This category relates to work regarding compliance with reporting requirements.  During the Interim Period, the Firm, among other things, attended to issues regarding Monthly Operating Reports, and reviewed and analyzed amended Schedules.

Fees:  $235.00;        Hours:  0.40

**I.      Financing**

23.      This category relates to work regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) performed work regarding an order extending challenge period; (2) performed work regarding a Bankruptcy Rule 9019 settlement motion; and (3) corresponded regarding financing issues.

Fees:  $718.00;        Hours:  1.20

**J.      General Creditors Committee**

24.      This category relates to general Committee issues.  During the Interim Period, the Firm, among other things:  (1) performed work regarding Committee quarterly certifications; (2) performed work regarding a certification letter to the Office of the United States Trustee; and (3) corresponded and conferred regarding Committee issues.

Fees:  $1,117.50;        Hours:  2.40

**K.      Plan and Disclosure Statement**

25.      This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Interim Period, the Firm, among other things: (1) attended to exit issues; (2) attended to timing issues; (3) reviewed and revised a Plan; (4) attended to issues regarding a liquidating trustee; and (5) corresponded and conferred regarding Plan issues.

Fees:  $11,102.00;      Hours:  15.30

L.    **Stay Litigation**

26.    This category relates to issues regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things, reviewed and analyzed the Sampson motion and the Debtors' response.

Fees: $352.50;        Hours:  0.60

**Valuation of Services**

27.    Attorneys and paraprofessionals of PSZ&J expended a total 63.00 hours in connection with their representation of the Committee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bruce Grohsgal | Partner 2003; Member of PA Bar since 1984; Member of DE Bar since 1997 | $750.00 | 1.20 | $    900.00 |
| Bradford J. Sandler | Partner 2010; Member of PA and NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $750.00 | 21.60 | $16,200.00 |
| John D. Fiero | Partner 2002; Member of CA Bar since 1988 | $745.00 | 0.20 | $    149.00 |
| James E. O'Neill | Partner 2005; Member of PA Bar since 1985; Member of DE Bar since 2001 | $695.00 | 2.10 | $  1,459.50 |
| Shirley S. Cho | Of Counsel 2009; Member of CA Bar since 1997; Member of NY Bar since 2002 | $695.00 | 5.60 | $  3,892.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $595.00 | 9.30 | $  5,533.50 |
| Peter J. Keane | Associate 2010; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $425.00 | 5.20 | $  2,210.00 |
| Karina K. Yee | Paralegal 2000 | $295.00 | 13.00 | $  3,835.00 |
| Cheryl A. Knotts | Paralegal 2000 | $290.00 | 0.50 | $    145.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $195.00 | 3.30 | $ 643.50 |
| Karen S. Neil | Case Management Assistant 2001 | $195.00 | 1.00 | $ 195.00 |

Grand Total: $ 35,162.50
Total Hours: 63.00
Blended Rate: $ 558.13

28.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Committee during the Interim Period is $35,162.50.

29.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period September 1, 2013 through September 30, 2013, an interim allowance be made to PSZ&J for compensation in the amount of $35,162.50 and actual and necessary expenses in the amount of $1,002.70 for a total allowance of $36,165.20 and payment of $28,130.00 (80% of the allowed fees) and

reimbursement of $1,002.70 (100% of the allowed expenses) be authorized for a total payment of

$29,132.70, and for such other and further relief as this Court may deem just and proper.

Dated: January 16, 2014            PACHULSKI STANG ZIEHL & JONES LLP


                         /s/ Laura Davis Jones
            Laura Davis Jones (Bar No. 2436)
            Bradford J. Sandler (DE Bar No. 4142)
            John D. Fiero (CA Bar No. 136557)
            James E. O'Neill (DE Bar No. 4042)
            919 North Market Street, 17th Floor
            Wilmington, DE  19801
            Telephone:  (302) 652-4100
            Facsimile:  (302) 652-4400
            Email: ljones@pszjlaw.com
                   bsandler@pszjlaw.com
                   jfiero@pszjlaw.com
                   joneill@pszjlaw.com

            Counsel for the Official Committee of Unsecured Creditors

## DECLARATION

STATE OF DELAWARE    :
                     :
COUNTY OF NEW CASTLE :

        Laura Davis Jones, after being duly sworn according to law, deposes and says:

        a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Committee.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about July 11, 2013 and submit that the Application substantially complies with such Rule and Order.

                                   /s/ Laura Davis Jones
                                   Laura Davis Jones