## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                    :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| OSH 1 Liquidating Corporation (f/k/a In re: Orchard Supply Hardware Stores Corporation), *et al.*,[1] | : : | Case No. 13-11565 (CSS) (Jointly Administered) |
| | : | |
| Debtors. | : : | **Obj. Deadline: March 4, 2014 at 4:00 p.m. (ET)** **Hrg. Date: March 11, 2014 at 10:00 a.m. (ET)** |

---------------------------------------------------------------x

### DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO § 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> **Substantive rights may be affected by this First Omnibus Objection and by any further objection that may be filed. Claimants receiving this First Omnibus Objection should locate their names and claims in this First Omnibus Objection and its Exhibits.**

The above-captioned debtors (collectively, the "Debtors"), by and through their undersigned counsel, DLA Piper LLP (US), hereby file this omnibus objection (the "Objection") to certain claims (the "Disputed Claims") filed against the Debtors, and listed on Exhibits A and B to the proposed form of order (the "Proposed Order"), which is attached hereto as Exhibit 2, pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, follow in parentheses): OSH 1 Liquidating Corporation f/k/a Orchard Supply Hardware Stores Corporation (4109), OSH 2 Liquidating LLC f/k/a Orchard Supply Hardware LLC (3395) and OSH 3 Liquidating LLC f/k/a OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., One Front Street, Suite 1600, San Francisco, CA 94111 (Attn: Andrew J. Hinkelman).

respectfully request entry of an order in substantially the form of the Proposed Order filed concurrently herewith.  The Disputed Claims set forth on <u>Exhibit A</u> to the Proposed Order consist of claims that were amended and superseded by subsequently-filed claims.  The Disputed Claims listed on <u>Exhibit B</u> to the Proposed Order consist of claims that are duplicates to other proofs of claim filed by the same claimant.  In support of this Objection, the Debtors rely on the *Declaration of Andrew Hinkelman in Support of the Debtors' First Omnibus (Non-Substantive) Objection to Claims Pursuant to § 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1*, attached hereto as <u>Exhibit 1</u>.  In further support of this Objection, the Debtors respectfully represent:

<u>**JURISDICTION**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

<u>**BACKGROUND**</u>

**A.      Introduction**

3.      On June 17, 2013 (the "<u>Petition Date</u>"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the "<u>Chapter 11 Cases</u>").  The Official Committee of Unsecured Creditors (the "<u>Creditors Committee</u>") was formed on June 26, 2013.  The Debtors are in possession of their properties and are continuing to act as debtors and debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

B.      **Sale And Plan Process**

4.      Upon commencing these chapter 11 cases, the Debtors pursued a bankruptcy auction process to sell substantially all of their assets to Orchard Supply Company, LLC, a wholly-owned subsidiary of Lowe's Companies, Inc. (the "Purchaser"), which acted as their stalking horse purchaser.  On August 20, 2013, the Court entered an order [Docket No. 489], authorizing, among other things, the sale of substantially all of the Debtors' assets to the Purchaser (the "Sale") for $205 million in purchase price proceeds.  The Sale closed on August 30, 2013.  As part of the Sale, the Purchaser assumed significant pre- and post-Petition Date obligations.  Specifically, Schedule 1.3(f) of the final Asset Purchase Agreement by and between the Debtors and the Purchaser (the "APA") listed approximately 1,200 vendors whose prepetition trade liabilities were being assumed by the Purchaser, totaling approximately $50 million.

5.      On April 23, 2013, the Debtors filed the *Debtors' First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 717] (the "Initial Plan") and the *Disclosure Statement for the Debtors' First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 718] (the "Disclosure Statement").  Approval of the Disclosure Statement was granted by the Court on November 13, 2013 [Docket No. 724].

6.      Following the filing of the Initial Plan, the Debtors filed the *Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 785] (the "Plan").  The Court entered an order confirming the Plan on December 20, 2013 [Docket No. 836] (the "Confirmation Order").  The effective date under the Plan has not yet occurred.

C.      **Bar Date and Proofs of Claim**

7.      On June 18, 2013, the Court entered an order appointing BMC Group, Inc. ("BMC") as claims and noticing agent for the Debtors [D.I. 47].  On October 17, 2013, the Court entered an order expanding the scope of the retention and employment of BMC to include certain administrative services related to balloting and solicitation [D.I. 655].

8.      On September 5, 2013, the Court entered an order (the "General Bar Date Order") establishing October 25, 2013 (the "General Bar Date") as the final date and time for holders of claims ("Claimants") filing proofs of claim against the Debtors' estates arising prior to the Petition Date, and approving the form and manner of notice of the General Bar Date [D.I. 540]. Pursuant to the General Bar Date Order, holders of claims pursuant to section 503(b)(9) of the Bankruptcy Code were required to file a section 503(b)(9) claim request on or before October 25, 2013, and governmental entities were required to file proofs of claim on or before December 16, 2013.

9.      Notice of the aforementioned bar dates was provided by mail and publication in accordance with the procedures outlined in the General Bar Date Order

10.     Pursuant to the terms of the Plan, all objections to Claims must be filed within 120 days of the Effective Date (the "Claims Objection Deadline").

## RELIEF REQUESTED

A.      **Amended or Superseded Claims**

11.     The Disputed Claims identified on Exhibit A to the Proposed Order (the "Amended Claims") are those Claims that have been amended and superseded by subsequently-filed proofs of claim identified under the column titled "Remaining Claim Number" on Exhibit A to the Proposed Order.  The Amended Claims, thus, no longer represent valid Claims against the Debtors' estates.  Failure to disallow the Amended Claims will result in

the applicable Claimants receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other creditors in these cases.

12.    Therefore, the Debtors object to the allowance of each of the Amended Claims included on <u>Exhibit A</u> to the Proposed Order and request that such Amended Claims under the column heading "<u>Amended Claim to be Disallowed</u>" be disallowed.  If the Debtors' objection to the Amended Claims is sustained, the Claims listed under the column heading "<u>Remaining Claim Number</u>" will remain on the claims register, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits.  Therefore, any Claimant holding an Amended Claim will suffer no prejudice by having the Amended Claim disallowed.

**B.    Duplicate Claims**

13.    Each Claim listed on <u>Exhibit B</u> to the Proposed Order is an alleged claim that is identical to another proof of claim filed by the same claimant.  None of the proofs of claim contain any information or documentation supporting why the same Claim should be allowed in its entirety twice.  The elimination of redundant claims will enable the Debtors to maintain a claims register that more accurately reflects the claims that have been asserted in these Chapter 11 Cases.

14.    Accordingly, the Debtors object to the allowance of each of the Duplicate Claims included on <u>Exhibit B</u> to the Proposed Order and request that such Duplicate Claims under the column heading "<u>Duplicate Claim to be Disallowed</u>" be disallowed in their entirety.  If the Debtors' objection to the Duplicate Claims is sustained, the Claims listed under the column heading "<u>Remaining Claim Number</u>" will remain on the claims register, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits.  Therefore, any

Claimant holding a Duplicate Claim will suffer no prejudice by having the Duplicate Claims disallowed.

## APPLICABLE AUTHORITY

15.     Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . .  such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

16.     The Debtors believe the Disputed Claims noted above are unenforceable against the Debtors for the reasons set forth above.   Therefore, pursuant to sections 502(b)(1) and 502(b)(9) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors respectfully request that the Court enter an order disallowing the Amended Claims and Duplicate Claims, as set forth on Exhibits A and B to the Proposed Order, respectively.

## RESPONSES TO THE OBJECTION

17.     Filing and Service of Responses:  To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Bankruptcy Court and the parties in the following paragraph no later than 4:00 p.m. (ET) on March 4, 2014 (the "Response Deadline").   Claimants should locate their names and claims in this Objection, and carefully review the Proposed Order and the exhibits attached thereto.   A Response must address each ground upon which the Debtors object to a particular claim.   A hearing (the "Hearing") to consider the Debtors' Objection shall be held on March 11, 2014 at 10:00 a.m. (ET), before the Honorable Christopher S. Sontchi, United States Bankruptcy

Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801.

18.    Every Response must be filed and served upon the following entities at the following addresses:  (i) Office of the Clerk of the United States Bankruptcy Court; (ii) DLA Piper LLP (US), 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801, Attn: Stuart Brown, Esq. (iii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attn:  Robert F. Poppiti, Jr., Esq.

19.    <u>Content of Responses</u>:  Every Response to the Objection must contain, at a minimum, the following:

(a)    a caption setting forth the name of the Court, the above-referenced case number and the title of the Objection to which the Response is directed; the name of the Claimant and description of the basis for the amount of the Claim;

(b)    a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing;

(c)    all documentation or other evidence of the Claim in question, to the extent not already included with the Claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;

(d)    the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the Claimant; and

(e)    the name, address, telephone number, and fax number of the person(s) (who may be the Claimant or a legal representative thereof) to whom the Debtors should serve any reply to the Response.

20.    <u>Timely Response Required; Hearing; Replies</u>:  If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to

reach a consensual resolution with the applicable Claimant.  If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on March 11, 2014 at 10:00 a.m. (ET), or such other date and time as parties filing Responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

21.     Adjournment of Hearing:  The Debtors reserve the right to adjourn the Hearing on any Claim included in this Objection.  In the event that the Debtors adjourn the Hearing, they will state that the Hearing on that particular Claim referenced in this Objection, and/or Response, has been adjourned on the agenda for the Hearing on this Objection, which agenda will be served on the person designated by the Claimant in each Response.

22.     If a Claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order without further notice to the Claimant.

23.     Separate Contested Matter:  Each of the Disputed Claims and the Debtors' objections thereto, as asserted in this Objection, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by the Court with respect to an objection asserted herein shall be deemed a separate order with respect to each such Amended Claim and/or Duplicate Claim.

## **RESERVATION OF RIGHTS**

24.     The Debtors expressly reserve the right to amend, modify or supplement this Objection and to file additional objections to any proofs of claim filed in these Chapter 11 Cases including, without limitation, objections as to the liability, amount or priority of any Claims listed on Exhibits A and B to the Proposed Order.  Should one or more of the grounds for this

Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim listed on Exhibits A and B to the Proposed Order on any other ground.

## STATEMENT OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

25.    The undersigned representative of DLA Piper LLP (US) has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

## FURTHER INFORMATION

26.    Questions about or requests for additional information about this Objection should be directed to the Debtors' counsel in writing at the following address: DLA Piper LLP (US), 203 North LaSalle St., Suite 1900, Chicago, Illinois 60601 (Attn: Daniel Simon, Esq.).

27.    Claimants should not contact the Clerk of the Court to discuss the merits of their proofs of claim or this Objection.

## NOTICE

28.    The Debtors have provided notice of this Objection to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the agent for the Senior Secured Term Loan Lenders; (iii) counsel to the Creditors' Committee; (iv) all parties that have filed a notice of appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002; and (v) each of the claimants identified on Exhibits A and B to the Proposed Order.

*[remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order attached hereto as Exhibit 2: (a) granting the relief requested herein; and (b) granting to the Debtors such other and further relief as the Court may deem just and proper.

Dated:  February 7, 2014          Respectfully submitted,
        Wilmington, Delaware

                                   /s/ Stuart M. Brown
                                  Stuart M. Brown (DE 4050)
                                  DLA PIPER LLP (US)
                                  1201 North Market Street, Suite 2100
                                  Wilmington, Delaware 19801
                                  Telephone:  (302) 468-5700
                                  Facsimile:  (302) 394-2341
                                  Email:    stuart.brown@dlapiper.com

                                          -and-

                                  Richard A. Chesley (IL 6240877)
                                  Chun I. Jang (DE 4790)
                                  Daniel M. Simon (IL 6297629)
                                  DLA PIPER LLP (US)
                                  203 N. LaSalle Street, Suite 1900
                                  Chicago, Illinois 60601
                                  Telephone:  (312) 368-4000
                                  Facsimile:  (312) 236-7516
                                  Email:    richard.chesley@dlapiper.com
                                            chun.jang@dlapiper.com
                                            daniel.simon@dlapiper.com

                                  ATTORNEYS FOR DEBTORS AND DEBTORS IN
                                  POSSESSION