## EXHIBIT A

**Claim 984**

B10 (Official Form 10) (04/13)

| United States Bankruptcy Court _____ District of <u>Delaware</u> | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>Orchard Supply Hardware Stores Corporation | Case Number:<br><br>13-11565 (CSS) | |
|---|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

<u>Alexzandrah Andrade, et al.</u>

Name and address where notices should be sent:
Alan W. Forsley
Fredman Lieberman LLP
1875 Century Park East, Suite 2200
Los Angeles, CA 90067
Telephone number: (310) 284-7350   email: awf@fl-lawyers.net

Name and address where payment should be sent (if different from above):



Telephone number:                email:

**RECEIVED**

**OCT 24 2013**

**BMC GROUP**

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
   (*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $<u>4,999,999.00</u>_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** <u>California class action lawsuit for unpaid wages (see attached).</u>
   (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**<br><br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ <u>0.00</u>_____

Annual Interest Rate <u>0.00</u> % ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$<u>0.00</u>_____

Basis for perfection: _____

Amount of Secured Claim:  $<u>0.00</u>_____

Amount Unsecured:  $<u>0.00</u>_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$<u>1,500,000.00</u>_____

OSH

00984

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10

B10 (Official Form 10) (04/13)                                                                                                                                    2

---

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Alan W. Forsley
Title:  Attorney
Company:  Fredman Lieberman LLP                                   _Alan W. Forsley_                    October 23 2013
Address and telephone number (if different from notice address above):        (Signature)                    (Date)

Fredman Lieberman LLP
1875 Century Park East, Suite 2200
Los Angeles, CA 90067
Telephone number: (310) 284-7350    email: awf@fl-lawyers.net

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

Plaintiff Alexandrah Andrade ("Plaintiff") formerly worked as a non-exempt "cashier/nursery associate" at Debtor's store located in Visalia, California. Plaintiff brings her claims as a class action on behalf of all current and former employees employed by Debtor from November 19, 2008 to the present.

This Matter alleges five claims under California law: (1) unpaid minimum wages; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (3) failure to timely pay wages upon termination; (4) non-compliant wage statements; (5) unfair competition under California Business & Professions Code §17200 *et seq*. This matter also seeks penalties pursuant to the California Private Attorneys General Act of 2004 ("PAGA.")

Because the bankruptcy filing stayed the action against Debtor, Plaintiff has not been able to conduct sufficient class discovery to fully evaluate the claims. Accordingly, at this juncture Plaintiff estimates class damages at under $5 million, but reserves the right to amend her claim at a later time.

1  Melissa Grant (SBN 205633)
   Melissa.Grant@capstonelawyers.com
2  Arnab Banerjee (SBN 252618)
   Arnab.Banerjee@capstonelawyers.com
3  Suzy E. Lee (SBN 271120)
   Suzy.Lee@capstonelawyers.com
4  Capstone Law APC
   1840 Century Park East, Suite 450
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiff Alexzandrah Andrade

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF SANTA CLARA

11

12  ALEXZANDRAH ANDRADE,                    Case No.: 112CV236352
    individually, and on behalf of other
13  members of the general public similarly   **FIRST AMENDED CLASS ACTION
    situated, and as aggrieved employees       COMPLAINT & ENFORCEMENT
14  pursuant to the Private Attorneys General  UNDER THE PRIVATE ATTORNEYS
    Act ("PAGA"),                              GENERAL ACT, CALIFORNIA LABOR
15                                             CODE §§ 2698 *ET SEQ.***
              Plaintiff,
16                                             (1)  Violation of California Labor Code
         vs.                                        §§ 1194, 1197, and 1197.1 (Unpaid
17                                                  Minimum Wages);
    ORCHARD SUPPLY HARDWARE              (2)  Violation of California Labor Code
18  STORES CORPORATION, a Delaware            §§ 226.7 & 512(a) (Unpaid Meal Period
    corporation; and DOES 1 through 10,       Premiums);
19  inclusive,                            (3)  Violation of California Labor Code
                                               § 226.7 (Unpaid Rest Period Premiums);
20            Defendants.                 (4)  Violation of Labor Code §§ 201 and 202
                                               (Wages Not Timely Paid Upon
21                                             Termination);
                                         (5)  Violation of California Labor Code
22                                             §226(a) (Non-Compliant Wage
                                               Statements);
23                                       (6)  Violation of Labor Code §§ 2698, *et seq.*
                                               ("PAGA"); and
24                                       (7)  Violation of California Business &
                                               Professions Code §§ 17200, *et seq.*
25
                                         **Jury Trial Demanded**
26

27

28

ENDORSED

2013 JAN 23  P 3: 35

BY FAX

1    Plaintiff, individually and on behalf of all other members of the public similarly

2 situated, alleges as follows:

3 **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to California Code of Civil Procedure

5 section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal

6 jurisdiction limits of the Superior Court and will be established according to proof at trial.

7    2.    This Court has jurisdiction over this action pursuant to the California

8 Constitution, Article VI, section 10.  The statutes under which this action is brought do not

9 specify any other basis for jurisdiction.

10    3.    This Court has jurisdiction over all Defendants because, upon information and

11 belief, Defendants are either citizens of California, have sufficient minimum contacts in

12 California, or otherwise intentionally avail themselves of the California market so as to render

13 the exercise of jurisdiction over them by the California courts consistent with traditional

14 notions of fair play and substantial justice.

15    4.    Venue is proper in this Court because, upon information and belief, Defendants

16 reside, transact business, or have offices in this county, and the acts and omissions alleged

17 herein took place in this county.  In addition, Defendants maintain their principal place of

18 business in San Jose, California, in the county of Santa Clara.

19    5.    California Labor Code sections 2699 *et seq.*, PAGA, authorizes aggrieved

20 employees to sue directly for various civil penalties under the California Labor Code.

21    6.    Plaintiff timely provided notice November 27, 2012 to the California Labor and

22 Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor

23 Code section 2699.3.

24 **THE PARTIES**

25    7.    Plaintiff ALEXZANDRAH ANDRADE is a resident of Los Angeles County,

26 California.

27    8.    Defendant ORCHARD SUPPLY HARDWARE STORES CORPORATION,

28 was and is, upon information and belief, a Delaware corporation that maintains its principal

FIRST AMENDED CLASS ACTION COMPLAINT

1    place of business in California, does business in California, and at all times hereinafter

2    mentioned, is an employer whose employees are engaged throughout this county, the State of

3    California, or the various states of the United States of America.  Therefore, ORCHARD

4    SUPPLY HARDWARE STORES CORPORATION is a resident of both Delaware and

5    California for purposes of diversity and otherwise.

6         9.    Plaintiff is unaware of the true names or capacities of the Defendants sued

7    herein under the fictitious names DOES 1 through 10 but will seek leave of this Court to

8    amend the complaint and serve such fictitiously named Defendants once their names and

9    capacities become known.

10         10.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

11    are the partners, agents, owners, shareholders, managers or employees of ORCHARD

12    SUPPLY HARDWARE STORES CORPORATION, at all relevant times.

13         11.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

14    acts and omissions alleged herein was performed by, or is attributable to, ORCHARD

15    SUPPLY HARDWARE STORES CORPORATION and/or DOES 1 through 10 (collectively

16    "Defendants"), each acting as the agent for the other, with legal authority to act on the others'

17    behalf.  The acts of any and all Defendants represent and were in accordance with Defendants'

18    official policy.

19         12.    At all relevant times, Defendants, and each of them, ratified each and every act

20    or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

21    and abetted the acts and omissions of each and all the other Defendants in proximately causing

22    the damages herein alleged.

23         13.    Plaintiff is informed and believes, and thereon alleges, that each of said

24    Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

25    omissions, occurrences, and transactions alleged herein.

26                        **CLASS ACTION ALLEGATIONS**

27         14.    Plaintiff brings this action on her own behalf, as well as on behalf of each and

28    all other persons similarly situated, and thus seeks class certification under California Code of

1  Civil Procedure section 382.

2      15.    All claims alleged herein for which Plaintiff seeks relief authorized by

3  California law arise under California law.

4      16.    Plaintiff's proposed class consists of and is defined as follows:

5
6
7  > All non-exempt or hourly paid associates and cashiers, or persons who worked in similar positions with similar duties, who worked at an Orchard Supply Hardware store location within four years prior to the filing of this complaint until the date of certification ("Class").

8      17.    Plaintiff's first proposed subclass consists of and is defined as follows:

9
10
11  > All non-exempt or hourly paid associates and cashiers, or persons who worked in similar positions with similar duties, who worked at an Orchard Supply Hardware store location within one year prior to the filing of this complaint until the date of certification ("One Year Class").

12      18.    Plaintiff's second proposed subclass consists of and is defined as follows:

13
14
15  > All non-exempt hourly employees who worked as cashiers at an Orchard Supply Hardware store in California within one year prior to the filing of this complaint until the date of certification ("Cashier Subclass").

16      19.    Plaintiff reserves the right to redefine the class and subclasses above and to

17  establish additional subclasses as appropriate based on discovery and specific theories of

18  liability.

19      20.    Members of the Class, One Year Class, and Cashier Subclass will be referred to

20  hereinafter as "class members."

21      21.    There are common questions of law and fact as to class members that

22  predominate over questions affecting only individual members, including, but not limited to:

23      (a)    Whether Defendants required Plaintiff and class members to work off-

24      the-clock without payment;

25      (b)    Whether Defendants failed to pay at least minimum wages for all hours

26      worked by Plaintiff and class members;

27      (c)    Whether Defendants deprived Plaintiff and class members of meal

28      periods or required Plaintiff and class members to work during meal

1    periods without compensation;

2    (d)    Whether Defendants deprived Plaintiff and class members of rest

3    periods or required Plaintiff and class members to work during rest

4    periods without compensation;

5    (e)    Whether Defendants complied with wage reporting as required by

6    California Labor Code section 226(a);

7    (f)    Whether Defendants failed to timely pay all earned wages to Plaintiff

8    and class members during their employment;

9    (g)    Whether Defendants failed and/or refused to permit Plaintiff and

10    Cashier Subclass members to sit when it would not have otherwise

11    interfered with their job duties as required by California Code of

12    Regulations, Title 8, section 11070, subsection 14;

13    (h)    Whether Defendants failed to timely pay minimum wages and meal and

14    rest period premiums due to Plaintiff and class members upon their

15    discharge;

16    (i)    Whether Defendants engaged in unfair business practices in violation of

17    California Business & Professions Code sections 17200, *et seq.*; and

18    (j)    The appropriate amount of damages, restitution, or monetary penalties

19    resulting from Defendants' violations of California law.

20    22.    There is a well-defined community of interest in the litigation, and the class

21    members are readily ascertainable:

22    (a)    Numerosity:  The class members are so numerous that joinder of all

23    members would be unfeasible and impractical.  The membership of the

24    entire class is unknown to Plaintiff at this time; however, the class is

25    estimated to be greater than one hundred (100) individuals and the

26    identity of such membership is readily ascertainable by inspection of

27    Defendants' employment records.

28    (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

FIRST AMENDED CLASS ACTION COMPLAINT

1  protect the interests of each class member with whom she has a well-

2  defined community of interest, and Plaintiff's claims (or defenses, if

3  any) are typical of all class members' as demonstrated herein.

4  (c)  Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

5  protect the interests of each class member with whom she has a well-

6  defined community of interest and typicality of claims, as demonstrated

7  herein.  Plaintiff acknowledges that she has an obligation to make

8  known to the Court any relationship, conflicts or differences with any

9  class member.  Plaintiff's attorneys, the proposed class counsel, are

10  versed in the rules governing class action discovery, certification, and

11  settlement.  Plaintiff has incurred, and throughout the duration of this

12  action will continue to incur, costs and attorneys' fees that have been,

13  are and will be necessarily expended for the prosecution of this action

14  for the substantial benefit of each class member.

15  (d)  Superiority:  The nature of this action makes the use of class action

16  adjudication superior to other methods.   A class action will achieve

17  economies of time, effort and expense as compared with separate

18  lawsuits and will avoid inconsistent outcomes because the same issues

19  can be adjudicated in the same manner and at the same time for the

20  entire class.

21  (e)  Public Policy Considerations:  Employers in the State of California

22  violate employment and labor laws every day.  Current employees are

23  often afraid to assert their rights out of fear of direct or indirect

24  retaliation.  Former employees are fearful of bringing actions because

25  they believe their former employers might damage their future

26  endeavors through negative references and/or other means.  Class

27  actions provide the class members who are not named in the complaint

28  with a type of anonymity that allows for the vindication of their rights

FIRST AMENDED CLASS ACTION COMPLAINT

1    while simultaneously protecting their privacy.

2    **GENERAL ALLEGATIONS**

3    23.    At all relevant times set forth herein, Defendants employed Plaintiff and other

4    persons as non-exempt or hourly paid associates and cashiers.

5    24.    Defendants have employed Plaintiff ALEXZANDRAH ANDRADE as a non-

6    exempt, hourly paid "Nursery Associate" and "Cashier" from July 2011 to December 2011 at

7    Defendants' Visalia, California, retail location.

8    25.    Defendants continue to employ non-exempt or hourly paid associates and

9    cashiers in various locations throughout California.

10    26.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

11    mentioned, Defendants were advised by skilled lawyers and other professionals, employees

12    and advisors knowledgeable about California labor and wage law, employment and personnel

13    practices, and about the requirements of California law.

14    27.    Plaintiff is informed and believes, and thereon alleges, that employees were not

15    paid for all hours worked, because all hours worked were not recorded.

16    28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17    should have known that Plaintiff and class members were entitled to receive at least minimum

18    wages for compensation and that, in violation of the California Labor Code, they were not

19    receiving at least minimum wages for work done off-the-clock.

20    29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21    should have known that Plaintiff and class members were entitled to receive all meal periods

22    or payment of one (1) additional hour of pay at Plaintiff and class members' regular rates of

23    pay when they did not receive a timely uninterrupted meal period, and that they did not

24    receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and class

25    members' regular rates of pay when they did not receive a timely uninterrupted meal period.

26    30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27    should have known that Plaintiff and class members were entitled to receive all rest periods or

28    payment of one (1) additional hour of pay at Plaintiff and class members' regular rates of pay

FIRST AMENDED CLASS ACTION COMPLAINT

1    when a rest period was missed, and that they did not receive all rest periods or payment of one

2    (1) additional hour of pay at Plaintiff and class members' regular rates of pay when a rest

3    period was missed.

4         31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5    should have known that Plaintiff and class members were entitled to receive complete and

6    accurate wage statements in accordance with California law.  In violation of the California

7    Labor Code, Plaintiff and class members were not provided complete and accurate wage

8    statements.

9         32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

10    should have known that Plaintiff and class members were entitled to timely payment of wages

11    during their employment.  In violation of the California Labor Code, Plaintiff and class

12    members did not receive payment of all wages, including, but not limited to, minimum wages

13    and meal and rest period premium wages, within permissible time periods.

14         33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15    should have known that Plaintiff and class members were entitled to timely payment of wages

16    upon termination.  In violation of the California Labor Code, Plaintiff and class members did

17    not receive payment of all wages, including, but not limited to, minimum wages and meal and

18    rest period premium wages, within permissible time periods.

19         34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20    should have known that Plaintiff and Cashier Subclass members were entitled to sit when it

21    did not interfere with the performance of their duties.  However, in violation of the Labor

22    Code, Defendant refused to permit Plaintiff and Cashier Subclass members to sit on the job,

23    even though their primary job duty was to work at the cash register and sitting would not have

24    interfered with their job duties.

25         35.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

26    by Defendants.

27         36.    At all times herein set forth, PAGA provides that any provision of law under

28    the California Labor Code that provides for a civil penalty to be assessed and collected by the

FIRST AMENDED CLASS ACTION COMPLAINT

1    LWDA for violations of the California Labor Code may, as an alternative, be recovered

2    through a civil action brought by an aggrieved employee on behalf of herself and other current

3    or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

4        37.    Pursuant to PAGA, a civil action under PAGA may be brought by an

5    "aggrieved employee," which is any person who was employed by the alleged violator and

6    against whom one or more of the alleged violations was committed.

7        38.    Plaintiff was employed by Defendants and the alleged violations were

8    committed against her during her time of employment, and she is, therefore, an aggrieved

9    employee.  Plaintiff and other employees are "aggrieved employees" as defined by California

10   Labor Code section 2699(c) in that they are all current or former employees of Defendants,

11   and one or more of the alleged violations were committed against them.

12       39.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

13   employee, including Plaintiff, may pursue a civil action arising under PAGA after the

14   following requirements have been met:

15               (a)    The aggrieved employee shall give written notice by certified mail

16                      (hereinafter "Employee's Notice") to the LWDA and the employer of

17                      the specific provisions of the California Labor Code alleged to have

18                      been violated, including the facts and theories to support the alleged

19                      violations.

20               (b)    The LWDA shall provide notice (hereinafter "LWDA Notice") to the

21                      employer and the aggrieved employee by certified mail that it does not

22                      intend to investigate the alleged violation within thirty (30) calendar

23                      days of the postmark date of the Employee's Notice.  Upon receipt of

24                      the LWDA Notice, or if the LWDA Notice is not provided within thirty-

25                      three (33) calendar days of the postmark date of the Employee's Notice,

26                      the aggrieved employee may commence a civil action pursuant to

27                      California Labor Code section 2699 to recover civil penalties in addition

28                      to any other penalties to which the employee may be entitled.

FIRST AMENDED CLASS ACTION COMPLAINT

40.    On November 27, 2012, Plaintiff provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3. Defendants have failed to cure any of the alleged violations.

41.    More than 33 days have passed since Plaintiff's November 27, 2012 written notice to the LWDA and the LWDA has not provided notice of its intent to investigate. Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) are satisfied, and Plaintiff is authorized to recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198.

### FIRST CAUSE OF ACTION

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

**(Against All Defendants)**

42.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 41.

43.    At all relevant times herein set forth, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission ("IWC") is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.

44.    During the relevant time period, Defendants regularly failed to pay at least minimum wages to Plaintiff and class members for off-the-clock work as required, pursuant to California Labor Code sections 1194, 1197 and 1197.1. More specifically, Plaintiff and class members regularly worked off-the-clock during meal breaks and after clocking out at the end of a closing shift. To reduce the amount of labor hours, Defendants have a policy and practice of failing adequately to staff the store locations where Plaintiff and class members worked. As a result, there were often too few employees to relieve them of all work so that they could take breaks. Plaintiff and class members were also called back to work while they were

FIRST AMENDED CLASS ACTION COMPLAINT

1    clocked out for their meal periods in order to provide customer service.  In addition,

2    Defendants have a policy and practice of requiring Plaintiff and class members to wait, after

3    having clocked out at the end of their closing shifts, until the closing manager has completed

4    his or her tasks and set the store alarm.  Because Defendants required all employees working

5    the closing shift to wait until the alarm was set and then leave together, Plaintiff and class

6    members had to wait off-the-clock until the alarm was set and everyone could leave.

7    Defendants did not pay them for the time they worked off-the-clock during their meal breaks

8    and after their closing shifts.

9         45.    Defendants' failing to pay Plaintiff and class members the minimum wage as

10   required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those

11   sections, Plaintiff and class members are entitled to recover the unpaid balance of their

12   minimum wage compensation, as well as interest, costs, and attorneys' fees.

13        46.    Pursuant to California Labor Code section 1194.2, Plaintiff and class members

14   are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

15   and interest thereon.

16   **SECOND CAUSE OF ACTION**

17   **Violations of California Labor Code, §§ 226.7 and 512(a)**

18   **(Against All Defendants)**

19        47.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein the

20   allegations contained in paragraphs 1 through 46.

21        48.    At all relevant times herein set forth, the applicable IWC Wage Order(s) and

22   California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and the other

23   class members' employment by Defendants and each of them.

24        49.    At all relevant times herein set forth, California Labor Code section 226.7

25   provides that no employer shall require an employee to work during any meal period

26   mandated by an applicable IWC order.

27        50.    At all relevant times herein set forth, California Labor Code section 512(a)

28   provides that an employer may not require, cause, or permit an employee to work for a period

1    of more than five (5) hours per day without providing the employee with a meal period of not

2    less than thirty (30) minutes, except that if the total work period per day of the employee is

3    not more than six (6) hours, the meal period may be waived by mutual consent of both the

4    employer and the employee.

5         51.    During the relevant time period, Plaintiff and the other class members who

6    were scheduled to work for a period of time no longer than six (6) hours, and who did not

7    waive their legally mandated meal periods by mutual consent, were required to work for

8    periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

9    Plaintiff worked six (6) to seven (7) hour shifts without meal periods.

10         52.    During the relevant time period, Defendants willfully required Plaintiff and

11    other members of the class to work during meal periods and failed to compensate Plaintiff and

12    members of the class for work performed during meal periods.  For example, as stated above,

13    Defendants had a policy and/or practice of failing to staff the stores adequately so that

14    Plaintiff and class members could take breaks properly.  Plaintiff and class members would

15    work through meal periods, cut their breaks short, or take meal periods after extended periods

16    of time as a result of Defendants' insufficient staffing, which forced them to wait to take

17    breaks and/or return early from breaks to work.  Defendants then failed to pay Plaintiff and

18    other class members the full meal period premium due pursuant to California Labor Code

19    section 226.7.

20         53.    Defendants' conduct violates applicable IWC Wage Order(s), and California

21    Labor Code sections 226.7 and 512(a).

22         54.    Pursuant to the applicable IWC Wage Order(s) and California Labor Code

23    section 226.7(b), Plaintiff and other members of the class are entitled to recover from

24    Defendants one (1) additional hour of pay at the employee's regular hourly rate of

25    compensation for each work day that the meal period was not provided.

26    ///

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

### THIRD CAUSE OF ACTION

#### Violation of California Labor Code § 226.7

#### (Against All Defendants)

55.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 54.

56.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff and class members' employment by Defendants.

57.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable IWC order.

58.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

59.    During the relevant time period, Defendants required Plaintiff and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  For example, as with meal breaks, Defendants' failing to staff the stores adequately and relieve Plaintiff and class members of all duties resulted in Plaintiff and class members missing their rest breaks or having their breaks interrupted by work.  Defendants then failed to pay Plaintiff and other aggrieved employees the full rest period premium due to them, pursuant to California Labor Code section 226.7.

60.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination**

**(Against All Defendants)**

61.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 60.

62.    This cause of action is derivative of and wholly dependent upon the unpaid minimum wages and unpaid meal and rest period premiums that were left unpaid upon termination.

63.    At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

64.    During the relevant time period, Defendants willfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including, but not limited to, minimum wages and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

65.    Defendants' failing to pay Plaintiff and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

66.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date and at the same rate until paid or until an action

1   is commenced, but the wages shall not continue for more than thirty (30) days.

2        67.    Plaintiff and class members are entitled to recover from Defendants the

3   statutory penalty wages for each day they were not paid, at their regular hourly rates of pay,

4   up to a thirty (30) day maximum pursuant to California Labor Code section 203.

5   **FIFTH CAUSE OF ACTION**

6   **Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

7   **(Against All Defendants)**

8        68.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

9   material allegations set out in paragraphs 1 through 67.

10       69.    At all material times set forth herein, California Labor Code section 226(a)

11  provides that every employer shall furnish each of his or her employees an accurate itemized

12  wage statement in writing, including the name and address of the legal entity that is the

13  employer, total hours worked and all applicable hourly rates, among other things.

14       70.    Defendants have intentionally and willfully failed to provide employees with

15  complete and accurate wage statements.  The deficiencies include, without limitation, failing

16  to state all hours worked as a result of failing to record and state the hours Plaintiff and class

17  members worked off-the-clock.

18       71.    As a result of Defendants' violation of California Labor Code section 226(a),

19  Plaintiff and class members have suffered injury and damage to their statutorily protected

20  rights.

21       72.    Specifically, Plaintiff and class members have been injured by Defendants'

22  intentional violation of California Labor Code section 226(a), because they were denied both

23  their legal right to receive, and their protected interest in receiving, accurate, itemized wage

24  statements under California Labor Code section 226(a).  In addition, because Defendants

25  failed to provide the accurate number of total hours worked on wage statements, Plaintiff has

26  been prevented by Defendants from determining if all hours worked were paid and the extent

27  of the underpayment.  Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time

28  records, and perform computations in order to analyze whether in fact Plaintiff was paid

FIRST AMENDED CLASS ACTION COMPLAINT

1  correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and

2  lost time.  Plaintiff would not have had to engage in these efforts and incur these costs had

3  Defendants provided the accurate number of total hours worked.  This has also delayed

4  Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

5         73.    Plaintiff and class members are entitled to recover from Defendants the greater

6  of their actual damages caused by Defendants' failing to comply with California Labor Code

7  section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

8  employee.

9                          **SIXTH CAUSE OF ACTION**

10                 **Violation of California Labor Code §§ 2698, *et seq.***

11                         **(Against All Defendants)**

12         74.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

13  material allegations set out in paragraphs 1 through 73.

14         75.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover

15  civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code

16  section 2699.5.

17         76.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

18  plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

19  under this part at any time within 60 days of the time periods specified in this part."

20         77.    Defendants' conduct, as alleged herein, violates numerous sections of the

21  California Labor Code, including, but not limited to, the following:

22              (a)    Violation of Labor Code sections 510 and 1198 for Defendants' failure

23                     to compensate other aggrieved employees with all required overtime

24                     pay as set forth more fully below;

25              (b)    Violation of Labor Code sections 1194, 1197, and 1197.1 for

26                     Defendants' failure to compensate Plaintiff and other aggrieved

27                     employees for all hours worked with at least minimum wages as herein

28                     alleged;

FIRST AMENDED CLASS ACTION COMPLAINT

(c)    Violation of Labor Code sections 226.7 and 512 for failure to provide meal and rest periods to Plaintiff and other aggrieved employees and failure to pay premium wages for missed meal and rest periods as herein alleged;

(d)    Violation of Labor Code section 226(a) for failure to provide compliant wage statements to Plaintiff and other aggrieved employees, as herein alleged;

(e)    Violation of Labor Code sections 201, 202, and 203 for failure to timely pay all earned wages to other aggrieved employees upon discharge as set forth above;

(f)    Violation of Labor Code section 204 for failure to pay all earned wages owed to Plaintiff and other aggrieved employees during employment as set forth more fully below; and

(g)    Violation of Labor Code section 1198 for failure to permit Plaintiff and Cashier Subclass members to sit when sitting would not otherwise have interfered with the performance of their job duties.

78.    California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

79.    At all relevant times, California Code of Regulations, Title 8, section 11070(14)(A) provided that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."  California Code of Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance

1   of their duties." Defendants violated California Labor Code section 1198 and the applicable

2   wage order, California Code of Regulations, Title 8, section 11070(14)(A), because

3   Defendants instructed Plaintiff and other cashiers that they were not allowed to sit while

4   working in the cash register area. Plaintiff and other Cashier Subclass members spent the vast

5   majority of their working time cashiering at Defendants' stores. The nature of cashiering is

6   such that it reasonably permits the use of seats, as it mainly involves being stationary for long

7   periods of time with limited movement. Also, Plaintiff and other aggrieved employees doing

8   primarily cashiers' work could have performed their job duties for Defendants while seated

9   without it interfering with their duties. Nevertheless, Plaintiff and other Cashier Subclass

10  members were instructed not to sit while working. Accordingly, Defendants have violated the

11  applicable wage order and Labor Code section 1198.

12          80.     California Labor Code section 1198 and the applicable IWC Wage Order

13  provide that it is unlawful to employ persons without compensating them at a rate of pay

14  either time-and-one-half (1 ½) or two (2) times that person's regular rate of pay, depending on

15  the number of hours worked by the person on a daily or weekly basis. Specifically, the

16  applicable IWC Wage Order provides that Defendants are and were required to pay aggrieved

17  employees employed by Defendants and working more than eight (8) hours in a day or more

18  than forty (40) hours in a workweek at the rate of time-and-one-half for all hours worked in

19  excess of eight (8) hours in a day or more than forty (40) hours in a workweek. California

20  Labor Code section 510 codifies the right to overtime compensation at one-and-one-half (1 ½)

21  times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty

22  (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to

23  overtime compensation at twice the regular hourly rate for hours worked in excess of twelve

24  (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work. During

25  the relevant time period, aggrieved employees worked in excess of eight (8) hours in a day, in

26  excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week. During

27  the relevant time period, aggrieved employees were not paid overtime premium for all the

28  hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a

day, and/or in excess of forty (40) hours in a week. Aggrieved employees worked off-the-clock during breaks, because Defendants had a policy and/or practice of understaffing their retail stores in an effort to reduce labor costs. As a result of Defendants' policy and/or practice, aggrieved employees were not relieved of all duties to take breaks. For example, aggrieved employees regularly worked off-the-clock during meal breaks and after clocking out at the end of a closing shift. To reduce the amount of labor hours, Defendants had and continue to have a policy and practice of failing adequately to staff their store locations where aggrieved employees worked. As a result, there were often too few employees to relieve them of all work so that they could take breaks. Aggrieved employees were also called back to work while they were clocked out for their meal periods in order to provide customer service. In addition, Defendants have a policy and practice of requiring aggrieved employees to wait, after having clocked out at the end of their closing shifts, until the closing manager completed his or her tasks and set the store alarm. Because Defendants required all employees working the closing shift to wait until the alarm was set and then leave together, aggrieved employees had to wait off-the-clock until the alarm was set and everyone could leave. Defendants did not pay them for the time they worked off-the-clock during their meal breaks and after their closing shifts. Because aggrieved employees sometimes worked eight (8) hour shifts, some of this off-the-clock time qualified for overtime premium payment. Aggrieved employees were not paid the overtime premium for overtime hours worked on-the-clock or for qualifying hours worked off-the-clock.

81.    California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period

1    shall be paid no later than the payday for the next regular payroll period.  During the relevant

2    time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to

3    them, including, but not limited to, minimum wages and meal and rest period premium wages,

4    within any time period specified by California Labor Code section 204.

5        82.    Labor Code section 558 (a) provides "[a]ny employer or other person acting on

6    behalf of an employer who violates, or causes to be violated, a section of this chapter or any

7    provision regulating hours and days of work in any order of the Industrial Welfare

8    Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty

9    dollars ($50) for each underpaid employee for each pay period for which the employee was

10   underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each

11   subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay

12   period for which the employee was underpaid in addition to an amount sufficient to recover

13   underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected

14   employee."  Labor code section 558(c) provides "[t]he civil penalties provided for in this

15   section are in addition to any other civil or criminal penalty provided by law."

16       83.    Defendants, at all times relevant to this complaint, were employers or persons

17   acting on behalf of an employer(s) who violated Plaintiff and aggrieved employees' rights by

18   violating various sections of the California Labor Code as set forth above.

19       84.    As set forth above, Defendants have violated numerous provisions of both the

20   Labor Code sections regulating hours and days of work as well as the applicable IWC order

21   and are subject to civil penalties, in addition to those provided by Labor Code sections

22   2698(a) and (f), under section 558.  Accordingly, Plaintiff seeks the remedies set forth in

23   Labor Code section 558 for herself, the State of California, and all other aggrieved employees.

24       85.    Pursuant to PAGA, and in particular California Labor Code sections 2699(a),

25   2699.3, 2699.5, 210 and 558, Plaintiff, acting in the public interest as a private attorney

26   general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all

27   other aggrieved employees, and the State of California against Defendants, in addition to other

28   remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7,

FIRST AMENDED CLASS ACTION COMPLAINT

1    510, 512(a), 1194, 1197, 1197.1, and 1198.

2    **SEVENTH CAUSE OF ACTION**

3    **Violation of California Business & Professions Code §§ 17200, *et seq.***

4    **(Against All Defendants)**

5    86.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

6    material allegations set out in paragraphs 1 through 85.

7    87.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

8    unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff seeks to

9    enforce important rights affecting the public interest within the meaning of Code of Civil

10    Procedure section 1021.5.

11    88.    Defendants' activities, as alleged herein, are violations of California law, and

12    constitute unlawful business acts and practices in violation of California Business &

13    Professions Code sections 17200, *et seq.*

14    89.    A violation of California Business & Professions Code sections 17200, *et seq.*

15    may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

16    policies and practices have violated state law in at least the following respects:

17    (a)    Failing to pay at least minimum wage to Plaintiff and class members in

18            violation of California Labor Code sections 1194, 1197 and 1197.1 and

19            the applicable IWC Order;

20    (b)    Failing to provide uninterrupted meal and rest periods or to pay

21            premium wages for missed meal and rest periods to Plaintiff and class

22            members in violation of California Labor Code sections 226.7 and 512

23            and the applicable IWC Order;

24    (c)    Failing to provide Plaintiff and class members with accurate wage

25            statements in violation of California Labor Code section 226(a) and the

26            applicable IWC Order;

27    (d)    Failing to timely pay all earned wages to Plaintiff and class members in

28            violation of California Labor Code section 204 and the applicable IWC

Page 20

First Amended Class Action Complaint

1         Order; and

2        (e)    Failing to provide seating and permit Plaintiff and Cashier Subclass

3               members to sit when sitting would not otherwise have interfered with

4               their job duties.

5      90.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

6 Plaintiff and class members are entitled to restitution of the wages withheld and retained by

7 Defendants during a period that commences four (4) years prior to the filing of this complaint;

8 a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

9 class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

10 section 1021.5 and other applicable laws; and an award of costs.

11 **REQUEST FOR JURY TRIAL**

12      Plaintiff requests a trial by jury.

13 **PRAYER FOR RELIEF**

14      Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

15 against Defendants, jointly and severally, as follows:

16      1.    For damages, restitution penalties, injunctive relief, and attorneys' fees in

17 excess of twenty-five thousand dollars ($25,000).

18 **Class Certification**

19      2.    That this case be certified as a class action;

20      3.    That Plaintiff be appointed as the representative of the Class, One Year

21 Subclass and Cashier Subclass;

22      4.    That counsel for Plaintiff be appointed as class counsel.

23 **As to the First Cause of Action**

24      5.    That the Court declare, adjudge and decree that Defendants violated California

25 Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

26 Plaintiff and class members;

27      6.    For general unpaid wages and such general and special damages as may be

28 appropriate;

1       7.    For pre-judgment interest on any unpaid compensation from the date such

2 amounts were due;

3       8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

4 California Labor Code section 1194(a);

5       9.    For liquidated damages pursuant to California Labor Code section 1194.2; and

6       10.    For such other and further relief as the Court may deem equitable and

7 appropriate.

8 **As to the Second Cause of Action**

9       11.    That the Court declare, adjudge, and decree that Defendants violated California

10 Labor Code sections 226.7 and 512(a) and applicable IWC Wage Order(s) by willfully failing

11 to provide all meal periods to Plaintiff and class members;

12       12.    That the Court make an award to the Plaintiff and class members of one (1)

13 hour of pay at each employee's regular rate of compensation for each workday that a meal

14 period was not provided;

15       13.    For all actual, consequential, and incidental losses and damages, according to

16 proof;

17       14.    For premiums pursuant to California Labor Code section 226.7(b);

18       15.    For pre-judgment interest on any unpaid meal period premiums from the date

19 such amounts were due; and

20       16.    For such other and further relief as the Court may deem equitable and

21 appropriate.

22 **As to the Third Cause of Action**

23       17.    That the Court declare, adjudge and decree that Defendants violated California

24 Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

25 rest periods to Plaintiff and class members;

26       18.    That the Court make an award to the Plaintiff and class members of one (1) hour

27 of pay at each employee's regular rate of compensation for each workday that a rest period

28 was not provided;

1       19.    For all actual, consequential, and incidental losses and damages, according to

2  proof;

3       20.    For premiums pursuant to California Labor Code section 226.7(b);

4       21.    For pre-judgment interest on any unpaid rest period premiums from the date

5  such amounts were due; and

6       22.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8                **As to the Fourth Cause of Action**

9       23.    That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code sections 201, 202 and 203 by willfully failing to pay minimum wages and meal

11  and rest period premiums owed at the time of termination of the employment of Plaintiff and

12  other terminated class members;

13       24.    For all actual, consequential and incidental losses and damages, according to

14  proof;

15       25.    For waiting time penalties according to proof pursuant to California Labor

16  Code section 203 for all employees who have left Defendants' employ;

17       26.    For pre-judgment interest on any unpaid wages from the date such amounts

18  were due; and

19       27.    For such other and further relief as the Court may deem equitable and

20  appropriate.

21                **As to the Fifth Cause of Action**

22       28.    That the Court declare, adjudge and decree that Defendants violated the

23  recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

24  Orders as to Plaintiff and class members and willfully failed to provide accurate itemized

25  wage statements thereto;

26       29.    For all actual, consequential and incidental losses and damages, according to

27  proof;

28       30.    For injunctive relief pursuant to California Labor Code section 226(h);

FIRST AMENDED CLASS ACTION COMPLAINT

1    31.    For statutory penalties pursuant to California Labor Code section 226(e); and

2    32.    For such other and further relief as the Court may deem equitable and

3    appropriate.

4    **As to the Sixth Cause of Action**

5    33.    That the Court declare, adjudge and decree that Defendants violated the

6    following California Labor Code sections as to Plaintiff and the One Year Subclass: 1194,

7    1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked); 226(a) (by

8    failing to provide accurate wage statements); 201, 202, 203, and 204 (by failing to timely pay

9    all earned wages during employment and upon termination); 226.7 and 512 (by failing to

10    provide all meal and rest periods and failing to pay meal and rest period premium wages); and

11    1198 (by failing to provide seating and failing to permit Plaintiff and Cashier Subclass

12    members to sit);

13    34.    For civil penalties and unpaid wages pursuant to California Labor Code

14    sections 2699(a) and/or 2699(f) and (g), 210, and 558, plus costs and attorneys' fees, for

15    violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a),

16    1194, 1197, 1197.1, and 1198; and

17    35.    For such other and further relief as the Court may deem equitable and

18    appropriate.

19    **As to the Seventh Cause of Action**

20    36.    That the Court declare, adjudge and decree that Defendants violated California

21    Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and class

22    members all minimum wages due to them, failing to provide accurate wage statements, failing

23    to timely pay all earned wages during employment, failing to provide seating and permit

24    Plaintiff and Cashier Subclass members to sit, failing to provide all meal and rest periods, and

25    failing to pay for all missed meal and rest periods;

26    37.    For restitution of unpaid wages to Plaintiff and all class members and

27    prejudgment interest from the day such amounts were due and payable;

28    38.    For the appointment of a receiver to receive, manage and distribute any and all

1    funds disgorged from Defendants and determined to have been wrongfully acquired by

2    Defendants as a result of violations of California Business & Professions Code sections 17200

3    *et seq.*;

4          39.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

5    California Code of Civil Procedure section 1021.5; and

6          40.     For such other and further relief as the Court may deem equitable and

7    appropriate.

8

9    Dated: January 23, 2013               Respectfully submitted,

10                                        Capstone Law APC

11

12                       By: _____

13                                Melissa Grant
                                     Arnab Banerjee

14                                Suzy E. Lee

15                                Attorneys for Plaintiff Alexzandrah Andrade

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1840 Century Park East, Suite 450, Los Angeles, California 90067.

On **January 23, 2013**, I served the document(s) described as: **FIRST AMENDED CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** by sending [ ] the original or [✓] a true copy thereof to the interested parties as follows or as stated on the attached service list:

### SEE ATTACHED SERVICE LIST

[ ]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]   **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[ ]   **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[✓]   **BY PERSONAL SERVICE:** I had DDS Legal deliver the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[ ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **January 23, 2013**, at Los Angeles, California.

Navid Zivari
Type or Print Name

Signature

**PROOF OF SERVICE**

1

## SERVICE LIST

2

3  Catherine A. Conway
   Katherine V.A. Smith
4  Michael R. Menssen
   GIBSON, DUNN & CRUTCHER LLP
5  333 South Grand Avenue
   Los Angeles, CA 90071
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

# FREDMAN | LIEBERMAN LLP

### ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP
INCLUDING A PROFESSIONAL CORPORATION

1875 CENTURY PARK EAST, SUITE 2200
LOS ANGELES, CALIFORNIA 90067-2523

Alan W. Forsley, Esq.
awf@fl-lawyers.net

Telephone:    310.284.7350
Facsimile:    310.432.5999

October 23, 2013

**VIA FEDERAL EXPRESS 7969 8048 7217**
BMC Group, Inc.
Attn: OSH Claims Processing
18675 Lake Drive East
Chanhassen, MN 55317

Re:    In re Orchard Supply Hardware Stores Corporation
        USBC, District of Delaware, Case No. 13-11565 (CSS)

Dear Sir or Madam:

Enclosed is an original proof of claim of Alexzandrah Andrade and a copy together with
a self-addressed pre-paid Federal Express envelope.  Please send me a conformed copy at
your earliest convenience.

Very truly yours,

ALAN W. FORSLEY

Enclosures

From:  (310) 284-7350          Origin ID: CIBA
Addy Flores
Fredman Lieberman
1875 Century Park East, Suite 2200

Los Angeles, CA 90067



J13201306280326

Ship Date: 23OCT13
ActWgt: 1.0 LB
CAD: 101847178/INET3430

Delivery Address Bar Code

SHIP TO: (800) 655-1129          BILL SENDER
**Attn: OSH Claims Processing**
**BMC Group, Inc.**
**18675 Lake Drive East**

**CHANHASSEN, MN 55317**

Ref #          Capstone
Invoice #              RECEIVED
PO #
Dept #                OCT 2 4 2013

~~BMC GROUP~~

THU - 24 OCT AA
STANDARD OVERNIGHT

TRK#  **7969 8048 7217**
0201

# XH FBLA

55317
MN-US
**MSP**



51AG1/AB1B/1AGE

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.