**<u>EXHIBIT B</u>**

**Claim 1092**

# ORIGINAL

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

RECEIVED

JAN 3 0 2014

BMC GROUP

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Orchard Supply Hardware Stores | ) | |
| Corporation, et al.[1] | ) | Case No. 13-11565-CSS |
| Debtor. | ) | |
| | ) | |
| | ) | |

## ADMINSTRATIVE CLAIM OF CREDITOR ALEXZANDRAH ANDRADE, ET AL.

     Name of Holder of Administrative Claim:    Alexzandrah Andrade, individually and on behalf of members of the general public similarly situated and as aggrieved employees pursuant to the Private Attorneys General Act.

    Amount of the Administrative Claim:    $524,979.00

    Basis for Administrative Claim:    Unpaid minimum wages, unpaid meal period premiums, unpaid rest periods, failure to timely pay wages upon termination, and non compliant wage statements and unfair competition under CA Business and Professions Code § 17200.

    Supporting Documentation:    See attached **Exhibit "1"** for the supporting documentation.

Dated this 27th day of January, 2014

OSH

01092

ALAN W. FORSLEY
Attorneys for creditor Alexzandrah
Andrade, et al.
1875 Century Park East, Suite 2200
Los Angeles, CA 90067
Ph. 310.284.7350
Email awf@fl-lawyers.net

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Orchard Supply Hardware Stores Corporation (4109), Orchard Supply Hardware LLC (3395) and OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communication is 6450 Via Del Oro, San Jose, California 95119

Plaintiff Alexandrah Andrade ("**Plaintiff**") formerly worked as a non-exempt "cashier/nursery associate" at Debtor's store located in Visalia, California. Plaintiff brings her claims as a class action on behalf of all current and former employees employed by Debtor from November 19, 2008 to the present.

This Matter alleges five claims under California law: (1) unpaid minimum wages; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (3) failure to timely pay wages upon termination; (4) non-compliant wage statements; (5) unfair competition under California Business & Professions Code §17200 *et seq*. This matter also seeks penalties pursuant to the California Private Attorneys General Act of 2004.

Because the bankruptcy filing stayed the action against Debtor, Plaintiff has not been able to conduct sufficient class discovery to fully evaluate the claims. Accordingly, at this juncture Plaintiff estimates the administrative damages at under $524,979 thousand, but reserves the right to amend her administrative at a later time.

Plaintiff will file a motion for relief from stay to allow the attached California action to proceed so that Plaintiff can determine the amount of the (a) administrative claims, (b) priority claims, and (c) general unsecured claims.

# EXHIBIT 1

1  Melissa Grant (SBN 205633)
   Melissa.Grant@capstonelawyers.com
2  Arnab Banerjee (SBN 252618)
   Arnab.Banerjee@capstonelawyers.com
3  Suzy E. Lee (SBN 271120)
   Suzy.Lee@capstonelawyers.com
4  Capstone Law APC
   1840 Century Park East, Suite 450
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiff Alexzandrah Andrade

**ENDORSED**

7013 JAN 23 P 3: 35

*[stamp, partially illegible]*
Barajas

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     FOR THE COUNTY OF SANTA CLARA

11

12  ALEXZANDRAH ANDRADE,              Case No.: 112CV236352
    individually, and on behalf of other
13  members of the general public similarly   **FIRST AMENDED CLASS ACTION**
    situated, and as aggrieved employees      **COMPLAINT & ENFORCEMENT**
14  pursuant to the Private Attorneys General  **UNDER THE PRIVATE ATTORNEYS**
    Act ("PAGA"),                             **GENERAL ACT, CALIFORNIA LABOR**
15                                            **CODE §§ 2698 *ET SEQ.***
              Plaintiff,
16                                            (1)   Violation of California Labor Code
       vs.                                          §§ 1194, 1197, and 1197.1 (Unpaid
17                                                  Minimum Wages);
    ORCHARD SUPPLY HARDWARE           (2)   Violation of California Labor Code
18  STORES CORPORATION, a Delaware          §§ 226.7 & 512(a) (Unpaid Meal Period
    corporation; and DOES 1 through 10,      Premiums);
19  inclusive,                         (3)   Violation of California Labor Code
                                             § 226.7 (Unpaid Rest Period Premiums);
20            Defendants.              (4)   Violation of Labor Code §§ 201 and 202
                                             (Wages Not Timely Paid Upon
21                                           Termination);
                                      (5)   Violation of California Labor Code
22                                           §226(a) (Non-Compliant Wage
                                             Statements);
23                                    (6)   Violation of Labor Code §§ 2698, *et seq.*
                                             ("PAGA"); and
24                                    (7)   Violation of California Business &
                                             Professions Code §§ 17200, *et seq.*
25
                                      **Jury Trial Demanded**
26

27

28

---

FIRST AMENDED CLASS ACTION COMPLAINT

EXHIBIT    1

**BY FAX**
0003

1    Plaintiff, individually and on behalf of all other members of the public similarly

2  situated, alleges as follows:

3                        **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to California Code of Civil Procedure

5  section 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal

6  jurisdiction limits of the Superior Court and will be established according to proof at trial.

7    2.    This Court has jurisdiction over this action pursuant to the California

8  Constitution, Article VI, section 10.  The statutes under which this action is brought do not

9  specify any other basis for jurisdiction.

10    3.    This Court has jurisdiction over all Defendants because, upon information and

11  belief, Defendants are either citizens of California, have sufficient minimum contacts in

12  California, or otherwise intentionally avail themselves of the California market so as to render

13  the exercise of jurisdiction over them by the California courts consistent with traditional

14  notions of fair play and substantial justice.

15    4.    Venue is proper in this Court because, upon information and belief, Defendants

16  reside, transact business, or have offices in this county, and the acts and omissions alleged

17  herein took place in this county.  In addition, Defendants maintain their principal place of

18  business in San Jose, California, in the county of Santa Clara.

19    5.    California Labor Code sections 2699 *et seq.*, PAGA, authorizes aggrieved

20  employees to sue directly for various civil penalties under the California Labor Code.

21    6.    Plaintiff timely provided notice November 27, 2012 to the California Labor and

22  Workforce Development Agency ("LWDA") and to Defendants, pursuant to California Labor

23  Code section 2699.3.

24                        **THE PARTIES**

25    7.    Plaintiff ALEXZANDRAH ANDRADE is a resident of Los Angeles County,

26  California.

27    8.    Defendant ORCHARD SUPPLY HARDWARE STORES CORPORATION,

28  was and is, upon information and belief, a Delaware corporation that maintains its principal

FIRST AMENDED CLASS ACTION COMPLAINT

0004

1  place of business in California, does business in California, and at all times hereinafter

2  mentioned, is an employer whose employees are engaged throughout this county, the State of

3  California, or the various states of the United States of America.  Therefore, ORCHARD

4  SUPPLY HARDWARE STORES CORPORATION is a resident of both Delaware and

5  California for purposes of diversity and otherwise.

6         9.      Plaintiff is unaware of the true names or capacities of the Defendants sued

7  herein under the fictitious names DOES 1 through 10 but will seek leave of this Court to

8  amend the complaint and serve such fictitiously named Defendants once their names and

9  capacities become known.

10        10.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

11  are the partners, agents, owners, shareholders, managers or employees of ORCHARD

12  SUPPLY HARDWARE STORES CORPORATION, at all relevant times.

13        11.     Plaintiff is informed and believes, and thereon alleges, that each and all of the

14  acts and omissions alleged herein was performed by, or is attributable to, ORCHARD

15  SUPPLY HARDWARE STORES CORPORATION and/or DOES 1 through 10 (collectively

16  "Defendants"), each acting as the agent for the other, with legal authority to act on the others'

17  behalf.  The acts of any and all Defendants represent and were in accordance with Defendants'

18  official policy.

19        12.     At all relevant times, Defendants, and each of them, ratified each and every act

20  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

21  and abetted the acts and omissions of each and all the other Defendants in proximately causing

22  the damages herein alleged.

23        13.     Plaintiff is informed and believes, and thereon alleges, that each of said

24  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

25  omissions, occurrences, and transactions alleged herein.

26                        **CLASS ACTION ALLEGATIONS**

27        14.     Plaintiff brings this action on her own behalf, as well as on behalf of each and

28  all other persons similarly situated, and thus seeks class certification under California Code of

First Amended Class Action Complaint

0005

1   Civil Procedure section 382.

2   　　　　15.　　All claims alleged herein for which Plaintiff seeks relief authorized by

3   California law arise under California law.

4   　　　　16.　　Plaintiff's proposed class consists of and is defined as follows:

5   　　　　　　　All non-exempt or hourly paid associates and cashiers, or
　　　　　　　persons who worked in similar positions with similar duties, who
6   　　　　　　　worked at an Orchard Supply Hardware store location within
　　　　　　　four years prior to the filing of this complaint until the date of
7   　　　　　　　certification ("Class").

8   　　　　17.　　Plaintiff's first proposed subclass consists of and is defined as follows:

9   　　　　　　　All non-exempt or hourly paid associates and cashiers, or
　　　　　　　persons who worked in similar positions with similar duties, who
10  　　　　　　　worked at an Orchard Supply Hardware store location within one
　　　　　　　year prior to the filing of this complaint until the date of
11  　　　　　　　certification ("One Year Class").

12  　　　　18.　　Plaintiff's second proposed subclass consists of and is defined as follows:

13  　　　　　　　All non-exempt hourly employees who worked as cashiers at an
　　　　　　　Orchard Supply Hardware store in California within one year
14  　　　　　　　prior to the filing of this complaint until the date of certification
　　　　　　　("Cashier Subclass").
15

16  　　　　19.　　Plaintiff reserves the right to redefine the class and subclasses above and to

17  establish additional subclasses as appropriate based on discovery and specific theories of

18  liability.

19  　　　　20.　　Members of the Class, One Year Class, and Cashier Subclass will be referred to

20  hereinafter as "class members."

21  　　　　21.　　There are common questions of law and fact as to class members that

22  predominate over questions affecting only individual members, including, but not limited to:

23  　　　　　　　(a)　　Whether Defendants required Plaintiff and class members to work off-

24  　　　　　　　　　　the-clock without payment;

25  　　　　　　　(b)　　Whether Defendants failed to pay at least minimum wages for all hours

26  　　　　　　　　　　worked by Plaintiff and class members;

27  　　　　　　　(c)　　Whether Defendants deprived Plaintiff and class members of meal

28  　　　　　　　　　　periods or required Plaintiff and class members to work during meal

1    periods without compensation;

2    (d)    Whether Defendants deprived Plaintiff and class members of rest

3    periods or required Plaintiff and class members to work during rest

4    periods without compensation;

5    (e)    Whether Defendants complied with wage reporting as required by

6    California Labor Code section 226(a);

7    (f)    Whether Defendants failed to timely pay all earned wages to Plaintiff

8    and class members during their employment;

9    (g)    Whether Defendants failed and/or refused to permit Plaintiff and

10    Cashier Subclass members to sit when it would not have otherwise

11    interfered with their job duties as required by California Code of

12    Regulations, Title 8, section 11070, subsection 14;

13    (h)    Whether Defendants failed to timely pay minimum wages and meal and

14    rest period premiums due to Plaintiff and class members upon their

15    discharge;

16    (i)    Whether Defendants engaged in unfair business practices in violation of

17    California Business & Professions Code sections 17200, *et seq.*; and

18    (j)    The appropriate amount of damages, restitution, or monetary penalties

19    resulting from Defendants' violations of California law.

20    22.    There is a well-defined community of interest in the litigation, and the class

21    members are readily ascertainable:

22    (a)    Numerosity:  The class members are so numerous that joinder of all

23    members would be unfeasible and impractical.  The membership of the

24    entire class is unknown to Plaintiff at this time; however, the class is

25    estimated to be greater than one hundred (100) individuals and the

26    identity of such membership is readily ascertainable by inspection of

27    Defendants' employment records.

28    (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

FIRST AMENDED CLASS ACTION COMPLAINT

1                   protect the interests of each class member with whom she has a well-

2                   defined community of interest, and Plaintiff's claims (or defenses, if

3                   any) are typical of all class members' as demonstrated herein.

4       (c)     <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately

5                   protect the interests of each class member with whom she has a well-

6                   defined community of interest and typicality of claims, as demonstrated

7                   herein.  Plaintiff acknowledges that she has an obligation to make

8                   known to the Court any relationship, conflicts or differences with any

9                   class member.  Plaintiff's attorneys, the proposed class counsel, are

10                  versed in the rules governing class action discovery, certification, and

11                  settlement.  Plaintiff has incurred, and throughout the duration of this

12                  action will continue to incur, costs and attorneys' fees that have been,

13                  are and will be necessarily expended for the prosecution of this action

14                  for the substantial benefit of each class member.

15       (d)     <u>Superiority</u>:  The nature of this action makes the use of class action

16                  adjudication superior to other methods.   A class action will achieve

17                  economies of time, effort and expense as compared with separate

18                  lawsuits and will avoid inconsistent outcomes because the same issues

19                  can be adjudicated in the same manner and at the same time for the

20                  entire class.

21       (e)     <u>Public Policy Considerations</u>:  Employers in the State of California

22                  violate employment and labor laws every day.  Current employees are

23                  often afraid to assert their rights out of fear of direct or indirect

24                  retaliation.  Former employees are fearful of bringing actions because

25                  they believe their former employers might damage their future

26                  endeavors through negative references and/or other means.  Class

27                  actions provide the class members who are not named in the complaint

28                  with a type of anonymity that allows for the vindication of their rights

1      while simultaneously protecting their privacy.

2                          **GENERAL ALLEGATIONS**

3      23.    At all relevant times set forth herein, Defendants employed Plaintiff and other

4   persons as non-exempt or hourly paid associates and cashiers.

5      24.    Defendants have employed Plaintiff ALEXZANDRAH ANDRADE as a non-

6   exempt, hourly paid "Nursery Associate" and "Cashier" from July 2011 to December 2011 at

7   Defendants' Visalia, California, retail location.

8      25.    Defendants continue to employ non-exempt or hourly paid associates and

9   cashiers in various locations throughout California.

10     26.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

11  mentioned, Defendants were advised by skilled lawyers and other professionals, employees

12  and advisors knowledgeable about California labor and wage law, employment and personnel

13  practices, and about the requirements of California law.

14     27.    Plaintiff is informed and believes, and thereon alleges, that employees were not

15  paid for all hours worked, because all hours worked were not recorded.

16     28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17  should have known that Plaintiff and class members were entitled to receive at least minimum

18  wages for compensation and that, in violation of the California Labor Code, they were not

19  receiving at least minimum wages for work done off-the-clock.

20     29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21  should have known that Plaintiff and class members were entitled to receive all meal periods

22  or payment of one (1) additional hour of pay at Plaintiff and class members' regular rates of

23  pay when they did not receive a timely uninterrupted meal period, and that they did not

24  receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and class

25  members' regular rates of pay when they did not receive a timely uninterrupted meal period.

26     30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

27  should have known that Plaintiff and class members were entitled to receive all rest periods or

28  payment of one (1) additional hour of pay at Plaintiff and class members' regular rates of pay

FIRST AMENDED CLASS ACTION COMPLAINT

0009

1  when a rest period was missed, and that they did not receive all rest periods or payment of one

2  (1) additional hour of pay at Plaintiff and class members' regular rates of pay when a rest

3  period was missed.

4       31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5  should have known that Plaintiff and class members were entitled to receive complete and

6  accurate wage statements in accordance with California law.  In violation of the California

7  Labor Code, Plaintiff and class members were not provided complete and accurate wage

8  statements.

9       32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

10  should have known that Plaintiff and class members were entitled to timely payment of wages

11  during their employment.  In violation of the California Labor Code, Plaintiff and class

12  members did not receive payment of all wages, including, but not limited to, minimum wages

13  and meal and rest period premium wages, within permissible time periods.

14       33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15  should have known that Plaintiff and class members were entitled to timely payment of wages

16  upon termination.  In violation of the California Labor Code, Plaintiff and class members did

17  not receive payment of all wages, including, but not limited to, minimum wages and meal and

18  rest period premium wages, within permissible time periods.

19       34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

20  should have known that Plaintiff and Cashier Subclass members were entitled to sit when it

21  did not interfere with the performance of their duties.  However, in violation of the Labor

22  Code, Defendant refused to permit Plaintiff and Cashier Subclass members to sit on the job,

23  even though their primary job duty was to work at the cash register and sitting would not have

24  interfered with their job duties.

25       35.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

26  by Defendants.

27       36.    At all times herein set forth, PAGA provides that any provision of law under

28  the California Labor Code that provides for a civil penalty to be assessed and collected by the

FIRST AMENDED CLASS ACTION COMPLAINT

0010

1 | LWDA for violations of the California Labor Code may, as an alternative, be recovered

2 | through a civil action brought by an aggrieved employee on behalf of herself and other current

3 | or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

4 |     37.    Pursuant to PAGA, a civil action under PAGA may be brought by an

5 | "aggrieved employee," which is any person who was employed by the alleged violator and

6 | against whom one or more of the alleged violations was committed.

7 |     38.    Plaintiff was employed by Defendants and the alleged violations were

8 | committed against her during her time of employment, and she is, therefore, an aggrieved

9 | employee.  Plaintiff and other employees are "aggrieved employees" as defined by California

10 | Labor Code section 2699(c) in that they are all current or former employees of Defendants,

11 | and one or more of the alleged violations were committed against them.

12 |     39.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

13 | employee, including Plaintiff, may pursue a civil action arising under PAGA after the

14 | following requirements have been met:

15 |         (a)    The aggrieved employee shall give written notice by certified mail

16 |                (hereinafter "Employee's Notice") to the LWDA and the employer of

17 |                the specific provisions of the California Labor Code alleged to have

18 |                been violated, including the facts and theories to support the alleged

19 |                violations.

20 |         (b)    The LWDA shall provide notice (hereinafter "LWDA Notice") to the

21 |                employer and the aggrieved employee by certified mail that it does not

22 |                intend to investigate the alleged violation within thirty (30) calendar

23 |                days of the postmark date of the Employee's Notice.  Upon receipt of

24 |                the LWDA Notice, or if the LWDA Notice is not provided within thirty-

25 |                three (33) calendar days of the postmark date of the Employee's Notice,

26 |                the aggrieved employee may commence a civil action pursuant to

27 |                California Labor Code section 2699 to recover civil penalties in addition

28 |                to any other penalties to which the employee may be entitled.

FIRST AMENDED CLASS ACTION COMPLAINT

0011

40.     On November 27, 2012, Plaintiff provided written notice by certified mail to the LWDA and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.  Defendants have failed to cure any of the alleged violations.

41.     More than 33 days have passed since Plaintiff's November 27, 2012 written notice to the LWDA and the LWDA has not provided notice of its intent to investigate. Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) are satisfied, and Plaintiff is authorized to recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198.

### FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages

### (Against All Defendants)

42.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 41.

43.     At all relevant times herein set forth, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission ("IWC") is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.

44.     During the relevant time period, Defendants regularly failed to pay at least minimum wages to Plaintiff and class members for off-the-clock work as required, pursuant to California Labor Code sections 1194, 1197 and 1197.1.  More specifically, Plaintiff and class members regularly worked off-the-clock during meal breaks and after clocking out at the end of a closing shift.  To reduce the amount of labor hours, Defendants have a policy and practice of failing adequately to staff the store locations where Plaintiff and class members worked. As a result, there were often too few employees to relieve them of all work so that they could take breaks.  Plaintiff and class members were also called back to work while they were

FIRST AMENDED CLASS ACTION COMPLAINT

1    clocked out for their meal periods in order to provide customer service.  In addition,

2    Defendants have a policy and practice of requiring Plaintiff and class members to wait, after

3    having clocked out at the end of their closing shifts, until the closing manager has completed

4    his or her tasks and set the store alarm.  Because Defendants required all employees working

5.   the closing shift to wait until the alarm was set and then leave together, Plaintiff and class

6    members had to wait off-the-clock until the alarm was set and everyone could leave.

7    Defendants did not pay them for the time they worked off-the-clock during their meal breaks

8    and after their closing shifts.

9         45.    Defendants' failing to pay Plaintiff and class members the minimum wage as

10   required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those

11   sections, Plaintiff and class members are entitled to recover the unpaid balance of their

12   minimum wage compensation, as well as interest, costs, and attorneys' fees.

13        46.    Pursuant to California Labor Code section 1194.2, Plaintiff and class members

14   are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

15   and interest thereon.

16   ## SECOND CAUSE OF ACTION

17   ### Violations of California Labor Code, §§ 226.7 and 512(a)

18   **(Against All Defendants)**

19        47.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein the

20   allegations contained in paragraphs 1 through 46.

21        48.    At all relevant times herein set forth, the applicable IWC Wage Order(s) and

22   California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff and the other

23   class members' employment by Defendants and each of them.

24        49.    At all relevant times herein set forth, California Labor Code section 226.7

25   provides that no employer shall require an employee to work during any meal period

26   mandated by an applicable IWC order.

27        50.    At all relevant times herein set forth, California Labor Code section 512(a)

28   provides that an employer may not require, cause, or permit an employee to work for a period

FIRST AMENDED CLASS ACTION COMPLAINT

0013

1  of more than five (5) hours per day without providing the employee with a meal period of not

2  less than thirty (30) minutes, except that if the total work period per day of the employee is

3  not more than six (6) hours, the meal period may be waived by mutual consent of both the

4  employer and the employee.

5         51.     During the relevant time period, Plaintiff and the other class members who

6  were scheduled to work for a period of time no longer than six (6) hours, and who did not

7  waive their legally mandated meal periods by mutual consent, were required to work for

8  periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

9  Plaintiff worked six (6) to seven (7) hour shifts without meal periods.

10         52.     During the relevant time period, Defendants willfully required Plaintiff and

11  other members of the class to work during meal periods and failed to compensate Plaintiff and

12  members of the class for work performed during meal periods.  For example, as stated above,

13  Defendants had a policy and/or practice of failing to staff the stores adequately so that

14  Plaintiff and class members could take breaks properly.  Plaintiff and class members would

15  work through meal periods, cut their breaks short, or take meal periods after extended periods

16  of time as a result of Defendants' insufficient staffing, which forced them to wait to take

17  breaks and/or return early from breaks to work.  Defendants then failed to pay Plaintiff and

18  other class members the full meal period premium due pursuant to California Labor Code

19  section 226.7.

20         53.     Defendants' conduct violates applicable IWC Wage Order(s), and California

21  Labor Code sections 226.7 and 512(a).

22         54.     Pursuant to the applicable IWC Wage Order(s) and California Labor Code

23  section 226.7(b), Plaintiff and other members of the class are entitled to recover from

24  Defendants one (1) additional hour of pay at the employee's regular hourly rate of

25  compensation for each work day that the meal period was not provided.

26  ///

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

0014

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code § 226.7**

**(Against All Defendants)**

55.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 54.

56.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff and class members' employment by Defendants.

57.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable IWC order.

58.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

59.    During the relevant time period, Defendants required Plaintiff and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  For example, as with meal breaks, Defendants' failing to staff the stores adequately and relieve Plaintiff and class members of all duties resulted in Plaintiff and class members missing their rest breaks or having their breaks interrupted by work.  Defendants then failed to pay Plaintiff and other aggrieved employees the full rest period premium due to them, pursuant to California Labor Code section 226.7.

60.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

FIRST AMENDED CLASS ACTION COMPLAINT

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

**Termination**

**(Against All Defendants)**

61.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 60.

62.     This cause of action is derivative of and wholly dependent upon the unpaid minimum wages and unpaid meal and rest period premiums that were left unpaid upon termination.

63.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

64.     During the relevant time period, Defendants willfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including, but not limited to, minimum wages and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

65.     Defendants' failing to pay Plaintiff and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

66.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date and at the same rate until paid or until an action

0016

1 is commenced, but the wages shall not continue for more than thirty (30) days.

2       67.    Plaintiff and class members are entitled to recover from Defendants the

3 statutory penalty wages for each day they were not paid, at their regular hourly rates of pay,

4 up to a thirty (30) day maximum pursuant to California Labor Code section 203.

5 **FIFTH CAUSE OF ACTION**

6 **Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

7 **(Against All Defendants)**

8       68.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

9 material allegations set out in paragraphs 1 through 67.

10       69.    At all material times set forth herein, California Labor Code section 226(a)

11 provides that every employer shall furnish each of his or her employees an accurate itemized

12 wage statement in writing, including the name and address of the legal entity that is the

13 employer, total hours worked and all applicable hourly rates, among other things.

14       70.    Defendants have intentionally and willfully failed to provide employees with

15 complete and accurate wage statements. The deficiencies include, without limitation, failing

16 to state all hours worked as a result of failing to record and state the hours Plaintiff and class

17 members worked off-the-clock.

18       71.    As a result of Defendants' violation of California Labor Code section 226(a),

19 Plaintiff and class members have suffered injury and damage to their statutorily protected

20 rights.

21       72.    Specifically, Plaintiff and class members have been injured by Defendants'

22 intentional violation of California Labor Code section 226(a), because they were denied both

23 their legal right to receive, and their protected interest in receiving, accurate, itemized wage

24 statements under California Labor Code section 226(a). In addition, because Defendants

25 failed to provide the accurate number of total hours worked on wage statements, Plaintiff has

26 been prevented by Defendants from determining if all hours worked were paid and the extent

27 of the underpayment. Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time

28 records, and perform computations in order to analyze whether in fact Plaintiff was paid

1    correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and

2    lost time.  Plaintiff would not have had to engage in these efforts and incur these costs had

3    Defendants provided the accurate number of total hours worked.  This has also delayed

4    Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

5         73.    Plaintiff and class members are entitled to recover from Defendants the greater

6    of their actual damages caused by Defendants' failing to comply with California Labor Code

7    section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

8    employee.

9                              **SIXTH CAUSE OF ACTION**

10                  **Violation of California Labor Code §§ 2698, *et seq.***

11                          **(Against All Defendants)**

12         74.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

13    material allegations set out in paragraphs 1 through 73.

14         75.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover

15    civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code

16    section 2699.5.

17         76.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

18    plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

19    under this part at any time within 60 days of the time periods specified in this part."

20         77.    Defendants' conduct, as alleged herein, violates numerous sections of the

21    California Labor Code, including, but not limited to, the following:

22              (a)    Violation of Labor Code sections 510 and 1198 for Defendants' failure

23                     to compensate other aggrieved employees with all required overtime

24                     pay as set forth more fully below;

25              (b)    Violation of Labor Code sections 1194, 1197, and 1197.1 for

26                     Defendants' failure to compensate Plaintiff and other aggrieved

27                     employees for all hours worked with at least minimum wages as herein

28                     alleged;

FIRST AMENDED CLASS ACTION COMPLAINT                    0018

1        (c)    Violation of Labor Code sections 226.7 and 512 for failure to provide

2               meal and rest periods to Plaintiff and other aggrieved employees and

3               failure to pay premium wages for missed meal and rest periods as herein

4               alleged;

5        (d)    Violation of Labor Code section 226(a) for failure to provide compliant

6               wage statements to Plaintiff and other aggrieved employees, as herein

7               alleged;

8        (e)    Violation of Labor Code sections 201, 202, and 203 for failure to timely

9               pay all earned wages to other aggrieved employees upon discharge as

10              set forth above;

11       (f)    Violation of Labor Code section 204 for failure to pay all earned wages

12              owed to Plaintiff and other aggrieved employees during employment as

13              set forth more fully below; and

14       (g)    Violation of Labor Code section 1198 for failure to permit Plaintiff and

15              Cashier Subclass members to sit when sitting would not otherwise have

16              interfered with the performance of their job duties.

17       78.    California Labor Code section 1198 makes it illegal to employ an employee

18   under conditions of labor that are prohibited by the applicable wage order.  California Labor

19   Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

20   shall be the . . . standard conditions of labor for employees.  The employment of any employee

21   . . . under conditions of labor prohibited by the order is unlawful."

22       79.    At all relevant times, California Code of Regulations, Title 8, section

23   11070(14)(A) provided that "[a]ll working employees shall be provided with suitable seats

24   when the nature of the work reasonably permits the use of seats."  California Code of

25   Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged

26   in the active duties of their employment and the nature of the work requires standing, an

27   adequate number of suitable seats shall be placed in reasonable proximity to the work area and

28   employees shall be permitted to use such seats when it does not interfere with the performance

FIRST AMENDED CLASS ACTION COMPLAINT

1  of their duties." Defendants violated California Labor Code section 1198 and the applicable

2  wage order, California Code of Regulations, Title 8, section 11070(14)(A), because

3  Defendants instructed Plaintiff and other cashiers that they were not allowed to sit while

4  working in the cash register area. Plaintiff and other Cashier Subclass members spent the vast

5  majority of their working time cashiering at Defendants' stores. The nature of cashiering is

6  such that it reasonably permits the use of seats, as it mainly involves being stationary for long

7  periods of time with limited movement. Also, Plaintiff and other aggrieved employees doing

8  primarily cashiers' work could have performed their job duties for Defendants while seated

9  without it interfering with their duties. Nevertheless, Plaintiff and other Cashier Subclass

10 members were instructed not to sit while working. Accordingly, Defendants have violated the

11 applicable wage order and Labor Code section 1198.

12        80.      California Labor Code section 1198 and the applicable IWC Wage Order

13 provide that it is unlawful to employ persons without compensating them at a rate of pay

14 either time-and-one-half (1 ½) or two (2) times that person's regular rate of pay, depending on

15 the number of hours worked by the person on a daily or weekly basis. Specifically, the

16 applicable IWC Wage Order provides that Defendants are and were required to pay aggrieved

17 employees employed by Defendants and working more than eight (8) hours in a day or more

18 than forty (40) hours in a workweek at the rate of time-and-one-half for all hours worked in

19 excess of eight (8) hours in a day or more than forty (40) hours in a workweek. California

20 Labor Code section 510 codifies the right to overtime compensation at one-and-one-half (1 ½)

21 times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty

22 (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to

23 overtime compensation at twice the regular hourly rate for hours worked in excess of twelve

24 (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work. During

25 the relevant time period, aggrieved employees worked in excess of eight (8) hours in a day, in

26 excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week. During

27 the relevant time period, aggrieved employees were not paid overtime premium for all the

28 hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a

1   day, and/or in excess of forty (40) hours in a week.  Aggrieved employees worked off-the-

2   clock during breaks, because Defendants had a policy and/or practice of understaffing their

3   retail stores in an effort to reduce labor costs.  As a result of Defendants' policy and/or

4   practice, aggrieved employees were not relieved of all duties to take breaks.  For example,

5   aggrieved employees regularly worked off-the-clock during meal breaks and after clocking

6   out at the end of a closing shift.  To reduce the amount of labor hours, Defendants had and

7   continue to have a policy and practice of failing adequately to staff their store locations where

8   aggrieved employees worked.  As a result, there were often too few employees to relieve them

9   of all work so that they could take breaks.  Aggrieved employees were also called back to

10  work while they were clocked out for their meal periods in order to provide customer service.

11  In addition, Defendants have a policy and practice of requiring aggrieved employees to wait,

12  after having clocked out at the end of their closing shifts, until the closing manager completed

13  his or her tasks and set the store alarm.  Because Defendants required all employees working

14  the closing shift to wait until the alarm was set and then leave together,  aggrieved employees

15  had to wait off-the-clock until the alarm was set and everyone could leave.  Defendants did

16  not pay them for the time they worked off-the-clock during their meal breaks and after their

17  closing shifts.  Because aggrieved employees sometimes worked eight (8) hour shifts, some of

18  this off-the-clock time qualified for overtime premium payment.  Aggrieved employees were

19  not paid the overtime premium for overtime hours worked on-the-clock or for qualifying

20  hours worked off-the-clock.

21          81.      California Labor Code section 204 requires that all wages earned by any person

22  in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

23  than those wages due upon termination of an employee, are due and payable between the 16th

24  and the 26th day of the month during which the labor was performed, and that all wages

25  earned by any person in any employment between the 16th and the last day, inclusive, of any

26  calendar month, other than those wages due upon termination of an employee, are due and

27  payable between the 1st and the 10th day of the following month.  California Labor Code

28  section 204 also requires that all wages earned for labor in excess of the normal work period

FIRST AMENDED CLASS ACTION COMPLAINT

1    shall be paid no later than the payday for the next regular payroll period.  During the relevant

2    time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to

3    them, including, but not limited to, minimum wages and meal and rest period premium wages,

4    within any time period specified by California Labor Code section 204.

5          82.    Labor Code section 558 (a) provides "[a]ny employer or other person acting on

6    behalf of an employer who violates, or causes to be violated, a section of this chapter or any

7    provision regulating hours and days of work in any order of the Industrial Welfare

8    Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty

9    dollars ($50) for each underpaid employee for each pay period for which the employee was

10    underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each

11    subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay

12    period for which the employee was underpaid in addition to an amount sufficient to recover

13    underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected

14    employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this

15    section are in addition to any other civil or criminal penalty provided by law."

16          83.    Defendants, at all times relevant to this complaint, were employers or persons

17    acting on behalf of an employer(s) who violated Plaintiff and aggrieved employees' rights by

18    violating various sections of the California Labor Code as set forth above.

19          84.    As set forth above, Defendants have violated numerous provisions of both the

20    Labor Code sections regulating hours and days of work as well as the applicable IWC order

21    and are subject to civil penalties, in addition to those provided by Labor Code sections

22    2698(a) and (f), under section 558.  Accordingly, Plaintiff seeks the remedies set forth in

23    Labor Code section 558 for herself, the State of California, and all other aggrieved employees.

24          85.    Pursuant to PAGA, and in particular California Labor Code sections 2699(a),

25    2699.3, 2699.5, 210 and 558, Plaintiff, acting in the public interest as a private attorney

26    general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all

27    other aggrieved employees, and the State of California against Defendants, in addition to other

28    remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7,

FIRST AMENDED CLASS ACTION COMPLAINT

0022

510, 512(a), 1194, 1197, 1197.1, and 1198.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.*

### (Against All Defendants)

86.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 85.

87.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

88.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

89.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)    Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1194, 1197 and 1197.1 and the applicable IWC Order;

(b)    Failing to provide uninterrupted meal and rest periods or to pay premium wages for missed meal and rest periods to Plaintiff and class members in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Order;

(c)    Failing to provide Plaintiff and class members with accurate wage statements in violation of California Labor Code section 226(a) and the applicable IWC Order;

(d)    Failing to timely pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204 and the applicable IWC

FIRST AMENDED CLASS ACTION COMPLAINT

0023

1    Order; and

2        (e)    Failing to provide seating and permit Plaintiff and Cashier Subclass

3    members to sit when sitting would not otherwise have interfered with

4    their job duties.

5        90.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

6    Plaintiff and class members are entitled to restitution of the wages withheld and retained by

7    Defendants during a period that commences four (4) years prior to the filing of this complaint;

8    a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

9    class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

10    section 1021.5 and other applicable laws; and an award of costs.

11    **REQUEST FOR JURY TRIAL**

12    Plaintiff requests a trial by jury.

13    **PRAYER FOR RELIEF**

14    Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

15    against Defendants, jointly and severally, as follows:

16        1.    For damages, restitution penalties, injunctive relief, and attorneys' fees in

17    excess of twenty-five thousand dollars ($25,000).

18    **Class Certification**

19        2.    That this case be certified as a class action;

20        3.    That Plaintiff be appointed as the representative of the Class, One Year

21    Subclass and Cashier Subclass;

22        4.    That counsel for Plaintiff be appointed as class counsel.

23    **As to the First Cause of Action**

24        5.    That the Court declare, adjudge and decree that Defendants violated California

25    Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

26    Plaintiff and class members;

27        6.    For general unpaid wages and such general and special damages as may be

28    appropriate;

FIRST AMENDED CLASS ACTION COMPLAINT

0024

1    7.    For pre-judgment interest on any unpaid compensation from the date such

2    amounts were due;

3    8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

4    California Labor Code section 1194(a);

5    9.    For liquidated damages pursuant to California Labor Code section 1194.2; and

6    10.    For such other and further relief as the Court may deem equitable and

7    appropriate.

8    **As to the Second Cause of Action**

9    11.    That the Court declare, adjudge, and decree that Defendants violated California

10   Labor Code sections 226.7 and 512(a) and applicable IWC Wage Order(s) by willfully failing

11   to provide all meal periods to Plaintiff and class members;

12   12.    That the Court make an award to the Plaintiff and class members of one (1)

13   hour of pay at each employee's regular rate of compensation for each workday that a meal

14   period was not provided;

15   13.    For all actual, consequential, and incidental losses and damages, according to

16   proof;

17   14.    For premiums pursuant to California Labor Code section 226.7(b);

18   15.    For pre-judgment interest on any unpaid meal period premiums from the date

19   such amounts were due; and

20   16.    For such other and further relief as the Court may deem equitable and

21   appropriate.

22   **As to the Third Cause of Action**

23   17.    That the Court declare, adjudge and decree that Defendants violated California

24   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

25   rest periods to Plaintiff and class members;

26   18.    That the Court make an award to the Plaintiff and class members of one (l) hour

27   of pay at each employee's regular rate of compensation for each workday that a rest period

28   was not provided;

FIRST AMENDED CLASS ACTION COMPLAINT

0025

1      19.    For all actual, consequential, and incidental losses and damages, according to

2  proof;

3      20.    For premiums pursuant to California Labor Code section 226.7(b);

4      21.    For pre-judgment interest on any unpaid rest period premiums from the date

5  such amounts were due; and

6      22.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8                **As to the Fourth Cause of Action**

9      23.    That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code sections 201, 202 and 203 by willfully failing to pay minimum wages and meal

11  and rest period premiums owed at the time of termination of the employment of Plaintiff and

12  other terminated class members;

13      24.    For all actual, consequential and incidental losses and damages, according to

14  proof;

15      25.    For waiting time penalties according to proof pursuant to California Labor

16  Code section 203 for all employees who have left Defendants' employ;

17      26.    For pre-judgment interest on any unpaid wages from the date such amounts

18  were due; and

19      27.    For such other and further relief as the Court may deem equitable and

20  appropriate.

21                **As to the Fifth Cause of Action**

22      28.    That the Court declare, adjudge and decree that Defendants violated the

23  recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

24  Orders as to Plaintiff and class members and willfully failed to provide accurate itemized

25  wage statements thereto;

26      29.    For all actual, consequential and incidental losses and damages, according to

27  proof;

28      30.    For injunctive relief pursuant to California Labor Code section 226(h);

FIRST AMENDED CLASS ACTION COMPLAINT

1    31.    For statutory penalties pursuant to California Labor Code section 226(e); and

2    32.    For such other and further relief as the Court may deem equitable and

3    appropriate.

4    **As to the Sixth Cause of Action**

5    33.    That the Court declare, adjudge and decree that Defendants violated the

6    following California Labor Code sections as to Plaintiff and the One Year Subclass: 1194,

7    1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked); 226(a) (by

8    failing to provide accurate wage statements); 201, 202, 203, and 204 (by failing to timely pay

9    all earned wages during employment and upon termination); 226.7 and 512 (by failing to

10   provide all meal and rest periods and failing to pay meal and rest period premium wages); and

11   1198 (by failing to provide seating and failing to permit Plaintiff and Cashier Subclass

12   members to sit);

13   34.    For civil penalties and unpaid wages pursuant to California Labor Code

14   sections 2699(a) and/or 2699(f) and (g), 210, and 558, plus costs and attorneys' fees, for

15   violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a),

16   1194, 1197, 1197.1, and 1198; and

17   35.    For such other and further relief as the Court may deem equitable and

18   appropriate.

19   **As to the Seventh Cause of Action**

20   36.    That the Court declare, adjudge and decree that Defendants violated California

21   Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and class

22   members all minimum wages due to them, failing to provide accurate wage statements, failing

23   to timely pay all earned wages during employment, failing to provide seating and permit

24   Plaintiff and Cashier Subclass members to sit, failing to provide all meal and rest periods, and

25   failing to pay for all missed meal and rest periods;

26   37.    For restitution of unpaid wages to Plaintiff and all class members and

27   prejudgment interest from the day such amounts were due and payable;

28   38.    For the appointment of a receiver to receive, manage and distribute any and all

Page 24

0027

1  funds disgorged from Defendants and determined to have been wrongfully acquired by

2  Defendants as a result of violations of California Business & Professions Code sections 17200

3  *et seq.*;

4        39.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

5  California Code of Civil Procedure section 1021.5; and

6        40.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8

9  Dated:  January 23, 2013                    Respectfully submitted,

10                                             Capstone Law APC

11

12                                   By: _____

13                                        Melissa Grant
                                          Arnab Banerjee
14                                        Suzy E. Lee

15                                        Attorneys for Plaintiff Alexzandrah Andrade

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

    I am employed in the State of California, County of Los Angeles.  I am over the age of
18 and not a party to the within suit; my business address is 1840 Century Park East, Suite 450,

4
Los Angeles, California 90067.

5
On **January 23, 2013,** I served the document(s) described as: **FIRST AMENDED CLASS
ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS**

6
**GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** by sending [  ] the
original or [✓] a true copy thereof to the interested parties as follows or as stated on the

7
attached service list:

8
        **SEE ATTACHED SERVICE LIST**

9
    [  ]    **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s)
            for mailing in the ordinary course of business at Los Angeles, California.  I am "readily

10
            familiar" with this firm's practice of collection and processing correspondence for
            mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal

11
            Service that same day in the ordinary course of business with postage thereon fully
            prepaid at Los Angeles, California.

12
    [  ]    **BY E-MAIL:** I hereby certify that this document was served from Los Angeles,
            California, by e-mail delivery on the parties listed herein at their most recent known e-

13
            mail address or e-mail of record in this action.

14
    [  ]    **BY FAX:** I hereby certify that this document was served from Los Angeles, California,
            by facsimile delivery on the parties listed herein at their most recent fax number of

15
            record in this action.

16
    [✓]    **BY PERSONAL SERVICE:** I had DDS Legal deliver the document, enclosed in a
            sealed envelope, by hand to the offices of the addressee(s) named herein.

17

18
    [  ]    **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of
            collection and processing correspondence for overnight delivery.  Under that practice,

19
            overnight packages are enclosed in a sealed envelope with a packing slip attached
            thereto fully prepaid.  The packages are picked up by the carrier at our offices or

20
            delivered by our office to a designated collection site.

21
    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

22
    Executed this **January 23, 2013,** at Los Angeles, California.

23

24
Navid Zivari                                                      Signature
Type or Print Name

25

26

27

28

Page 1

**PROOF OF SERVICE**

0029

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

Catherine A. Conway
Katherine V.A. Smith
Michael R. Menssen
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071

**PROOF OF SERVICE**

0030

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1875 Century Park East, Suite 2200, Los Angeles, California 90067.

    On January 28, 2014, I served the forgoing document described as: **ADMISTRATIVE CLAIM OF CREDITOR ALEXZANDRAH ANDRADE, ET AL.** on interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

    SEE ATTACHED SERVICE LIST

  x  **By mail:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United Sates Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California

___ I caused such document to be sent via Federal Express to the persons listed in the attached service list at Los Angeles, California.

___ I caused such document to be sent via electronic mail to the persons listed in the attached service list at Los Angeles, California.

___ I caused such document to be sent via facsimile to the persons listed in the attached service list at Los Angeles, California.

___ I caused such envelope to be delivered via messenger (_____ Attorney Service) to the persons listed in the attached service list.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

    Executed on January 28, 2014 at Los Angeles, California.

_____
ADELAIDA FLORES

0031

Service List
In re Orchard Supply Hardware Stores Corporation, et al.
Case No. 13-11565-CSS

Debtors
OSH 1 Liquidating Corporation
c/o FTI Consulting, Inc.
One Front Street, Suite 1600
San Francisco, CA 94111
Attn: Andrew Hinkelman

DLA Piper, LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
Attn: Richard A. Chesley
Chun I. Jang
Daniel M. Simon

DLA Piper, LLP
919 North Market Street, Suite 1500
Wilmington, DE 19801
Attn: Stuart M. Brown

Responsible Person
Bradley Dietz
136 East 64th Street
Apartment 8C
New York, NY 10065

Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Attn: Michael J. Sage

Creditors Committee
James E. O'Neill
Pachulski Stang Ziehl & Jones, LLP
919 North Market Street
17th Floor
Wilmington, DE 19801
Attn:   Bradford J. Sandler and
        Shirley S. Cho

Senior Secured Term Loan Agent
Cortland Products Corp.
Registered Agent
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Cortland Products Corp.
1350 Avenue of the Americas, Third Floor
New York, NY 10019

# FREDMAN | LIEBERMAN LLP

### ATTORNEYS AT LAW
#### A LIMITED LIABILITY PARTNERSHIP
#### INCLUDING A PROFESSIONAL CORPORATION

1875 CENTURY PARK EAST, SUITE 2200
LOS ANGELES, CALIFORNIA 90067-2523

Alan W. Forsley, Esq.
awf@fl-lawyers.net

Telephone: 310.284.7350
Facsimile:   310.432.5999

January 28, 2014

VIA FEDERAL EXPRESS
United States Bankruptcy Court
Intake Clerk
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

Re:    **In re Orchard Supply Hardware Stores Corporation, et al.**
         USBC Case No. 13-11565-CSS

Dear Clerk:

Enclosed for filing in the above-referenced matter please find the following document:

Administrative Claim of Creditor Alexzandrah Andrade, et al.

Please file and return conformed copy to our office in the enclosed self-address prepaid
Federal Express envelope.

Should you have any questions please do not hesitate to contact us.  Thank you in
advance for your help with this matter.

Very truly yours,

ADELAIDA FLORES, Assistant to
Alan W. Forsley
Enclosures

no
sase
included -
1-30-14



SVC: STANDARD OVERN.

TRK# 4783 1439 9897

ORIGIN ID: LGBA (302) 252-3673
LISA M. CICONTE
USBC DISTRICT OF DELAWARE
824 NORTH MARKET STREET 3RD FLOOR
WILMINGTON, DE 19801
UNITED STATES US

SHIP DATE: 10JAN13
ACTWGT: 1.0 LB MAN
CAD: 807436/CAFE2606

BILL SENDER

TO **GAME TECH INTERNATIONAL**
**BMC GROUP**
**18675 LAKE DRIVE EAST**

**CHANHASSEN MN 55317**
(310) 321-6666
**REF: GAME TECH CLAIMS**

RECEIVED
JAN 3 0 2014
BMC GROUP

**FedEx**
Express

**E**

RETURNS MON–FRI
STANDARD OVERNIGHT



TRK# 4783 1439 9897
[0221]

**FedEx.**
TRK# 4783 1439 9897
[0221]

THU – 30 JAN AA
**STANDARD OVERNIGHT**

**XH FBLA**

**55317**
MN-US
**MSP**

FID 281699 29JAN14 ILGA  51AC1/D6EC/65DD

rld

Small Pak