**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OSH 1 LIQUIDATING CORPORATION (F/K/A IN RE: ORCHARD SUPPLY HARDWARE STORES CORPORATION), et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-11565 (CSS)<br><br>Jointly Administered<br><br>**Objection Deadline: June 5, 2014 at 4:00 p.m. (ET)**<br>**Hearing Date: June 23, 2014 at 11:00 a.m. (ET)** |

**LIQUIDATION TRUSTEE'S FOURTH OMNIBUS (NON-SUBSTANTIVE)**
**OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE**
**BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

**PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE**
**THEIR NAMES AND THEIR DISPUTED CLAIMS IDENTIFIED**
**ON EXHIBITS A, B, C, AND D TO THE PROPOSED ORDER**

Bradley I. Dietz, as the Liquidation Trustee under the Plan (as defined below), hereby files this objection (this "Objection"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims")[2] filed against the above-captioned debtors (collectively, the "Debtors") and their estates that are listed on Exhibits A, B, C and D to the proposed form of order (the "Proposed Order") attached hereto as Exhibit 2, and requests the entry of the Proposed Order disallowing and expunging, in full,

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): OSH 1 Liquidating Corporation, f/k/a Orchard Supply Hardware Stores Corporation (4109); OSH 2 Liquidating LLC, f/k/a Orchard Supply Hardware LLC (3395); and OSH 3 Liquidating LLC, f/k/a OSH Properties LLC (3391). The mailing address for the Liquidation Trustee, solely for purposes of notices and communications, is 136 East 64th Street, #8C, New York, NY 10065 (Attn: Bradley I. Dietz).

[2] The Liquidation Trustee does not object to any claims listed on Exhibits A and B to the Proposed Order that are identified in the row titled "*Remaining Claim*" (collectively, the "Remaining Claims"), and the term "Disputed Claims" as used herein does not include any such Remaining Claims, *unless* a Remaining Claim has been objected to herein on other grounds.

01:15464460.1

each of the Disputed Claims, as indicated in further detail below and on <u>Exhibits A</u>, <u>B</u>, <u>C</u>, and <u>D</u> to the Proposed Order. In support of this Objection, the Liquidation Trustee relies on the Declaration of Bradley I. Dietz (the "<u>Dietz Declaration</u>"), a copy of which is attached hereto as <u>Exhibit 1</u>. In further support of this Objection, the Liquidation Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1.

## BACKGROUND

3. On June 17, 2013 (the "<u>Petition Date</u>"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Official Committee of Unsecured Creditors was formed on June 26, 2013.

4. Upon commencing these chapter 11 cases, the Debtors pursued a bankruptcy auction process to sell substantially all of their assets to Orchard Supply Company, LLC, a wholly-owned subsidiary of Lowe's Companies, Inc. (the "<u>Purchaser</u>"), which acted as their stalking horse purchaser. On August 20, 2013, the Court entered an order [Docket No. 489], authorizing, among other things, the sale of substantially all of the Debtors' assets to the Purchaser (the "<u>Sale</u>") for $205 million in purchase price proceeds. The Sale closed on August 30, 2013. As part of the Sale, the Purchaser assumed significant pre- and post-Petition Date obligations. Specifically, Schedule 1.3(f) of the final Asset Purchase Agreement by and between

01:15464460.1

the Debtors and the Purchaser listed approximately 1,200 vendors whose prepetition trade liabilities were being assumed by the Purchaser, totaling approximately $50 million.

5. On December 20, 2013, the Court entered an order [Docket No. 836] (the "Confirmation Order") confirming the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (as may be amended, modified, or supplemented from time to time and together with all exhibits and schedules thereto, including the Plan Supplement, the "Plan" ).[3] On February 24, 2014, the Effective Date of the Plan occurred [see Docket No. 918]. Under the Plan and the Confirmation Order, the Liquidation Trustee is to liquidate and distribute all of the Debtors' assets pursuant to and in accordance with the terms of the Plan and the Confirmation Order.

**PROOFS OF CLAIM AND BAR DATES**

6. On June 18, 2013, the Court entered an order [Docket No. 47] appointing BMC Group, Inc. ("BMC") as claims and noticing agent for the Debtors. BMC is authorized to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases and to maintain the official claims registers for each of the Debtors (collectively, the "Claims Register").

7. On September 5, 2013, the Court entered an order [Docket No. 540] (the "General Bar Date Order") establishing October 25, 2013 (the "General Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates arising prior to the Petition Date, and approving the form and manner of notice of the General Bar Date. Pursuant to the General Bar Date Order, holders of claims pursuant to section 503(b)(9) of the Bankruptcy Code were required to file a section 503(b)(9) claim request on or before the General Bar Date, and

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, a copy of which is attached as Exhibit A to the Confirmation Order.

01:15464460.1

governmental entities were required to file proofs of claim on or before December 16, 2013. Notice of the aforementioned bar dates was provided by mail and publication in accordance with the procedures outlined in the General Bar Date Order.

8.     Pursuant to Article VII.C of the Plan and Paragraph 28 of the Confirmation Order, any Claims created by the rejection of executory contracts pursuant to Article VII.A of the Plan were to be filed with the Court and served on the Debtors, the Liquidation Trustee and the GUC Trustee no later than March 26, 2014.  Pursuant to Article II.B of the Plan and Paragraph 30 of the Confirmation Order, requests for payment of Administrative Claims, together with accompanying documentation, were to be filed with the Court on or before 5:00 p.m. (ET) on March 26, 2014.

## RELIEF REQUESTED

9.     By this Objection, the Liquidation Trustee requests the Court to enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, disallowing and expunging, in full, each of the Disputed Claims, as indicated in further detail below and on Exhibits A, B, C and D to the Proposed Order.

10.    In accordance with Local Rule 3007-1(e)(i)(E), the Liquidation Trustee believes that this Objection complies in all material respects with Local Rule 3007-1.

## OBJECTION TO DISPUTED CLAIMS

**A.     Amended Claims**

11.    The Disputed Claims identified on Exhibit A to the Proposed Order in the row titled "*Claim To Be Disallowed*" (collectively, the "Amended Claims") are those Disputed Claims that have been amended and superseded by subsequently filed proofs of claim identified in the row titled "*Remaining Claim*" on Exhibit A to the Proposed Order.  The Amended Claims thus no longer represent valid claims against the Debtors' estates.  Failure to disallow and

01:15464460.1

4

expunge the Amended Claims will result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these chapter 11 cases. Therefore, the Liquidation Trustee objects to the allowance of each of the Amended Claims and requests that such Amended Claims be disallowed and expunged, in full. If this Objection is sustained with respect to the Amended Claims, the claims listed in the row titled "*Remaining Claim*" on Exhibit A to the Proposed Order will remain on the Claims Register, subject to the Liquidation Trustee's right to object thereto on any grounds that bankruptcy or nonbankruptcy law permits. Accordingly, any claimant holding an Amended Claim will suffer no prejudice by having such claim disallowed and expunged in its entirety.

**B.     Duplicate Claims**

12.     Each of the Disputed Claims listed on Exhibit B to the Proposed Order in the row titled "*Claim To Be Disallowed*" (collectively, the "Duplicate Claims") is an alleged claim that is identical to another proof of claim filed by the same claimant. None of the Duplicate Claims contain any information or documentation supporting why the same claim should be allowed in its entirety twice. The elimination of duplicative claims will allow the Claims Register to more accurately reflect the claims that have been asserted in these chapter 11 cases. Accordingly, the Liquidation Trustee objects to the allowance of each of the Duplicate Claims and requests that such claims be disallowed and expunged in their entirety. If this Objection is sustained with respect to the Duplicate Claims, the claims listed in the row titled "*Remaining Claim*" on Exhibit B to the Proposed Order will remain on the Claims Register, subject to the Liquidation Trustee's right to object thereto on any grounds that bankruptcy or nonbankruptcy law permits. Accordingly, any claimant holding a Duplicate Claim will suffer no prejudice by having such claim disallowed and expunged in its entirety.

**C.     Claims Based on Stock Ownership**

13.     The Disputed Claims identified on Exhibit C to the Proposed Order (collectively, the "Claims Based on Stock Ownership") are the Disputed Claims that the Liquidation Trustee has identified as solely representing proofs of interests and, therefore, the Liquidation Trustee seeks to have such Disputed Claims disallowed and expunged in their entirety. The ownership of common or preferred stock or another interest that could be exchanged for common stock constitutes an equity interest in the Debtors, but does not constitute a "claim" against the Debtors' estates as that term is defined in section 101(5) of the Bankruptcy Code. Furthermore, as set forth in the Bar Date Order, creditors and equity holders were not required to file proofs of claim based exclusively on ownership interests in the Debtors' stock. Therefore, the Liquidation Trustee objects to the allowance of the Claims Based on Stock Ownership and seeks to have such Disputed Claims disallowed and expunged, in full.

**D.     Claims Without Sufficient Supporting Documentation**

14.     The Disputed Claims identified on Exhibit D to the Proposed Order (collectively, the "Claims Without Sufficient Supporting Documentation") have no basis in the Debtors' books and records and do not have sufficient documentation attached to them to support their validity. Though the Liquidation Trustee has made reasonable efforts to reconcile each of these Disputed Claims against the Debtors' books and records, the Liquidation Trustee has not been able to find any basis to support their validity. Accordingly, the Liquidation Trustee objects to the allowance of the Claims Without Sufficient Supporting Documentation and seeks to have such Disputed Claims disallowed and expunged, in full.

**APPLICABLE AUTHORITY**

15.     Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

16. The Liquidation Trustee believes that the Disputed Claims are unenforceable against the Debtors and their estates for the reasons set forth above. Therefore, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, the Liquidation Trustee respectfully requests that the Court enter the Proposed Order, disallowing and expunging the Disputed Claims in their entirety.

## RESPONSES TO THIS OBJECTION

17. Any responses to this Objection must be filed **on or before 4:00 p.m. (ET) on June 5, 2014**, in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

18. The Liquidation Trustee reserves the right to adjourn the hearing on any Disputed Claim, and in the event that the Liquidation Trustee does so, the Liquidation Trustee will state the same in the agenda for the hearing on that Disputed Claim, which agenda will be served on the claimant.

19. The Liquidation Trustee reserves any and all rights to amend, supplement or otherwise modify this Objection, the Proposed Order, or Exhibits A, B, C, and D thereto and to file additional objections to any and all claims filed in these chapter 11 cases, including, without limitation, any and all of the Disputed Claims and the Remaining Claims. The Liquidation Trustee also reserves any and all rights, claims and defenses with respect to any and all of the Disputed Claims and the Remaining Claims, and nothing included in or omitted from this

01:15464460.1

Objection, the Proposed Order, or <u>Exhibits A</u>, <u>B</u>, <u>C</u>, and <u>D</u> thereto is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Liquidation Trustee with respect to the Disputed Claims and the Remaining Claims.

### **FURTHER INFORMATION**

20.     Questions concerning this Objection should be directed to the undersigned counsel for the Liquidation Trustee, to the attention of Robert F. Poppiti, Jr.  Claimants should not contact the Clerk of the Court to discuss the merits of their Disputed Claims or this Objection.

### **NOTICE**

21.     The Liquidation Trustee has provided notice of this Objection to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the GUC Trustee; (iii) all parties that, as of the filing of this Objection, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and (iv) claimants whose Disputed Claims are subject to this Objection.

*Remainder of page intentionally left blank*

01:15464460.1

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Liquidation Trustee respectfully requests that the Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and proper.

Dated: May 22, 2014                                 YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*
Robert S. Brady (No. 2847)
Robert F. Poppiti, Jr. (No. 5052)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Liquidation Trustee

01:15464460.1