## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OSH 1 LIQUIDATING CORPORATION (F/K/A IN RE: ORCHARD SUPPLY HARDWARE STORES CORPORATION), et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-11565 (CSS)<br><br>Jointly Administered<br><br>Ref. Docket Nos. 1076, 1082 and 1106 |

### ORDER SUSTAINING LIQUIDATION TRUSTEE'S FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1 AS TO PROOF OF CLAIM NUMBER 934 OF ALICE MONROE

Upon consideration of the Liquidation Trustee's Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 (the "Objection")[2] and the Dietz Declaration; and upon the response [Docket No. 1082] (the "Response") to the Objection filed by Alice Monroe ("Ms. Monroe"); and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these chapter 11 cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and a hearing having been held by this Court in connection with the Objection and the Response on June 23, 2014 (the "Hearing"); and this Court having determined that the relief requested in the

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): OSH 1 Liquidating Corporation, f/k/a Orchard Supply Hardware Stores Corporation (4109); OSH 2 Liquidating LLC, f/k/a Orchard Supply Hardware LLC (3395); and OSH 3 Liquidating LLC, f/k/a OSH Properties LLC (3391). The mailing address for the Liquidation Trustee, solely for purposes of notices and communications, is 136 East 64th Street, #8C, New York, NY 10065 (Attn: Bradley I. Dietz).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Objection is SUSTAINED, as set forth herein, for the reasons set forth at the Hearing.

2. Proof of Claim Number 934 of Ms. Monroe is hereby reclassified, in full, to a general unsecured, non-priority claim; provided, however, that this Order shall be without prejudice to the rights of Ms. Monroe to assert a priority claim for back pay against the Debtors' estates, pursuant to section 507(a)(4) of the Bankruptcy Code, in the event that Ms. Monroe obtains a final, non-appealable judgment for back pay in the litigation pending as of the date hereof in the United States District Court for the Northern District of California, styled as *Monroe v. Orchard Supply Hardware*, Case No. 12-03840 LB (the "Litigation"), and any and all rights, claims and defenses of the Liquidation Trustee with respect to any such priority claim shall be reserved, and nothing included in or omitted from the Objection or this Order is intended or shall be deemed to impair, prejudice, waive or otherwise affect any such rights, claims, or defenses of the Liquidation Trustee.

3. As set forth on the record at the Hearing, pursuant to Local Rule 9010-1(c), Ms. Monroe and her counsel of record in the Litigation and these chapter 11 cases shall not be required to obtain Delaware counsel in connection with Ms. Monroe's filing and prosecution in these chapter 11 cases of a motion for relief from stay with respect to the Litigation.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: June 24, 2014
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge

01:15605971.1