IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OSH 1 Liquidating Corporation (f/k/a In re: Orchard Supply Hardware Stores Corporation), *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 13-11565 (CSS)<br>(Jointly Administered)<br><br>Objection Deadline: Aug. 21, 2014 at 4:00 p.m. (ET)<br>Hearing Date: Sept. 25, 2014 at 2:00 p.m. (ET) |

**THE GUC TRUST'S SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) SEEKING TO DISALLOW DUPLICATE CLAIMS AS A RESULT OF SUBSTANTIVE CONSOLIDATION OF THE DEBTORS' JOINTLY ADMINISTERED CASES UNDER THE PLAN**

---

**CREDITORS RECEIVING THIS OMNIBUS OBJECTION TO DUPLICATE CLAIMS SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE EXHIBIT A ATTACHED TO THE PROPOSED ORDER.**

**YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

---

The GUC Trust, by and through SltnTrst LLC (dba Solution Trust) as Trustee of the GUC Trust (the "GUC Trustee"), hereby files this objection (the "Objection") to the allowance of the claims set forth on Exhibit A to the proposed order attached hereto (the "Duplicate Claims") as a result of the substantive consolidation of the Debtors' jointly administered cases under the *Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (the "Plan"). The facts and circumstances supporting the Objection are set forth below, in the Exhibit hereto, and in the *Declaration of Peter S. Kravitz in Support of the GUC Trust's Second Omnibus Objection (Non-Substantive) Seeking to Disallow*

---

[1] The Reorganized Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, follow in parentheses): OSH 1 Liquidating Corporation f/k/a Orchard Supply Hardware Stores Corporation (4109), OSH 2 Liquidating LLC f/k/a Orchard Supply Hardware LLC (3395) and OSH 3 Liquidating LLC f/k/a OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., One Front Street, Suite 1600, San Francisco, CA 94111 (Attn: Andrew J. Hinkelman).

DOCS_LA:278856.2 64885/002

*Duplicate Claims as a Result of the Substantive Consolidation of the Debtors' Jointly Administered Cases Under the Plan* (the "Kravitz Declaration"). In further support of the Objection, the GUC Trust states as follows:

### Jurisdiction

1. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The bases for the relief sought herein are sections 502(b), 1106(a) and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### Background

3. On June 17, 2013 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101, et seq. (the "Bankruptcy Code").

4. On September 5, 2013, the Court entered an order (the "General Bar Date Order") establishing October 25, 2013 at 5:00 p.m. (Eastern Daylight Time) as the final date and time for filing proofs of claim against the Debtors' estates arising prior to the Petition Date, and approving the form and manner of notice of the General Bar Date [Docket No. 540]. Pursuant to the General Bar Date Order, holders of claims pursuant to section 503(b)(9) of the Bankruptcy Code were required to file a section 503(b)(9) claim request on or before October 25, 2013, and governmental entities were required to file proofs of claim on or before December 16, 2013.

5.   Notice of the aforementioned bar dates was provided by mail and publication in accordance with the procedures outlined in the General Bar Date Order.

6.   On December 6, 2013, the Debtors filed the Plan [Docket No. 785]. The Plan provides for the establishment of the GUC Trust. On December 20, 2013 the Plan was confirmed by entry of that *Order Confirming the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code.* On February 24, 2014 the Plan became effective and the GUC Trust was established pursuant to the terms of the Plan.

7.   The Plan provides for substantive consolidation of the Debtors' cases. *See* Plan, Article III.A.1. and Article IV.T

8.   Pursuant to the Plan, the GUC Trust was provided with jurisdiction over the reconciliation of general unsecured claims, among other items. *See* Plan, Article IV.B.

**Relief Requested**

9.   The GUC Trustee has reviewed the Debtors' books and records and has determined that the Duplicate Claims listed on Exhibit A to the proposed order are identical in nature and amount to one or more claims filed against more than one Debtor. The Plan effected a substantive consolidation of the Debtors for claim distribution purposes. As such, all liabilities of the Debtors are deemed asserted against one Debtor only. Thus, the same claim filed against multiple Debtors, whether based on joint and several liability, guaranty, or any other similar legal theory, is deemed by law to be asserted only once against the Debtors. Accordingly, the GUC Trustee requests that the Duplicate Claims asserted on Exhibit A be disallowed and expunged in their entirety, while the surviving claims listed on Exhibit A shall remain and receive distributions as provided under the Plan, subject to any rights of the GUC Trust to object to the surviving claim on the merits.

**Basis for Relief**

10. Section 502 of the Bankruptcy Code, and other applicable non-bankruptcy law set forth below, provide the bases for the relief sought in this Objection. Section 502(b) states in relevant part that:

> [T]he court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured
> ...

11 U.S.C. § 502(b).

11. For the reasons set forth below, each of the Duplicate Claims is unenforceable against the Debtors under applicable law and should therefore be disallowed and expunged.

12. The GUC Trust objects to the Duplicate Claims set forth on <u>Exhibit A</u> to the proposed order upon the grounds that the Duplicate Claims are identical in nature and amount to one or more claims filed against more than one Debtor. The Plan effected a substantive consolidation of the Debtors for claim distribution purposes. As such, all liabilities of the Debtors are deemed asserted against one Debtor only. In order to prevent a double recovery by the claimants asserting Duplicate Claims, the GUC Trust requests that each of the Duplicate Claims set forth on <u>Exhibit A</u> (under the column entitled "Duplicate Claim to be Expunged") be disallowed and expunged. If the Court grants this relief, each of the holders of a Duplicate Claim will, as set forth on <u>Exhibit A</u> to the proposed order, retain their non-Duplicate Claim as the surviving claim (as provided in the column entitled "Surviving Claims").

**Responses to Objections**

13. <u>Filing and Service of Responses</u>. To contest this Objection, a claimant must file and serve a written response (a "Response") so that it is received no later than **4:00 p.m. (Eastern time) on August 21, 2014**. Claimants should carefully read the Objection, the attached proposed order, and the Exhibit A attached to the proposed order. A claimant who has timely filed a written Response and wishes to oppose the Objection must attend or make other arrangements to participate in the hearing on the Objection, which hearing is scheduled to be held on **September 25, 2014 at 2:00 p.m. (Eastern time)**, before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom No. 6, Wilmington, Delaware 19801 (the "Hearing").

14. Every Response must be filed and served upon the following entities at the following addresses:

   a. Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801; and

   b. Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: James E. O'Neill; and

   c. Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn: Andrew C. Caine; and

   d. Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: Tiiara N. A. Patton.

15. <u>Content of Responses</u>. Every Response to the Objection must contain at a minimum the following:

   a. a caption setting forth the name of the Court, the names of the Debtors, and the case number and the title of the objection to which the Response is directed;

    b.    the name of the claimant and description of the basis for the amount of the Duplicate Claim;

    c.    a concise statement setting forth the reasons why the Duplicate Claim should not be disallowed for reasons set forth in the Objection including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing the Objection;

    d.    all documentation or other evidence supporting the Duplicate Claim not included with the proof of claim previously filed with the Bankruptcy Court, upon which the claimant relies in opposing the Objection; and

    e.    the name, address, telephone number and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the GUC Trust should serve a reply to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the Duplicate Claim on behalf of the claimant.

16.    <u>Timely Response Required.</u>  If a claimant fails to file and serve a timely Response, then <u>without further notice to the claimant or a hearing</u>, the GUC Trust will present to the Court an order disallowing in its entirety the Duplicate Claim and authorizing and directing the Debtors to revise their books and records and the Claims Registry accordingly.

17.    <u>Service Address.</u>  If a Response contains an address for the claimant different from that stated on the Duplicate claim, the address in the Response shall constitute the service address for future service of papers upon the claimant with respect to the Objection unless or until counsel for the GUC Trust receives written notice from the claimant or the claimant's counsel of a changed service address.

### Adjournment of Hearing

18.    The GUC Trust reserves the right to adjourn the Hearing on any Response to the Objection. In the event that the GUC Trust so adjourns the Hearing, it will state that the Hearing on the Response has been adjourned on the agenda for the Hearing on the Objection, which agenda will be served on the person designated by the claimants in a Response, as set forth above.

### Further Information

19. Questions about or requests for additional information about the Objection should be directed to counsel to the GUC Trust in writing at Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn: Andrew C. Caine or by telephone at (310) 277-6910 or by email at acaine@pszjlaw.com. Claimants should not contact the Clerk of the Court to discuss the merits of their Proofs of Claim or this Objection.

### Separate Contested Matter

20. Each of the above objections to the Duplicate Claims constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. The GUC Trust requests that any order entered by this Court with respect to this Objection shall be deemed a separate order with respect to each Claim.

### Reservation of Rights

21. The GUC Trust hereby reserves the right to object in the future to any of the claims on any additional grounds, and to amend, modify and/or supplement the Objection as may be necessary. In addition, the filing of the Objection is not intended to limit the GUC Trust's ability to file future objections to any claims that have been or may subsequently be filed in these cases, or that may be listed on the Debtors' schedules, on the grounds set forth herein or any other appropriate grounds. Should the grounds of the Objection be overruled or withdrawn, wholly or in part, the GUC Trust reserves the right to object to any of the claims on any other grounds which the GUC Trust may discover or deem appropriate.

### Statement of Compliance with Local Rule 3007-1

22. Pursuant to Local Rule 3007-1, the GUC Trust and its undersigned counsel certify that this Objection substantially complies with Local Rule 3007-1. To the limited

extent that this Objection might not comply strictly with any requirement of Local Rule 3007-1 or of Bankruptcy Rule 3007, the GUC Trust and its counsel respectfully submit that any deviation is immaterial and, on that basis, request that the Court waive the applicable requirement.

## Request for Entry of Final Judgment

23. The GUC Trust requests that the Court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in a contested matter by Bankruptcy Rules 7054 and 9014, direct entry of a final judgment with respect to the Objection as to which relief is entered by any Order on the Objection.

## Notice

24. The GUC Trust has served the Objection on: (i) the Office of the United States Trustee; (ii) all parties that have requested notice pursuant to Bankruptcy Rule 2002; and (iii) the claimants set forth on Exhibit A to the proposed order, whose claims are the subject of the Objection. The GUC Trust submits that notice of the Objection is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further or other notice is necessary.

WHEREFORE, for the reasons set forth above, the GUC Trust requests the entry of an order, substantially in the form attached hereto, disallowing and expunging the claims set forth on Exhibit A to the proposed order, and granting such other relief as is just and proper.

Dated: August 7, 2014

PACHULSKI STANG ZIEHL & JONES LLP

_____
Bradford J. Sandler (DE Bar No. 4142)
John D. Fiero (CA Bar No. 136557)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: bsandler@pszjlaw.com
           jfiero@pszjlaw.com
           joneill@pszjlaw.com
           pkeane@pszjlaw.com

Counsel for the GUC Trust