**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OSH 1 LIQUIDATING CORPORATION (F/K/A IN RE: ORCHARD SUPPLY HARDWARE STORES CORPORATION), et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-11565 (CSS)<br><br>Jointly Administered<br><br>**Response Deadline: August 25, 2014 at 4:00 p.m. (ET)** |

**LIQUIDATION TRUSTEE'S FIFTH NOTICE OF SATISFACTION OF CLAIMS**

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR SATISFIED CLAIMS IDENTIFIED ON EXHIBIT A ATTACHED HERETO**

TO: (I) THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE; (II) COUNSEL TO THE GUC TRUSTEE; (III) ALL PARTIES THAT, AS OF THE FILING OF THIS NOTICE, HAVE REQUESTED NOTICE IN THESE CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 2002; AND (IV) CLAIMANTS WHOSE SATISFIED CLAIMS ARE SUBJECT TO THIS NOTICE

**PLEASE TAKE NOTICE** that Bradley I. Dietz, as the Liquidation Trustee under the Plan (as defined below), hereby files this notice (the "Notice") identifying certain claims filed against the above-captioned debtors (collectively, the "Debtors") and their estates that have been satisfied (each, a "Satisfied Claim," and collectively, the "Satisfied Claims") during these chapter 11 cases. A list of the Satisfied Claims is attached hereto as Exhibit A. Unless otherwise provided for on Exhibit A attached hereto under the column labeled "*Reason for Satisfaction*," each of the Satisfied Claims has been fully satisfied. In support of this Notice, the Liquidation Trustee respectfully represents as follows:

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): OSH 1 Liquidating Corporation, f/k/a Orchard Supply Hardware Stores Corporation (4109); OSH 2 Liquidating LLC, f/k/a Orchard Supply Hardware LLC (3395); and OSH 3 Liquidating LLC, f/k/a OSH Properties LLC (3391). The mailing address for the Liquidation Trustee, solely for purposes of notices and communications, is 136 East 64th Street, #8C, New York, NY 10065 (Attn: Bradley I. Dietz).

## BACKGROUND

1. On June 17, 2013 (the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Official Committee of Unsecured Creditors was formed on June 26, 2013.

2. Upon commencing these chapter 11 cases, the Debtors pursued a bankruptcy auction process to sell substantially all of their assets to Orchard Supply Company, LLC, a wholly-owned subsidiary of Lowe's Companies, Inc. (the "Purchaser"), which acted as their stalking horse purchaser. On August 20, 2013, the Court entered an order [Docket No. 489] (the "Sale Order"), authorizing, among other things, the sale of substantially all of the Debtors' assets to the Purchaser (the "Sale") for $205 million in purchase price proceeds. The Sale closed on August 30, 2013. As part of the Sale, the Purchaser assumed significant pre- and post-Petition Date obligations. Specifically, Schedule 1.3(f) of the final Asset Purchase Agreement by and between the Debtors and the Purchaser (the "APA") listed approximately 1,200 vendors whose prepetition trade liabilities were being assumed by the Purchaser, totaling approximately $50 million.

3. On December 20, 2013, the Court entered an order [Docket No. 836] (the "Confirmation Order") confirming the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (as may be amended, modified, or supplemented from time to time and together with all exhibits and schedules thereto, including the Plan Supplement, the "Plan" ).[2] On February 24, 2014, the Effective Date of the Plan occurred [see Docket No. 918]. Under the Plan and the Confirmation Order, the Liquidation Trustee is to liquidate and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, a copy of which is attached as Exhibit A to the Confirmation Order.

distribute all of the Debtors' assets pursuant to and in accordance with the terms of the Plan and the Confirmation Order.

**PROOFS OF CLAIM AND BAR DATES**

4. On June 18, 2013, the Court entered an order [Docket No. 47] appointing BMC Group, Inc. ("BMC") as claims and noticing agent for the Debtors. BMC is authorized to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases and to maintain the official claims registers for each of the Debtors (collectively, the "Claims Register").

5. On September 5, 2013, the Court entered an order [Docket No. 540] (the "General Bar Date Order") establishing October 25, 2013 (the "General Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates arising prior to the Petition Date, and approving the form and manner of notice of the General Bar Date. Pursuant to the General Bar Date Order, holders of claims pursuant to section 503(b)(9) of the Bankruptcy Code were required to file a section 503(b)(9) claim request on or before the General Bar Date, and governmental entities were required to file proofs of claim on or before December 16, 2013. Notice of the aforementioned bar dates was provided by mail and publication in accordance with the procedures outlined in the General Bar Date Order.

6. Pursuant to Article VII.C of the Plan and Paragraph 28 of the Confirmation Order, any Claims created by the rejection of executory contracts pursuant to Article VII.A of the Plan were to be filed with the Court and served on the Debtors, the Liquidation Trustee and the GUC Trustee no later than March 26, 2014. Pursuant to Article II.B of the Plan and Paragraph 30 of the Confirmation Order, requests for payment of Administrative Claims, together with

accompanying documentation, were to be filed with the Court on or before 5:00 p.m. (ET) on March 26, 2014.

## CLAIMS SATISFIED AFTER THE PETITION DATE

7. The Liquidation Trustee, in consultation with the Purchaser, has reviewed the Debtors' books and records and has determined that the Satisfied Claims have been satisfied by, among other things, payments made after the Petition Date and that no further distributions are required on account of such satisfied amounts. As previously noted herein, unless otherwise provided for on Exhibit A attached hereto under the column labeled "*Reason for Satisfaction*," each of the Satisfied Claims has been fully satisfied.

8. Accordingly, the Liquidation Trustee intends to have BMC designate on the Claims Register that the Satisfied Claims have been previously satisfied as provided for herein and on Exhibit A attached hereto. Out of an abundance of caution, however, the Liquidation Trustee is serving this Notice on all parties holding Satisfied Claims and providing such parties with an opportunity to object to the Liquidation Trustee's position that such claims have been satisfied.

9. **Any party disputing the Liquidation Trustee's position that a particular Satisfied Claim has been satisfied must file a written response with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such response on the undersigned counsel to the Liquidation Trustee, on or before August 25, 2014 at 4:00 p.m. (ET)**. The Liquidation Trustee will then make a reasonable effort to review the Satisfied Claim with the claimant to determine whether any asserted amounts were, in fact, not satisfied. In the event that the parties are unable to reach a resolution, the Liquidation Trustee anticipates that a hearing will be held on

the matter at a date and time to be determined by the Liquidation Trustee, in his discretion, subject to the Court's availability.

**RESERVATION OF RIGHTS**

10. The Liquidation Trustee reserves any and all rights to amend, supplement or otherwise modify this Notice and to file additional notices of this nature with respect to any and all (i) claims filed in these chapter 11 cases, including, without limitation, any and all of the Satisfied Claims, and (ii) amounts scheduled against the Debtors' estates in the Schedules. The Liquidation Trustee also reserves any and all rights, claims and defenses with respect to any and all of the Satisfied Claims, and nothing included in or omitted from this Notice shall impair, prejudice, waive or otherwise affect any such rights, claims and defenses.

Dated: August 11, 2014

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert F. Poppiti, Jr.*
Robert S. Brady (No. 2847)
Robert F. Poppiti, Jr. (No. 5052)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for the Liquidation Trustee

# EXHIBIT A

## Satisfied Claims

## SATISFIED CLAIMS

| | Claim # | Name of Claimant | Secured | Administrative | Priority | Unsecured | Total | Reason for Satisfaction |
|---|---|---|---|---|---|---|---|---|
| **Satisfied Claim** | 318 | ICU Eyewear<br>c/o Robert L. Eisenbach III<br>Cooley LLP<br>101 California St.<br>5th Floor<br>San Francisco, CA 94111-5800 | $0.00 | $104,787.90 | $0.00 | $83,382.95 | $188,170.85 | $40,920.94 of the administrative portion of this claim has been satisfied through prior payment |
| **Satisfied Claim** | 1089 | Sacramento County Sheriff's Department<br>Alarm Ordinance Bureau<br>PO Box 988<br>Sacramento, CA 95812-0988 | $0.00 | $0.00 | $625.00 | $0.00 | $625.00 | This claim has been satisfied in full through prior payment |
| **Satisfied Claim** | 317 | Sterilite Corporation<br>30 Scales Lane<br>Townsend, MA 01469-0524 | $0.00 | $0.00 | $40,070.53 | $0.00 | $40,070.53 | This claim has been satisfied in full through prior payment |