IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OSH 1 LIQUIDATING CORPORATION (F/K/A IN RE: ORCHARD SUPPLY HARDWARE STORES CORPORATION), et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-11565 (CSS)<br><br>Jointly Administered<br><br>**Ref. Docket No. 1151** |

**ORDER SUSTAINING LIQUIDATION TRUSTEE'S
SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS
PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1**

Upon consideration of the Liquidation Trustee's Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 (the "Objection")[2] and the Dietz Declaration; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of these chapter 11 cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Objection was good and sufficient upon the particular circumstances and that no

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): OSH 1 Liquidating Corporation, f/k/a Orchard Supply Hardware Stores Corporation (4109); OSH 2 Liquidating LLC, f/k/a Orchard Supply Hardware LLC (3395); and OSH 3 Liquidating LLC, f/k/a OSH Properties LLC (3391). The mailing address for the Liquidation Trustee, solely for purposes of notices and communications, is 136 East 64th Street, #8C, New York, NY 10065 (Attn: Bradley I. Dietz).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Objection is SUSTAINED, as set forth herein.

2. The administrative portion of Claim Number 318 of ICU Eyewear is hereby disallowed and expunged in its entirety.

3. Claim Number 469 of OfficeMax North America is hereby disallowed and expunged in its entirety.

4. The Liquidation Trustee's objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5. Any and all rights of the Liquidation Trustee to amend, supplement or otherwise modify the Objection and to file additional objections to any and all claims filed in these chapter 11 cases, including, without limitation, any and all of the Disputed Claims, shall be reserved. Any and all rights, claims and defenses of the Liquidation Trustee with respect to any and all of the Disputed Claims shall be reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Liquidation Trustee with respect to the Disputed Claims.

6. This Court shall retain jurisdiction over any and all affected parties with respect to any and all matters, claims or rights arising from or related to the implementation or interpretation of this Order.

Dated: September 17, 2014
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge