IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OSH 1 Liquidating Corporation (f/k/a In re: Orchard Supply Hardware Stores Corporation), *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 13-11565 (CSS)<br>(Jointly Administered)<br><br>**Response Deadline: February 20, 2015 at 4:00 p.m. (EST)** |

## THIRD NOTICE OF SATISFACTION OF ASSUMED CLAIMS

The GUC Trust, by and through SltnTrst LLC (dba Solution Trust) as Trustee of the GUC Trust (the "GUC Trustee"), hereby files this notice (the "Third Notice") identifying filed proof of claims and/or scheduled claims as having been satisfied by the Purchaser in these cases (the "Satisfied Claims").[2] A list of the Satisfied Claims is attached hereto as **Exhibit A**. In support of this Notice, the GUC Trustee respectfully represents as follows:

## BACKGROUND

1.　　On June 17, 2013 (the "Petition Date"), each of the Debtors filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.　　Upon commencing these chapter 11 cases, the Debtors pursued a bankruptcy auction process to sell substantially all of their assets to Orchard Supply Company, LLC, a wholly-owned subsidiary of Lowe's Companies, Inc. (the "Purchaser"), which acted as their stalking horse purchaser. On August 20, 2013, the Court entered an order [Docket No. 489], authorizing, among other things, the sale of substantially all of the Debtors' assets to the

---

[1] The Debtors are the following three entities: OSH 1 Liquidating Corporation, OSH 2 Liquidating LLC, and OSH 3 Liquidating LLC f/k/a Orchard Supply Hardware Stores Corporation.

[2] The Satisfied Claims listed on Exhibit A represent only those claims that were assumed and paid by Orchard Supply Company, LLC, a wholly-owned subsidiary of Lowe's Companies, Inc.

Purchaser (the "Sale") for $205 million in purchase price proceeds. The Sale closed on August 30, 2013. As part of the Sale, the Purchaser assumed significant pre- and post-Petition Date obligations. Specifically, Schedule 1.3(f) of the final Asset Purchase Agreement by and between the Debtors and the Purchaser (the "APA") listed approximately 1,200 vendors whose prepetition trade liabilities were being assumed by the Purchaser, totaling approximately $50 million.

## PROOFS OF CLAIM AND BAR DATE

3. On September 5, 2013, the Court entered an order (the "General Bar Date Order") establishing October 25, 2013 (the "General Bar Date") as the final date and time for filing proofs of claim against the Debtors' estates arising prior to the Petition Date, and approving the form and manner of notice of the General Bar Date [Docket No. 540]. Pursuant to the General Bar Date Order, holders of claims pursuant to section 503(b)(9) of the Bankruptcy Code were required to file a section 503(b)(9) claim request on or before October 25, 2013, and governmental entities were required to file proofs of claim on or before December 16, 2013.

## PLAN AND GUC TRUST

4. On December 6, 2013, the Debtors filed the *Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 785]. On December 20, 2013 the Plan was confirmed by entry of that *Order Confirming the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code*.

5. The Plan provides for the establishment of the GUC Trust. On February 24, 2014 the Plan became effective and the GUC Trust was established pursuant to the terms of

the Plan. Pursuant to the Plan, the GUC Trust was provided with jurisdiction over the reconciliation of general unsecured claims, among other items. *See* Plan Article IV.B.

### CLAIMS SATISFIED AFTER THE PETITION DATE

6. The GUC Trustee has reviewed the Debtors' books and records and has determined that the Satisfied Claims listed on **Exhibit A** have been satisfied by payments made after the Petition Date by the Purchaser and that no further distributions are required on account of such Satisfied Claims. Accordingly, the GUC Trustee will designate on the Claims Register the Satisfied Claims listed on **Exhibit A** as previously satisfied on the GUC's books and records.

7. Out of an abundance of caution, the GUC Trustee is serving this Notice on all parties holding Satisfied Claims and providing these parties with an opportunity to object to the GUC Trustee's position that their claims have been satisfied in full.

8. Any party disputing the GUC Trustee's position with respect to the Satisfied Claims must file a written response with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 and serve the response on the undersigned counsel to the GUC Trustee on or before **February 20, 2015 at 4:00 p.m. (ET)**. The GUC Trustee will then make every effort to review the Satisfied Claim with the claimant to determine whether any obligation remains outstanding and owing to such claimant. In the event that the parties are unable to reach a resolution, the GUC Trustee will request that the Court schedule a hearing on the matter.

### RESERVATION OF RIGHTS

9. The GUC Trustee expressly reserves the right to amend, modify or supplement this Notice, and reserves its rights to file additional objections to any claims in these

chapter 11 cases, including, without limitation, objections as to the amounts asserted in each of the Satisfied Claims, or any other claims (filed or unfiled) against the Debtors' estates.

Dated: February 6, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
John D. Fiero (CA Bar No. 136557)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
       jfiero@pszjlaw.com
       joneill@pszjlaw.com
       pkeane@pszjlaw.com

Counsel for the GUC Trust