**Exhibit B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OSH 1 Liquidating Corporation (f/k/a In re: Orchard Supply Hardware Stores Corporation), *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 13-11565 (CSS)<br>(Jointly Administered)<br><br>Re: Docket No. ──── 1249 |

## ORDER SUSTAINING THE GUC TRUST'S SECOND OMNIBUS OBJECTION DISALLOWING CERTAIN DISPUTED CLAIMS

This matter came before the Court on the *GUC Trust's Second Omnibus Objection (Non-Substantive) Seeking to Disallow Certain Disputed Claims* (the "Objection"),[2] filed by the GUC Trust, by and through SltnTrst LLC (dba Solution Trust) as trustee of the GUC Trust (the "GUC Trustee"); the Court having reviewed the Objection; the Court finding that the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED.

---

[1] The Reorganized Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers, follow in parentheses): OSH 1 Liquidating Corporation f/k/a Orchard Supply Hardware Stores Corporation (4109), OSH 2 Liquidating LLC f/k/a Orchard Supply Hardware LLC (3395) and OSH 3 Liquidating LLC f/k/a OSH Properties LLC (3391). The mailing address of each of the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., One Front Street, Suite 1600, San Francisco, CA 94111 (Attn: Andrew J. Hinkelman).

[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Objection.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. The Duplicate Claims set forth on Exhibit A attached to this Order are disallowed in their entirety.

4. The Claims Without Sufficient Supporting Documentation set forth on Exhibit B attached to this Order are disallowed in their entirety.

5. The GUC Trust is authorized to reflect the treatment of the claims provided for by Exhibits A and B attached to this Order on the Debtors' books and records.

6. The GUC Trust's rights are reserved as set forth in the Objection, and nothing herein shall be construed as a waiver of any rights that the GUC Trust may have to (a) bring an avoidance action under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of claims subject to the Objection, (b) exercise the GUC Trust's rights to set-off against the holders of such claims relating to such avoidance actions; and (c) file counter claims against the holders of any such claims.

7. The GUC Trust reserves the right to object in the future to any of the claims listed in the Objection on any ground, including, without limitation, substantive grounds, and to amend, modify and/or supplement the Objection, including, without limitation, to object to amended claims and newly-filed claims.

8. Each of the Disputed Claims and the objections by the GUC Trust to such Disputed Claims, as addressed in the Objection and set forth on Exhibits A and B attached to this

Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Disputed Claims.

9.  The GUC Trust, the Debtors, the Claims Agent, and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: _____, 2015
Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# **EXHIBIT A**

DOCS_LA:283539.3 DOCS_LA:283539.4 64885/002

# EXHIBIT A

## Duplicate Claims to be Disallowed

| Name & Address of Claimant | Disputed Claim No. to be Disallowed | Surviving Claim No. | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| STAN BOYETT & SON, INC. DBA BOYETT PETROLEUM<br>PO BOX 3748<br>MODESTO, CA 95352-3748 | 940 | 941 | $28,362.37 plus unliquidated amounts | The Plan effected a substantive consolidation of the Debtors for claim distribution purposes. As such, all liabilities of the Debtors are deemed asserted against one Debtor only. Thus, the same claim filed against multiple Debtors, whether based on joint and several liability, guaranty, or any other similar legal theory, is deemed by law to be asserted only once against the Debtors |
| KELLOGG SUPPLY INC.<br>350 WEST SEPULVEDA<br>CARSON, CA 90745 | 581 | 560 | $176,990.31 | Duplicative of another claim filed by the same creditor |

# EXHIBIT B

# EXHIBIT B

## Claims Without Sufficient Supporting Documentation to Be Disallowed

| Name & Address of Claimant | Claim No. to be Disallowed | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| HEARST TELEVISION KCRA<br>ATTN D COOKE<br>HEARST SERVICES CENTER<br>214 NORTH TRYON STREET, 33RD FLOOR<br>CHARLOTTE, NC 28255 | 600 | $19,414.00 | Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records |
| HEARST TELEVISION KSBW ABC<br>ATTN D COOKE<br>HEARST SERVICES CENTER<br>214 NORTH TRYON STREET, 33RD FLOOR<br>CHARLOTTE, NC 28255 | 601 | $15,680.80 | Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records |
| HEARST TELEVISION KSBW<br>ATTN D COOKE<br>HEARST SERVICES CENTER<br>214 NORTH TRYON STREET, 33RD FLOOR<br>CHARLOTTE, NC 28255 | 599 | $1,728.90 | Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records |
| KELLEY, JUDITH A.<br>10114 BROMONT AVE.<br>SUN VALLEY, CA 91352-1110<br><br>SCOTT SOLIS, ESQ.<br>PO BOX 2008<br>GLENDALE, CA 91209 | 939 | UNLIQUIDATED | Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records |
| MOFFAT, RICK<br>SESSIONS & KIMBALL LLP<br>23456 MADERO, STE 170<br>MISSION VIEJO, CA 92691 | 220 | $400,000.00 | Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records |
| OLSEN, STEPHEN<br>9704 AVENEL FARM DRIVE<br>POTOMAC, MD 20854 | 149 | $131,538.46 | Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records |
| ~~SAN JOSE SHARKS LLC<br>C/O STEPHANIE REITZ<br>525 W SANTA CLARA ST<br>SAN JOSE, CA 95113~~ | ~~81~~ | ~~$77,630.00~~ | ~~Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records~~ |
| WARE, DENISE A.<br>PO BOX 2133 | 857 | UNLIQUIDATED | Insufficient documentation attached to the proof of claim to |

| Name & Address of Claimant | Claim No. to be Disallowed | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| LIVERMORE, CA 94551-2133<br><br>JONATHAN M. BRAND, ESQ.<br>1777 BOTELHO DRIVE SUITE 22<br>WALNUT CREEK, CA 94596 | | | establish its validity and no basis for the claim exists in the Debtors' books and records |
| WYRSCH, CHRISTIE<br>C/O ROGER HAHN, ESQ.<br>430 THIRD STREET<br>WOODLAND, CA 95695 | 864 | $275,000.00 | Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records |
| EVEREST NATIONAL INSURANCE COMPANY<br>C/O STEPHEN ROBERSON, ESQ.<br>ROBERSON, KIMBALL & JALTOROSSIAN<br>3251 OLD CONEJO ROAD<br>NEWBURY PARK, CA 91320 | 867 | $200,000 EST. | Insufficient documentation attached to the proof of claim to establish its validity and no basis for the claim exists in the Debtors' books and records |