# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OSH I LIQUIDATING CORPORATION F/L/A IN RE: ORCHARD SUPPLY HARDWARE STORES CORPORATION), et al.,[1] | Case No. 13-11565 (CSS) Jointly Administered |
| Debtors, | Ref. Docket No. 1397 |

## ORDER GRANTING BARBARA DANIELS
## LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the Certification of Counsel Regarding Proposed Order Granting Barbara Daniels Limited Relief From the Automatic Stay (the "Certification"), which Certification is related to the claim of Barbara Daniels (the "Claimant") related to a slip and fall accident, in which she claims she was allegedly injured on January 24, 2011 and sustained damages, and who is now pursuing a state court action against, inter alia, the above-captioned debtors (collectively, the "Debtors"), which action is pending in the Superior Court of the State of California, County of Contra Costa, Case No. C 13-00211 (the "State Court Action"); and it appearing that due and adequate notice of this Order and the relief provided for herein was provided under the circumstances; and after due

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): OSH 1 Liquidating Corporation, f/k/a Orchard Supply Hardware Stores Corporation (4109); OSH 2 Liquidating LLC, f/k/a Orchard Supply Hardware LLC (3395); and OSH 3 Liquidating LLC, f/k/a OSH Properties LLC (3391). The mailing address for the Liquidation Trustee, solely for purposes of notices and communications, is 136 East 64th Street, #8C, New York, NY 10065 (Attn: Bradley I. Dietz).

consideration; **IT IS HEREBY ORDERED THAT:**

1. To the extent applicable, the automatic stay of section 362(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), is hereby modified and lifted to permit the Claimant to pursue the State Court Action, said relief being limited to allowing the Claimant to liquidate and collect on her claim via a negotiated resolution or judgment in an amount not to exceed the Debtors' applicable insurance coverage.

2. The Claimant is hereby granted relief from the plan injunction under section 524 of the Bankruptcy Code and as set forth in paragraph Q.21 of the Order Confirming the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 836] and Article IX.F. of the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (the "Plan Injunction"). The relief granted by this paragraph is solely to permit the Claimant to pursue the State Court Action, said relief being limited to allowing the Claimant to liquidate and collect on her claim via a negotiated resolution or judgment in an amount not to exceed the Debtors' applicable insurance coverage.

3. Nothing herein (i) alters or amends the terms and conditions of (a) any insurance policies issued to the Debtor by ACE American Insurance Company or any of its affiliates (collectively, "ACE") or any related agreements or (b) that certain Order (I) Approving Settlement between the Liquidation Trustee and the ACE Companies Pursuant to Bankruptcy Rule 9019(a), and (II) Authorizing Pursuant to Section 363 of the

Bankruptcy Code Entry into a Certain Loss Portfolio Transfer Agreement and the Purchase of a Certain Contractual Liability Policy [Docket No. 1178] and any related agreements; (ii) creates or permits a direct right of action by the Claimant against ACE; or (iii) precludes or limits, in any way, the rights of ACE to contest and/or litigate the existence, primacy and/or scope of available coverage under any alleged applicable policy.

4. The Debtors and their estates, the Liquidation Trust, and the GUC Trust shall have no obligation to spend any money or incur any cost in defense of the State Court Action.

5. The provisions of section 362 of the Bankruptcy Code and the Plan Injunction prohibiting execution, enforcement, or collection of any judgment which may be obtained in the State Court Action against any and all assets or properties of the Debtors and their estates, the Liquidation Trust, and the GUC Trust shall remain in full force and effect, and neither the Claimant nor any of her agents, servants, attorneys, employees or other representatives shall ever attempt to cause any action whatsoever to be taken to collect any portion of any such judgment other than from the Debtors' applicable insurance coverage.

6. For the avoidance of doubt, the Claimant waives and relinquishes any right to any distribution from the Debtors and their estates, the Liquidation Trust, and the GUC Trust regardless of whether or not insurance proceeds are received.

7. The Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Dated: June 14, 2016

_____
CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE