# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OSH 1 LIQUIDATING CORPORATION (F/K/A IN RE: ORCHARD SUPPLY HARDWARE STORES CORPORATION), et al.,[1] | Case No. 13-11565 (CSS) |
| | Jointly Administered |
| Debtors. | Ref. Docket Nos. 1421 and 1425 |

**FINAL DECREE AND ORDER (I) CLOSING THE DEBTORS' REMAINING CHAPTER 11 CASE, (II) AUTHORIZING THE LIQUIDATION TRUSTEE TO ABANDON AND DESTROY ANY AND ALL OF THE DEBTORS' BOOKS AND RECORDS, AND (III) DISCHARGING AND RELEASING BMC GROUP, INC. FROM FURTHER DUTIES AS COURT-APPOINTED CLAIMS AND NOTICING AGENT**

Upon consideration of the *Liquidation Trustee's Motion for Entry of a Final Decree and Order (I) Closing the Debtors' Remaining Chapter 11 Case, (II) Authorizing the Liquidation Trustee to Abandon and Destroy Any and All of the Debtors' Books and Records, and (III) Discharging and Releasing BMC Group, Inc. from Further Duties as Court-Appointed Claims and Noticing Agent* [Docket No. 1421] (the "Motion");[2] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their

---

[1] The Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): OSH 1 Liquidating Corporation, f/k/a Orchard Supply Hardware Stores Corporation (4109); OSH 2 Liquidating LLC, f/k/a Orchard Supply Hardware LLC (3395); and OSH 3 Liquidating LLC, f/k/a OSH Properties LLC (3391). The mailing address for the Liquidation Trustee, solely for purposes of notices and communications, is 136 East 64th Street, #8C, New York, NY 10065 (Attn: Bradley I. Dietz).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:20011002.4

estates, their creditors and other parties in interest; and it appearing that notice of the Motion was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Remaining Case (i.e., Case No. 13-11565 (CSS)) is hereby closed effective immediately as of the date of this Order; *provided, however,* that the Court may retain jurisdiction pursuant to Article X of the Plan (Retention of Jurisdiction).

3. Entry of this final decree is without prejudice to the rights of the Liquidation Trust or any party in interest to seek to reopen the Remaining Case.

4. Within thirty (30) days of entry of this Order, the Liquidation Trust shall: (i) file with the Court and provide to the U.S. Trustee all outstanding post-confirmation reports; and (ii) pay all fees due and payable pursuant to 28 U.S.C. § 1930.

5. Notwithstanding anything to the contrary in the Plan, the Confirmation Order or the Liquidation Trust Agreement, pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Liquidation Trustee is authorized, but not directed, to abandon and destroy, or cause to be abandoned and destroyed, any and all of the Debtors' books and records (collectively, the "Records"). The Liquidation Trustee shall provide notice via electronic mail to ACE American Insurance Company (together with its affiliates, "ACE") to wmsimkulak@duanemorris.com and paul.bech@chubb.com of the intended abandonment or destruction of any Records and a general list or description of any Records to be abandoned or destroyed at least 21 days prior to the intended abandonment or destruction. ACE shall have 21 days from the date of a particular notice to respond to such notice. In the event that no response

01:20011002.4

2

to a particular notice is received by the Liquidation Trustee from ACE on or before the 21st day from the date of such notice, the Liquidation Trustee is authorized to abandon and destroy, or cause to be abandoned and destroyed, the Records as provided for herein. In lieu of the abandonment or destruction of any Records, the Liquidation Trustee is authorized to transfer such Records to ACE or any designee of ACE upon such terms and conditions as the Liquidation Trustee may determine in the Liquidation Trustee's sole discretion. In the event that there is any dispute between the Liquidation Trustee and ACE regarding the Records, all rights of the parties with respect to such dispute shall be reserved.

6. Subject to the performance of any obligations of BMC pursuant to this Order, BMC's services as claims and noticing agent for the Debtors' chapter 11 cases are hereby terminated, and BMC shall be deemed formally discharged as noticing and claims agent for the Debtors' chapter 11 cases without further order of this Court.

7. Pursuant to Local Rule 2002-1(f)(ix), within fourteen (14) days of the date of this Order, BMC shall: (i) forward to the Clerk of the Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final claims register containing the claims filed in the Debtors' chapter 11 cases. BMC shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

8. The Liquidation Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. Without the need for further action on the part of this Court and without the need for further corporate action or action of the boards of directors or stockholders of the Debtors,

01:20011002.4

Case 13-11565-CSS    Doc 1427    Filed 12/13/16    Page 4 of 4

the Debtors shall be dissolved pursuant to applicable state law, and the Debtors, the Liquidation Trust and the Liquidation Trustee shall not be required to pay any taxes or fees in order to cause such dissolution. The Liquidation Trust and the Liquidation Trustee and each of the Debtors is authorized to execute and file on the Debtors' behalf all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with the laws of the states in which they are formed.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: December 13, 2016
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge

01:20011002.4